# EXHIBIT C

**Declaration of Donald S. MacKenzie**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>**CLARK-CUTLER-MCDERMOTT COMPANY**, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16 -<br><br>(Joint Administration Requested) |

**DECLARATION OF DONALD S. MACKENZIE
IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER
PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) OF THE BANKRUPTCY CODE
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
CONWAY MACKENZIE CAPITAL ADVISORS LLC AS INVESTMENT
BANKER TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

I, Donald S. MacKenzie, hereby declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge and ability, and after reasonable inquiry, the following is true and correct:

1. I am an Officer of Conway MacKenzie Capital Advisors LLC ("Conway MacKenzie"), an investment banking firm that maintains offices at 401 S. Old Woodward Avenue, Suite 340, Birmingham, MI 48009, as well as in nine other locations worldwide, and I am duly authorized to make this declaration (the "MacKenzie Declaration")[2] on behalf of Conway MacKenzie.

2. I make this declaration in support of the application (the "Application") of the Debtors, filed contemporaneously herewith, for the entry of an order authorizing the retention

---

[1] The Debtors in these chapter 11 cases are Clark-Cutler-McDermott Company and CCM Automotive Lafayette LLC. CCM's corporate headquarters are located at 5 Fisher Street, Franklin, Massachusetts, 02038. Lafayette, a wholly owned subsidiary of CCM Automotive LLC, has its principal place of business at 1465 Shattuck Industrial Boulevard, Lafayette, Georgia 30728.

[2] All capitalized terms used but otherwise not defined herein shall have the same meanings as set forth in the Application.

and engagement of Conway MacKenzie pursuant to sections 327(a) and 328(a) of the Bankruptcy Code as investment banker for the Debtors, *nunc pro tunc* to the Petition Date. This declaration is also submitted as the statement required pursuant to section 327(a), 328(a), and 504 of the Bankruptcy Code, as well as Bankruptcy Rule 2014(a) and Local Rule 2014-1.

3. Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, I could testify thereto. Certain disclosures herein, however, relate to matters within the personal knowledge of other professionals at Conway MacKenzie and are based on information provided by them.

### Conway MacKenzie's Qualifications

4. Conway MacKenzie is a full-service international investment banking firm with expertise across a wide range of industries, products and services in investment banking and financial restructuring. It is a well-regarded advisor for debtors and debtors-in-possession during financial restructurings. Founded in 1987, it has grown to ten offices worldwide located in Atlanta, Chicago, Dallas, Dayton, Detroit, Houston, Los Angeles, New York, London, and Bucharest.

5. Conway MacKenzie is uniquely qualified to advise the Debtors in these Chapter 11 Cases. Conway MacKenzie's professionals have extensive experience working with financially distressed companies, both in and out of Chapter 11 bankruptcy. Representative clients which investment bankers at Conway MacKenzie have advised in prior Chapter 11 engagements include American Eagle Energy, Lee Steel Corp., Houston Regional Sports Network, and Groeb Farms. In particular, Conway MacKenzie and its professionals are providing or have provided financial advisory, investment banking, and other services for

debtors and other parties in a number of bankruptcy cases. See, e.g., In re Lewiston, (Bankr. E.D. Mich. No. 12-58599); In re SII Liquidation Co., (Bankr. N.D. Ohio No. 10-60702).

6. The Debtors engaged Conway MacKenzie prior to the Petition Date to provide investment banking services pursuant to a written Engagement Letter, a true and accurate copy of which is attached to the Application at Exhibit B.

7. As a result of rendering prepetition services to the Debtors, Conway MacKenzie is familiar with the Debtors' corporate and capital structure, management, operations, and various other aspects of their businesses. As a result, I believe that Conway MacKenzie is well qualified to effectively represent the Debtors' interests in these Chapter 11 Cases.

### Conway MacKenzie's Disinterestedness

8. In connection with its proposed retention by the Debtors in these Chapter 11 Cases, Conway MacKenzie undertook to determine (a) whether it had any relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors, and (b) all "connections" to the Debtors, their creditors, other parties in interest, the U.S. Trustee, or any person employed in the Office of the U.S. Trustee. Conway MacKenzie applied the definitions of "relationships" and "connections" as stated in Local Rule 2014-1(b).

9. To check potential relationships and connections in these Chapter 11 Cases, Conway MacKenzie searched its client database to determine whether it had any relationship or connection with the entities identified by the Debtors or their representatives as potential parties in interest listed on Schedule I hereto (collectively, the "Potential Parties in Interest"). As part of this inquiry, Conway MacKenzie entered the names of the Potential Parties in Interest into its computer database containing the names of all clients. To the extent that this inquiry revealed that certain Potential Parties in Interest were current or former clients of Conway MacKenzie,

these parties were identified on a list (the "Client Match List") attached hereto as Schedule II. Through the information generated by this computer inquiry and through follow-up inquiries to Conway MacKenzie professionals responsible for certain clients listed on the Client Match List, Conway MacKenzie determined that the representation of the clients on the Client Match List concerned matters unrelated to the Debtors. As to the Potential Parties in Interest not identified on the Client Match List, Conway MacKenzie has not been employed by or rendered advisory services to such parties within the past five years.

10. Additionally, during the ninety (90) days prior to the Petition Date, Conway MacKenzie received from the Debtors $123,696.11 on account of pre-petition services. The Debtors do not owe Conway MacKenzie any amount for services performed or expenses incurred prior to the Petition Date. Accordingly, Conway MacKenzie is not a prepetition creditor of the Debtors.

11. As part of its diverse global activities, Conway MacKenzie is involved in numerous cases, proceedings, and transactions involving many different attorneys, accountants, investment bankers, and financial consultants, some of whom may represent claimants and parties in interest in these Chapter 11 Cases. Moreover, Conway MacKenzie has in the past, and may in the future, be represented by several attorneys and law firms, some of which may be involved in these Chapter 11 Cases. Finally, Conway MacKenzie has in the past, and will likely in the future, be working with or opposite other professionals involved in these Chapter 11 Cases with respect to matters wholly unrelated to these Chapter 11 Cases. Based on our current knowledge of the professionals involved in these Chapter 11 Cases and to the best of my knowledge, none of these business relationships constitute interests adverse to the estates in

matters upon which Conway MacKenzie is to be employed and none are in connection with these Chapter 11 Cases.

12. The Debtors have numerous creditors and relationships with a large number of individuals and entities that may be parties in interest in these Chapter 11 Cases. Consequently, although every reasonable effort has been made to discover and eliminate the possibility of any conflict including the efforts outlined above, Conway MacKenzie is unable to state with certainty whether any of its clients or an affiliated entity of a client holds a claim or otherwise is a party in interest in these Chapter 11 Cases. If Conway MacKenzie discovers any information that is contrary or pertinent to the statements made herein, it will promptly disclose such information to the Court.

13. Except as otherwise set forth herein and in the Application, to the best of my knowledge, information, and belief, neither Conway MacKenzie nor any of its employees is a creditor, an equity holder, or an insider of the Debtors. To the best of my knowledge, information and belief, neither Conway MacKenzie nor any of its employees is or was, within two years before the Petition Date, a director, an officer, or an employee of the Debtors. Also, to the best of my knowledge, information, and belief, neither the undersigned nor Conway MacKenzie's professionals expected to assist the Debtors in these Chapter 11 Cases are related or connected to any United States Bankruptcy Judge for the District of Massachusetts, the U.S. Trustee, or any persons employed in the office of the U.S. Trustee.

14. Accordingly, to the best of my knowledge, information and belief: (a) Conway MacKenzie is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and holds no interest materially adverse to the Debtors, their creditors, and shareholders for the matters for which Conway

MacKenzie is to be employed; and (b) Conway MacKenzie has no connection to the Debtors, their creditors, shareholders, or related parties herein except as disclosed on <u>Schedule II</u>.

### **Conway MacKenzie's Compensation and Indemnity**

15. The Compensation Structure set forth in the Application is consistent with Conway MacKenzie's typical fees for work of this nature. The fees are set at a level designed to compensate Conway MacKenzie fairly for the work of its professionals and assistants and to cover fixed and routine overhead expenses, while incentivizing Conway MacKenzie to efficiently return the best possible result for the Debtors and their estates. It is Conway MacKenzie's policy to charge its clients for all disbursements and expenses incurred in the rendition of services.

16. It is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys. Conway MacKenzie's professionals, when formally retained in chapter 11 cases, and when required by local rules, do, and in these Chapter 11 Cases will, keep time records in one-half hour increments describing their daily activities and the identity of persons who performed such tasks. Conway MacKenzie will also supplement this information with a list of the non-restructuring professionals who assist on this matter but who do not, as a matter of general practice, keep the records in the same manner. In addition, apart from the time recording practices described above, Conway MacKenzie's personnel do not maintain their time records on a "project category" basis. I believe that to have Conway MacKenzie (i) recreate the time entries for its professionals and (ii) require its non-restructuring personnel to record its time as prescribed by the Local Rules would be, in each case, unduly burdensome and time consuming.

17. The Compensation Structure and related indemnity provisions are comparable to those generally charged by investment banking firms of similar stature to Conway MacKenzie and for comparable engagements, both in and out of court, and reflect a balance between a fixed, monthly fee, and a contingency amount which are tied to the consummation and closing of a Disposition as contemplated by the Engagement Letter.

### Disclosures Required by Local Rule 2014-1

18. Neither I nor any member of Conway MacKenzie holds or represents any interest adverse to the Debtors or their estates.

19. My and Conway MacKenzie's relationships and connections with the Debtors, their creditors, their other parties in interest, and their respective attorneys and accountants are set forth on Schedule II, attached hereto. I am, and each person in Conway MacKenzie is, a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

20. Conway MacKenzie has not shared or agreed to share any compensation to be paid by the Debtors with any other person(s) other than other principals and employees of Conway MacKenzie.

21. Conway MacKenzie has received pre-petition fees totaling $123,696.11. Conway MacKenzie states upon information and belief that such fees were paid by the Debtors from their own funds.

22. I shall amend this declaration immediately upon my learning that (a) any of the within representations are incorrect, or (b) there is any change of circumstance relating thereto.

23. I have reviewed the provisions of Local Rule 2016-1 and understand their effect.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and ability.

Dated: 7/4/16

Respectfully submitted,

CONWAY MACKENZIE
CAPITAL ADVISORS LLC

By: *[signature]*
Donald S. MacKenzie
Officer

## SCHEDULE I
### Potential Parties in Interest

**Officers**:
- James T. McDermott
- Thomas McDermott
- George Danello

**Directors**:
- James T. McDermott
- Thomas McDermott
- Peter J. Bucchanio

**Managers**:
- CCM Automotive LLC

**Equity Security Holders**:
- John D. and Alis Aimone
- James H. Aimone Jr.
- Jeane Aimone
- Marrie L. Biggs
- Joseph R. Bucchanio
- Peter J. Bucchanio
- Peter T. Bucchanio
- Andrea L. Bucchanio
- Margaret L. Burling
- Tracy A. Byrne GST Trust
- Kenneth H. Clark
- Kenneth H. Clark Trust
- Catherine J. Donaldson
- Linda Mae Donovan
- Robert A. Geromini and Mary U. Geromini
- Robert E. Geromini
- Robert A. Geromini and Mary U. Geromini, Trustees of The Robert A. Geromini Revocable Trust Dated February 14, 2001
- Mary U. Geromini and Robert A. Geromini, Trustees of The Mary U. Geromini Revocable Trust Dated February 14, 2001
- Wendy Harrenstein
- Virginia C. Hobbs
- Virginia Clark Hobbs
- Kathleen R. Johnson
- Kristin Johnson
- Laurie Johnson
- Amelia Jones

- Cmdr. Buzz Little
- Thomas R. McDermott
- James T. McDermott  GST Trust
- Michael H. McDermott  GST Trust
- Thomas R. McDermott JR. GST Trust
- Kerry P. McDermott  GST Trust
- Kelly K. McDermott  GST Trust
- James T. McDermott  Gst Trust
- Rose Marie Murphy
- Doris M. Cutler Perry
- Donna L. Poulos
- Martha E. Rowley
- Susan Rowley
- Jacqueline Seimer
- Katherine P. Tuttle
- Virginia Cutler Turner

**20 Largest Unsecured Creditors**:
- Acoustics & Insulators Techniques, S.L
- Air Loc Schrepfer Ag
- Allied Waste Services
- Command Transportation
- Consolidated Fibers Inc.
- Constellation New Energy
- Direct Energy Business
- Fiber Conversion Inc.
- GB Industries LLC
- HW Staffing Solutions
- Impact Plastics, Inc.
- Leigh Fibers Inc.
- Marves Industries
- Millbury Textile Recycling Inc.
- National Grid
- Northland-Willette Inc.
- R&S Technik Gmbh-Bocholt
- S & D Rubber
- UPS Freight
- Woodforest National Bank

**Secured Parties**:
- General Motors LLC
- Toyota Motor Credit Corporation
- Wells Fargo Bank, National Association

2

**Professionals**:
- Conway MacKenzie Capital Advisors LLC
- KPMG LLP

**US Trustee and Staff**:
- John P. Fitzgerald III, Assistant U.S. Trustee
- Richard T. King, Assistant U.S. Trustee
- Paula Bachtell, Trial Attorney
- Eric K. Bradford, Trial Attorney
- Jennifer Hertz, Trial Attorney
- Stephen Meunier, Trial Attorney
- Lisa Tingue, Trial Attorney
- Linda Rogers, Bankruptcy Analyst
- John M. Doherty, Bankruptcy Analyst
- Lourdes Rodriguez, Paralegal Specialist
- Beverly Patterson, Paralegal Specialist
- Evelyn Rossi, Legal Assistant (Bankruptcy/OA)
- Marlene Foley, Legal Assistant (Bankruptcy/OA)
- Maureen Lambert, Legal Assistant (Bankruptcy/OA)
- Jean F. Delucca, Legal Data Technician
- Louie Salcedo, IT Specialist

**Judges and Staff**:
- Chief Judge Melvin S. Hoffman
- Judge Joan N. Feeney
- Judge Frank J. Bailey
- Judge Christopher J. Panos
- Judge Henry J. Boroff
- Peggy Defren

## SCHEDULE II
**Client Match List**

None.