# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL MOTORS LLC,

    Plaintiff,

vs.

CLARK-CUTLER-MCDERMOTT
COMPANY, CCM AUTOMOTIVE LLC,
AIRLOC LLC, DUFFY'S PARK LLC, CCM
AUTOMOTIVE LAFAYETTE LLC, and
CCM AUTOMOTIVE HILDENBRAN LLC,

    Defendants.
_____/

Case No. 16-CV-12246
Hon. Paul D Borman

Lawrence J. Murphy (P47129)
Joseph R. Sgroi (P68666)
Robert M. Riley (P72290)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7000
Email: lmurphy@honigman.com
*Attorneys for General Motors LLC*
_____/

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

Plaintiff General Motors LLC ("GM") has filed its Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction pursuant to Fed. R. Civ. P. 65 (the "Motion") against Defendants Clark-Cutler-McDermott

1

21941998.2

Company, CCM Automotive LLC, AirLoc LLC, Duffy's Park LLC, CCM Automotive Lafayette LLC, and CCM Automotive Hildenbran LLC (collectively, "Defendants").[1]

The Motion having been presented to the Court, and the Court having considered the Motion, Brief in Support, and the Exhibits attached thereto, the Verified Complaint, the arguments of counsel, and the Court being otherwise fully advised in the premises; **THE COURT FINDS THAT**:

1. The granting of a temporary restraining order ("TRO") is warranted and appropriate.

2. GM is likely to succeed on the merits of its claims against Defendants because the parties have requirements contracts requiring Defendants—the sole suppliers of various vehicle acoustic insulation parts, service parts, and assembled goods (the "Component Parts")—to supply all of GM's requirements of Component Parts.

3. GM is likely to succeed on the merits of its claims that Defendants have materially breached the requirements contracts by refusing to provide

---

[1] Capitalized terms used herein but not otherwise defined have the meanings given in the Motion.

Component Parts to GM in accordance with the terms of the parties' requirements contracts (the "Purchase Orders").

4.  GM is likely to succeed on the merits of its claims that GM will suffer immediate and irreparable injury if a TRO and preliminary injunction are not granted because Defendants are the sole suppliers of Component Parts and, therefore, GM has no other supplier or set of tools for these parts, which are essential components in nearly every vehicle GM manufactures and assembles at all of GM's North American plants.

5.  If Defendants do not resume supplying Component Parts, there will be a catastrophic disruption in the supply chain for the automotive industry and all of GM's North American plants will be forced to shut down. In addition, GM will suffer significant financial harm in an amount in the millions of dollars per day per plant, in addition to immeasurable harm to its goodwill and reputation.

6.  Any remedy at law would be futile in this case because Defendants would not be able to compensate GM for the tens of millions of dollars in losses GM would sustain daily if Defendants are not compelled to perform under the parties' requirements contracts.

7.  GM is likely to succeed on the merits of its claims that the irreparable and immeasurable harm to GM in the absence of a TRO and preliminary injunction

outweighs any harm to Defendants if an injunction is granted. As GM will continue to fund the operations of Defendants in a manner consistent with the parties' Interim Accommodation Agreement, as amended, Defendants face little or no harm by continuing to manufacture the Component Parts pending a preliminary injunction hearing.

8. GM is likely to succeed on the merits of its claims that the issuance of a TRO and preliminary injunction is in the public interest in that it will promote the predictability of contract, discourage parties from frustrating judicial proceedings by seeking unwarranted releases of liability, and avoid the shutdown of all of GM's North American plants with consequent disruption to the automotive supply chain and attendant layoffs and other significant harm to the economy.

9. Compelling Defendants to comply with the terms of the Purchase Orders will not injure Defendants.

10. No bond is required, as Defendants will not be damaged by the requested relief and, in any event, GM is adequately able to respond in damages if the relief requested herein were improvidently granted.

11. Notice of the Motion was given to Defendants' counsel by email on June 17, 2016.

21941998.2

Accordingly, **IT IS HEREBY ORDERED THAT** until the expiration of this Order or as otherwise ordered by the Court, that each of Defendants, and each of their servants, agents, employees, and all those in active concert or participation with Defendants who receive notice of this TRO, shall:

1. Specifically perform all of their obligations under the parties' requirements contracts and all Purchase Orders issued by GM, including but not limited to, by producing and delivering to GM 100% of GM's requirements of the Component Parts as defined and described in the Verified Complaint;

The obligations on Defendants set forth in this Section include an obligation to provide notice of the terms of this Order to all of Defendants' employees, custodians, agents, or contractors who may be affected thereby or who may influence or control Defendants' compliance therewith.

This Order shall take effect June 17, 2016 at 5:00 p.m. and shall expire on ___July 1___, 2016, at 5:00 p.m., unless otherwise extended by the Court.

### ORDER TO SHOW CAUSE

IT IS HEREBY FURTHER ORDERED THAT Defendants shall appear for a hearing on ___June 30th___, 2016 at ___1 PM___ before the Honorable ___Paul Borman___ and show cause, if any, why the Court should not issue a further injunction compelling Defendants to specifically perform their

21941998.2

obligations under the parties' requirements contracts and Purchase Orders on the same terms as this TRO.  If Defendants do not appear, the Court may issue an injunction without further notice.

GM shall serve a copy of this Order on Defendants' counsel via email by no later than June 17, 2016 at 8 PM

IT IS SO ORDERED.

Dated: June 17, 2016

_____
U.S. DISTRICT JUDGE

5:35 PM

21941998.2