# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| **In re** | Chapter 11 |
| **CLARK-CUTLER-MCDERMOTT COMPANY**, *et al.*,[1] | Case No. 16-41188 (CJP) |
| **Debtors.** | **(Jointly Administered)** |

**ORDER ON GENERAL MOTORS, LLC'S MOTION**
**FOR RELIEF FROM THE AUTOMATIC STAY**

This matter having come before the Court on *General Motors, LLC's Motion for Relief from the Automatic Stay* (the "Motion")[2] filed by General Motors, LLC ("GM"); the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue of the Motion being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; upon consideration of both the Motion submitted by GM and the Opposition to the Motion submitted by Clark-Cutler-McDermott Company and its affiliate CCM Automotive Lafayette LLC (collectively, the "Debtors"); due and proper notice of the Motion under the circumstances having been provided; it appearing that no other or further notice need be provided; after due deliberation thereon; and good and sufficient cause appearing therefor:

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED IN PART and DENIED IN PART, as follows.

---

[1] The Debtors in these chapter 11 cases are Clark-Cutler-McDermott Company and CCM Automotive Lafayette LLC. CCM's corporate headquarters are located at 5 Fisher Street, Franklin, Massachusetts, 02038. Lafayette, a wholly owned subsidiary of CCM Automotive LLC, has its principal place of business at 1465 Shattuck Industrial Boulevard, Lafayette, Georgia 30728.

[2] Capitalized terms not defined herein that have the meanings ascribed to them in the Motion.

1

2. The automatic stay is hereby modified to allow GM to recover possession of the GM-owned tooling, dies, test and assembly fixtures, gauges, jigs, patterns, casting patterns, cavities, molds, and documentation, all as set forth in **Schedule A** hereto (collectively, the "GM Tooling"), subject, however, to the following conditions:

 (a) in taking possession of the GM Tooling, GM will use reasonable care when removing such property;

 (b) GM shall ensure that, after removing the GM Tooling, the Debtors' premises are restored to the same condition in which GM found them prior to removing the GM Tooling;

 (c) GM shall be responsible for any damage to the Debtors' assets caused by GM's removal of the GM Tooling; and

 (d) any disputes as to ownership of, or competing claims against, specific items of GM Tooling will be adjudicated by this Court.

3. The automatic stay is hereby modified to allow GM to purchase from the Debtors all Component Parts, including all Component Parts in the so-called inventory bank, all as set forth in **Schedule B** hereto (collectively, the "Finished Goods Inventory"), subject, however, to the following conditions:

 (a) prior to the removal of any Finished Goods Inventory from the Debtors' facilities, GM shall pay the Debtors, by wire transfer, the sum of $3,046,497.84 (the "Purchase Price") consisting of:

  (i) $719,319.12, representing one hundred percent (100%) of the existing Purchase Order price in effect as of the Petition Date for Finished Goods Inventory which had not yet been delivered; and

  (ii) $2,327,178.72 for amounts owed to the Debtors by GM as of the Petition Date for prior shipments of Finished Goods Inventory.

4. All other requests for relief in GM's Motion are DENIED, including GM's request for relief from the automatic stay to pursue immediate possession of the so-called Dedicated Equipment.

2

5. The Debtors and GM are authorized and empowered to take all actions necessary to implement the relief granted in paragraphs 2 and 3 of this Order.

6. Notwithstanding the relief granted in the Order and any actions taken pursuant to such relief, nothing in the Order shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

7. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of the Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of the Order.


Dated: Boston, Massachusetts
       July ___, 2016

                                            _____
                                            Hon. Christopher J. Panos
                                            United States Bankruptcy Judge