UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>**CLARK-CUTLER-MCDERMOTT COMPANY, et al.,**[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-41188<br><br>(Jointly Administered) |

## ORDER AUTHORIZING AND APPROVING DEBTORS' REJECTION OF CERTAIN GM CONTRACTS

Upon the *Motion of the Debtors for an Order Authorizing and Approving the Rejection of Certain GM Contracts* (the "Motion")[2] pursuant to section 365 of the Bankruptcy Code; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter an order consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given; upon consideration of the Objection of General Motors LLC, the arguments of counsel for the parties and the record of these Chapter 11 cases; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor:

IT IS HEREBY ORDERED THAT:

---

[1] The Debtors in these chapter 11 cases are Clark-Cutler-McDermott Company and CCM Automotive Lafayette LLC. CCM's corporate headquarters are located at 5 Fisher Street, Franklin, Massachusetts, 02038. Lafayette, a wholly owned subsidiary of CCM Automotive LLC, has its principal place of business at 1465 Shattuck Industrial Boulevard, Lafayette, Georgia 30728.

[2] All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

BOS-4151512 v1

1. The Motion is GRANTED, *nunc pro tunc* to the filing of the petitions commencing these Chapter 11 cases.

2. Each of the Debtors is authorized to reject, and hereby does reject in their entirety, the GM Contracts to which such Debtor is a party in accordance with section 365 of the Bankruptcy Code.

3. The rejection of the GM Contracts is an exercise of sound business judgment on the part of each Debtor that is a party thereto and its managers, and is in the best interest of the Debtors' estates.

4. Each Debtor is authorized to execute any documentation necessary to reject the GM Contracts.

5. The Debtors shall have no continuing obligations to perform the GM Contracts; provided, however, that the Debtors are hereby authorized but not required to assist any counterparty to a GM Contract with the transition to another parts manufacturer.

6. This Order shall bind the Debtors, the counterparties to the GM Contracts, and each of their respective successors and assigns, including, without limitation, any trustee in bankruptcy.

7. The Debtors' rights, claims, counterclaims, and defenses with respect to the GM Contracts and the counterparties thereto are hereby reserved. The inclusion of any agreement on <u>Exhibit A</u> to the Motion is not an admission by any Debtor that such agreement is an executory contract for the purpose of section 365; provided, however, that to the extent any agreement listed on <u>Exhibit A</u> to the Motion is executory, such agreement is hereby rejected pursuant to section 365 of the Bankruptcy Code.

8.  This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation, enforcement, and/or interpretation of this Order.

Dated: July 13, 2016
Worcester, Massachusetts

_____
Hon. Christopher J. Panos
United States Bankruptcy Judge