UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| **In re**<br><br>**CLARK-CUTLER-MCDERMOTT COMPANY, et al.,**[1]<br><br>**Debtors.** | **Chapter 11**<br><br>**Case No. 16-41188**<br><br>**(Jointly Administered)** |

## ORDER ESTABLISHING BIDDING PROCEDURES

Upon the *Debtors' Motion for (I) Order Establishing Bidding Procedures and Granting Related Relief and (II) Order Approving Sale of Substantially all Assets Free and Clear of all Liens, Claims, Encumbrances, and Interests and Granting Related Relief* (the "Motion");[2] and the Court having determined that the Bidding Procedures requested in the Motion are in the best interests of the bankruptcy estates, the Debtors' creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause having been shown for the relief requested; and adequate notice having been given;

IT IS HEREBY ORDERED THAT:

1.    The Motion as it relates to the Bidding Procedures is hereby granted to the extent set forth herein.  All objections with regard to the relief sought in the Motion as to Bidding Procedures that have not been withdrawn, waived, or settled, are overruled on the merits.

2.    The Bidding Procedures attached hereto as Exhibit 1 are approved and the Debtors are authorized to move forward accordingly.

---

[1]  The Debtors in these chapter 11 cases are Clark-Cutler-McDermott Company and CCM Automotive Lafayette LLC.  CCM's corporate headquarters are located at 5 Fisher Street, Franklin, Massachusetts, 02038.  Lafayette, a wholly owned subsidiary of CCM Automotive LLC, has its principal place of business at 1465 Shattuck Industrial Boulevard, Lafayette, Georgia 30728.

[2]  Capitalized terms not otherwise defined herein shall have the meanings provided in the Sale Motion.

3.      General Motors LLC ("General Motors") has agreed to waive its right under section 363(k) of the Bankruptcy Code to credit bid its Junior Debt (as that term is defined in the *Second Interim Order (A) Authorizing Use of Cash Collateral; (B) Granting Adequate Protection; (C) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001; and (D) Granting Related Relief*) against the Debtors in connection with the Sale. The Court hereby acknowledges and approves such waiver.

4.      The Sale Notice, Contract Notice, and Winning Bidder Notice (substantially in the forms attached hereto as Exhibits 2, 3 and 4, respectively) are approved.

5.      On or before two (2) business days after the entry of this Order, the Debtors shall cause the Sale Notice and Contract Notice to be sent by first class mail postage prepaid to the following (collectively, the "Sale Notice Parties"): (a) the Office of the United States Trustee for the District of Massachusetts; (b) Mintz Levin Cohn Ferris Glovsky and Popeo, PC, as proposed counsel for the Official Committee of Unsecured Creditors (the "Committee"); (c) Pillsbury Winthrop and Shaw Pittman LLP and Honigman Miller Schwartz and Cohn LLP, counsel to General Motors, (d) all taxing authorities having jurisdiction over any of the Assets, including the Internal Revenue Service; (e) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002; (f) all persons known or reasonably believed to assert a lien in any of the Assets; (g) all non-Debtor counterparties to the Debtors' executory contracts; (h) the Attorneys General in the states where the Assets are located; (i) all state and local environmental agencies in any jurisdiction where the Debtors own or have owned or used real property; (j) all other known creditors of the Debtors; and (k) any parties who have expressed an interest to the Debtors in bidding on the Assets. As soon as reasonably practical after the conclusion of the Auction, the Debtors shall cause the Notice of Winning Bidder to be filed and served as described in the Sale Motion.

2

6.     Within 48 hours of the selection of the Winning Bid(s) and Winning Bidder(s), the Debtors shall file the Winning Bid Notice with the Court, and shall cause, the Winning Bidder Notice to be sent by first class mail postage prepaid to the Sale Notice Parties.

7.     Service of the Notices as set forth herein is sufficient to provide effective notice to all interested parties of, inter alia, the Bid Procedures and the Sale in accordance with Bankruptcy Rules 2002, 6004, and 6006, as applicable.

8.     Potential Bidders and Qualified Bidders (other than any Stalking Horse Bidder) shall not be allowed any break-up, termination, bidding or similar fee with respect to the Sale. No Potential Bidder or Qualified Bidder (including any Stalking Horse Bidder) shall seek or be entitled to any claim for substantial contribution pursuant to section 503 of the Bankruptcy Code or the payment of any broker fees or costs.

9.     Any objection to the (i) (a) Sale (other than objections based on the conduct of the auction or the selection of the Winning Bid(s) and Winning Bidder(s)) and (b) proposed assumption and assignment of executory contracts and unexpired leases (other than on the basis of adequate assurance of future performance) shall be made in writing and filed by August 26 , 2016 at 5:00 p.m. (prevailing Eastern Time) or, (ii) (x) the conduct of the auction or the selection of the Winning Bid(s) and Winning Bidder(s) and (y) proposed assumption and assignment of executory contracts on the basis of adequate assurance of future performance shall be made in writing and filed by September 6 , 2016 at 5:00 p.m. (prevailing Eastern Time), and shall be served upon the following parties: (a) proposed counsel to the Debtors, K&L Gates LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111 (Attn: Charles A. Dale III and Mackenzie L. Shea) (b) the Office of the United States Trustee for the District of Massachusetts 446 Main Street, 14th Floor, Worcester, MA 01608 (Attn: Lisa Tingue); (c) proposed counsel for the Committee, Mintz Levin Cohn Ferris Glovsky

3

and Popeo, PC, One Financial Center, Boston MA 02111 (Attn: Adrienne K. Walker); and (d) counsel to General Motors, Pillsbury Winthrop and Shaw Pittman LLP, 1540 Broadway, New York, NY 10036-4039 (Attn: Andrew M. Troop) and Honigman Miller Schwartz and Cohn LLP, 600 Woodward Avenue #2290, First National Building, Detroit, MI 48226 (Attn: Joseph R. Sgroi).

10.     Nothing herein shall be deemed to or constitute the assumption, assignment or rejection of any executory contract or unexpired lease; nor shall anything herein be deemed to be a determination that any contract or agreement between the Debtor and a counterparty is an executory contract or unexpired lease.

11.     The provisions of Bankruptcy Rules 6004(h) and 6006(d) staying the effectiveness of this Order, to the extent applicable, are hereby waived and this Bidding Procedures Order shall be effective immediately upon entry.

12.     The Sale Hearing shall be held on _September 8_, 2016 at 1:30 p.m. (prevailing Eastern Time) before the Honorable Christopher J. Panos, United States Bankruptcy Judge, Donohue Federal Building, 595 Main Street, Courtroom 3, Worcester, Massachusetts 01608-2076.

13.     This Court shall retain jurisdiction over the parties to the proposed sale with respect to any matters related to or arising under this Order.

Dated: August 2, 2016
Worcester, Massachusetts

Hon. Christopher J. Panos
United States Bankruptcy Judge

4

## EXHIBIT 1

### Bidding Procedures

a.    <u>Assets to be Sold:</u> The Debtors are soliciting offers for the sale of the Debtors' right, title and interest in the Assets defined below, free and clear of all Interests, whether in a single or multiple transactions. Pursuant to these Bidding Procedures, the Debtors are inviting all parties with an interest in the Assets or any portion thereof to submit bids upon such terms and conditions as the Potential Bidders (defined below) may determine, subject in all respects to the Potential Bidder's compliance with the procedures outlined herein.

   <u>The assets available for sale include machinery, equipment, parts, inventory, receivables, intellectual property, fixed assets, unexpired leases, contract rights, intellectual property, and other assets related or incident to the Debtors' business (but excluding causes of action belonging to the Debtors, including causes of action arising under chapter 5 of the Bankruptcy Code) (collectively, the "Assets").</u> The Debtors' affiliates will make the Debtors' Franklin, Massachusetts and Lafayette, Georgia facilities available for lease to the Winning Bidder at fair market rents. The terms of the proposed leases for each of the Debtors' facilities will be made available to all Potential Bidders on the Debtors' virtual data room. The Debtors, in consultation with the Official Committee of Unsecured Creditors (the "Committee"), reserve the right to conduct further sales of Assets to the extent any Asset is not sold pursuant to these Bidding Procedures or otherwise determined not anticipated to yield the highest or best value for the Assets under the circumstances of these chapter 11 cases.

b.    <u>Consultation Rights:</u> As appropriate throughout the bidding process, the Debtors will consult generally and as more specifically set forth herein with respect to the sale of the Assets, subject to the following proviso, with the Committee; <u>provided</u>, <u>however</u>, that to the extent any member or members of the Committee becomes and continues as a Potential Bidder, then the Committee and Debtors shall work together to establish appropriate supplemental consultation procedures as applicable to ensure the continued efficacy of the bidding process. In the event the Debtors and the Committee are unable to agree on supplemental consultation procedures, either party may submit such dispute to the Bankruptcy Court for resolution. Neither the Debtors nor their representatives shall be obligated to furnish any information of any kind whatsoever relating to the Assets to any party other than the Committee.

c.    <u>Due Diligence:</u> Upon execution of a confidentiality agreement, potential bidders (each a "<u>Potential Bidder</u>") will be given access to a virtual data room and will provide various financial data and other relevant and confidential information. The Debtors reserve the right to condition or restrict access to any commercially sensitive information if the Debtors determine that providing a particular Potential Bidder with such information could potentially chill bidding for the Assets.

Bid Deadline: A Qualified Bid for the Debtors' assets must be actually received on or before August 26, 2016 at 5:00 p.m. (prevailing Eastern Time) (the "Bid Deadline"), in writing.

d.    Stalking Horse Bidder(s): The Debtors may solicit binding "stalking horse bids" for the Assets (any such bid, a "Stalking Horse Bid" and the provider of such bid, a "Stalking Horse Bidder") at any time up to and including August 17, 2016 (the "Stalking Horse Bid Deadline"), which bid(s) if accepted by the Debtors, in consultation with the Committee, shall set the floor for all bids for the applicable Assets at the Auction. In the event a Stalking Horse Bid is accepted, the Debtors, in consultation with the Committee, may seek approval for reasonable and customary bid protections from the Bankruptcy Court on or before the Auction.

e.    Qualified Bids: A "Qualified Bid" is a bid, using the form of agreement furnished by the Debtors, that complies with all of the following:

> (i)    it includes a representation that the bid is irrevocable until the earlier of (i) the approval by the Bankruptcy Court of the Winning Bidder, and (ii) thirty (30) days following the Bid Deadline; provided, however, that if such bid is selected as the highest or otherwise best Qualified Bid or the Backup Bid, it shall remain irrevocable until the closing of the Sale to the Winning Bidder or the Backup Bidder, as the case may be;

> (ii)    it includes a duly authorized and executed purchase agreement (a "Proposed Purchase Agreement") marked against the Debtors' form of purchase agreement specifying the purchase price, expressed in United States Dollars (the "Proposed Purchase Price") and identifying executory contracts and unexpired leases to be acquired, together with all exhibits and schedules thereto, and such ancillary agreements as may be required by the bidder with all exhibits and schedules thereto (or term sheets that describe the material terms and provisions of such ancillary agreements) and such ancillary agreements and the proposed orders to approve the Sale by the Bankruptcy Court;

> (iii)    excluding Stalking Horse Bids, it does not include any request or entitlement to any breakup fee, expense reimbursement or similar type of payment;[3]

> (iv)    it includes evidence sufficient to allow the Debtors, in consultation with the Committee, to make a reasonable determination as to the bidder's (and its direct and indirect owners' and their principals') financial and other capabilities to consummate the transaction

---

[3] As set forth herein, the Debtors reserve the right to propose a stalking horse bidder(s) prior to the Bid Deadline and seek the approval of bid protections.

contemplated in the Sale Motion and the Proposed Purchase Agreement, which evidence must include a representation that the Sale is not contingent on financing, credit committee, or other approvals and is not limited to evidence of a firm, irrevocable commitment for all required funding and/or financing from a creditworthy bank or financial institution;

(v)    it is not conditioned on (i) the outcome of unperformed due diligence by the bidder and/or (ii) obtaining any financing capital and includes an acknowledgement and representation that the bidder has had an opportunity to conduct any and all required due diligence prior to making its bid;

(vi)    it fully discloses the identity of each entity that is bidding or otherwise that will be sponsoring, financing, or participating in the bid, including the identification of the bidders' direct and indirect owners and their principals;

(vii)    it provides for the purchase price to be paid in cash or otherwise immediately available funds;

(viii)    it includes an acknowledgement and representation that the bidder: (i) had a reasonable opportunity to conduct any due diligence regarding the Assets, (ii) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the assets to be acquired and liabilities to be assumed in making its bid; (iii) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express or implied (by operation of law or otherwise), regarding the assets to be acquired or liabilities to be assumed or the completeness of any information provided in connection therewith, including by the Debtors, their professionals or any of their respective professionals and advisors, except as expressly stated in the Proposed Purchase Agreement submitted by it; (iv) is a sophisticated party capable of making its own assessments in respect of making its bid; and (v) has had the benefit of independent legal advice in connection with its bid;

(ix)    it includes evidence, in form and substance reasonably satisfactory to the Debtors, of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the transaction contemplated by the Sale Motion and Proposed Purchase Agreement;

(x)    it is accompanied by a refundable deposit (the "Deposit") in the form of a wire transfer (to an account specified by the Debtors), or

such other form acceptable to the Debtors, in an amount equal to 10% of the Proposed Purchase Price, to be held and dealt with in accordance with these Bidding Procedures;

(xi)    it (i) includes an acknowledgement and representation that the bidder will assume the obligations of each of the Debtors under executory contracts and unexpired leases to be assigned; (ii) contains the bidder's agreement to pay the related cure costs; and (iii) if applicable, be accompanied by adequate assurance of future performance information, including evidence of the Potential Bidder's financial condition and capacity to consummate the proposed Sale, (iv) indicates which of these executory contracts and unexpired leases, if any, the bidder must be permitted to assume as a condition of closing;

(xii)    it provides for closing of the Sale by no later than five (5) business days after the Sale Hearing;

(xiii)    if the bidder is an entity newly formed for the purpose of the transaction, the bid shall contain an equity or debt commitment letter from the parent entity or sponsor, which is satisfactory to the Debtors, that names the Debtors as third party beneficiaries of any such commitment letter with recourse against such parent entity or sponsor;

(xiv)    it includes evidence, in form and substance reasonably satisfactory to Debtors, of compliance or anticipated compliance with any and all applicable U.S. and foreign regulatory approvals;

(xv)    it contains other information reasonably requested by the Debtors, or their professionals or advisors; and

(xvi)    it is received by the Debtors no later than the Bid Deadline.

The Debtors, within 24 hours of their receipt of any bid (regardless of any determination whether it is a Qualified Bid), shall provide copies of all bid materials (via email) to counsel to the Committee.

f.    <u>Return of Good Faith Deposit:</u>  All Deposits shall be retained by the Debtors.  If a Qualified Bidder becomes the Winning Bidder, the Deposit paid by the Winning Bidder whose bid is approved at the Sale Hearing shall be applied to the purchase price to be paid by the Winning Bidder upon closing of the Sale.  The Deposit paid by the Backup Bidder, if there is a Backup Bidder, shall be retained until the closing of the Sale or, if the Backup Bidder becomes the ultimate purchaser pursuant to the Bidding Procedures, shall be applied to the purchase price to be paid by the Backup Bidder upon closing of the Sale.  The Deposits of all bidders not selected as having the highest or otherwise best Qualified Bid or selected as the Backup Bidder shall be returned to such bidders within five (5) business days of the earlier of (i) the determination of the Winning Bidder by the

8

Debtors, and (ii) thirty (30) days following the Bid Deadline. If the Bidding Procedures are terminated in accordance with the provisions thereof, all Deposits shall be returned to the bidders within five (5) business days of the date upon which the Bidding Procedures are terminated. If an entity selected as the Winning Bidder (including, if selected as the Winning Bidder, the Backup Bidder) breaches its obligations to close, it shall forfeit its Deposit to the Debtors; provided, however, that the forfeiture of such Deposit shall be in addition to, and not in lieu of, any other rights in law or equity that any of the Debtors has or have against such breaching entity.

g.    Auction: In the event that the Debtors timely receive more than one Qualified Bid, the Debtors shall conduct an Auction. The Auction will be conducted at the Boston offices of counsel to the Debtors, K&L Gates LLP, at State Street Financial Center, One Lincoln Street, Boston, Massachusetts 02111, on August 31, 2016, commencing at 10:00 a.m. (prevailing Eastern Time) to determine the Winning Bidder. Only professionals and principals of the Debtors, Qualified Bidders, the Committee, and General Motors LLC ("GM") may attend the Auction, along with any other parties the Debtors deemed appropriate. Any bidder submitting a Qualified Bid may submit its highest and best bid at the Auction. The Auction may be adjourned by announcement at the Auction without further notice.

h.    Auction Procedures: By 5:00 p.m. (prevailing Eastern Time) on the day preceding the start of the Auction, the Debtors will provide all Qualified Bidders with a copy of what they believe to be the highest or otherwise best Qualified Bid, together with any additional materials the Debtors have deemed appropriate, and will inform each Qualified Bidder who has expressed its intent to participate in the Auction of the identity of all Qualified Bidders that may participate in the Auction. Bidding at the Auction shall begin initially with the highest or otherwise best Qualified Bid announced by the Debtors, in consultation with the Committee, and shall subsequently continue in a manner and in minimum increments determined by the Debtors, in consultation with the Committee, to most efficiently facilitate the Auction under the circumstances. Bidding will continue until the Debtors determine that they have received the highest or otherwise best bid for the Assets. After the Debtors make such determination, the Auction will be closed. Each Qualified bidder will be required to confirm that it has not engaged in any collusive behavior with respect to the bidding, the Auction or the Sale. At the Auction, a Qualified Bidder will be permitted to increase its bid only upon demonstrating to the Debtors that it has sufficient, immediately available funds to increase its Deposit by 10% of the increased bid.

i.    Determination of Successful Bidder: The Debtors, in consultation with the Committee, will determine and announce which Qualified Bid has been determined to be the Winning Bid. At the same time, the Debtors, in consultation with the Committee, will identify a *next* highest or otherwise best Qualified Bid and announce that the bidder providing such bid has been selected as the "Backup Bidder" (the Backup Bidder's highest or otherwise best bid, the "Backup Bid"). If a Backup Bidder is identified in accordance with the Bidding Procedures, then the Backup Bid shall remain open until the closure of the Sale to the Winning Bidder. In selecting the Winning Bid (and in determining the Backup

Bid), the Debtors will review each Qualified Bid. Evaluation criteria may include, but are not limited to items such as: (a) the purchase price and the net value (including assumed liabilities and other obligations to be performed or assumed by the bidder) provided by such bid; (b) the claims likely to be created by such bid in relation to other bids; (c) other factors affecting the speed, certainty and value of the transaction (including any regulatory approvals required to close the transaction); (d) the assets included or excluded from the bid and the transaction costs and risks associated with closing multiple transactions versus a single transaction for all or substantially all of the assets; (e) if applicable, the transition services required from the Debtors post-closing and any related restructuring costs; and (f) the likelihood and timing of consummating the transaction by September 16, 2016.

Within 24 hours following the conclusion of the Auction, the Debtors and the Winning Bidder(s) shall execute a Purchase Agreement memorializing the Winning Bid(s) and the Debtors shall file a notice on the Bankruptcy Court's docket identifying with specificity, the Winning Bidder for the Assets (or subset thereof) and any applicable Backup Bidder. Within 48 hours following the conclusion of the Auction, the Debtors will file a notice with the Bankruptcy Court identifying the Winning Bidder(s) and summarizing the Winner Bid(s), including purchase price and assets to be acquired and contracts to be assumed/acquired, and serve a copy of that notice on the Sales Notice Parties as defined in the Bankruptcy Court order approving these Bidding Procedures. Upon request, the Debtors shall promptly provide any party in interest with a copy of the Purchase Agreement that is the subject of the Winning Bid.

The Winning Bidder and any Backup Bidder will be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to jury trial in connection with any disputes relating to the Auction, the Sale and the enforcement of any Stalking Horse Bid or applicable purchase agreement (if applicable) and all other agreements entered into in connection with any proposed Sale transaction.

j.   Sale Hearing: Each Winning Bid and any Backup Bid will be subject to approval by the Bankruptcy Court at a Sale Hearing to be held on September 8 2016 at 1:30 p.m. (prevailing Eastern Time) before the Honorable Christopher J. Panos, United States Bankruptcy Judge, Donohue Federal Building, 595 Main Street, Courtroom 3, Worcester, Massachusetts 01608-2076. The Sale Hearing may be adjourned by the Debtors from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing, or by filing a notice, stating the adjournment, on the docket of the Debtors' chapter 11 cases.

BOS-4153481 v13

## Exhibit 2

**Sale Notice**

BOS-4153481 v13

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| **In re** | **Chapter 11** |
| **CLARK-CUTLER-MCDERMOTT COMPANY, *et al.*,**[1] | **Case No. 16-41188 (CJP)** |
| **Debtors.** | **(Jointly Administered)** |

## NOTICE OF PROPOSED SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS

TO CREDITORS AND PARTIES IN INTEREST

PLEASE TAKE NOTICE that on July 12, 2016, the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed a *Motion for (I) Order Establishing Bidding Procedures and Granting Related Relief and (II) Order Approving Sale of Substantially all Assets Free and Clear of all Liens, Claims, Encumbrances, and Interests and Granting Related Relief* [Docket No. 50] (the "Sale Motion").[2]

PLEASE TAKE FURTHER NOTICE that on August 2, 2016, the Bankruptcy Court entered the Bidding Procedures Order. Copies of the Sale Motion and Bidding Procedures Order are available at no charge upon request from the undersigned attorney or on the Court's Website: www.mab.uscouts.gov. A login and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information on the Court's Internet Website and may be obtained through the PACER service center at (800) 676-6856 (from the U.S.), or (210) 301-6440 (from outside the US) or at pacer.psc.uscourts.gov.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Sale Motion and Bidding Procedures Order, the Debtors intend to sell substantially all of their assets on a "turn-key" basis, and the facilities at which the assets are located shall be offered for lease at fair market rents by the certain non-debtor affiliates. The Debtors shall also consider Qualified Bids for portions of assets and may sell assets in lots to the extent such sales are determined to be the highest or best value for the assets. The Debtors are Tier I and Tier II manufacturers of molded and flat die-cut acoustic insulation and natural fiber-based interior trim products for the automotive industry. For more detailed information regarding the assets, please contact undersigned counsel.

---

[1] The Debtors in these chapter 11 cases are Clark-Cutler-McDermott Company and CCM Automotive Lafayette LLC. CCM's corporate headquarters are located at 5 Fisher Street, Franklin, Massachusetts, 02038. Lafayette, a wholly owned subsidiary of CCM Automotive LLC, has its principal place of business at 1465 Shattuck Industrial Boulevard, Lafayette, Georgia 30728.

[2] Capitalized terms not otherwise defined herein shall have the meanings provided in the Sale Motion.

Qualified Bids must be received by the Debtors by no later than **August 26, 2016 at 5:00 p.m.** prevailing Eastern Time.

## *Sale Free and Clear of Liens*

PLEASE TAKE FURTHER NOTICE that the Debtors' assets will be sold free and clear of all liens, claims, encumbrances, and interests, including options, consents or permissions to assign, approval rights, or similar rights. Any perfected, enforceable valid liens shall attach to the proceeds of the sale according to priorities established under applicable law.

## *Assumption and Assignment of Certain Executory Contracts*

PLEASE TAKE FURTHER NOTICE that in connection with the proposed sale of assets contemplated by the Sale Motion and Bidding Procedures Order, the Debtors may assume and assign executory contracts and unexpired leases (collectively the "Contracts") to the Winning Bidder to the extent the Winning Bidder seeks to acquire any of the Contracts. The Contracts are specifically set forth on a separate Notice of Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases and Proposed Cure Amounts (the "Contract Notice") that is being served on counterparties to the Contracts. The Contract Notice shall set forth the proposed amount to be paid, if any, to cure any outstanding default under the respective Contract to the extent required under the Bankruptcy Code as well as applicable objection deadlines.

## *General Objections*

PLEASE TAKE FURTHER NOTICE that any objections to the sale (other than objections based on the conduct of the auction or the selection of the Winning Bid(s) and Winning Bidder(s)) (a "General Sales Objection") must be filed in writing with the Clerk, U.S. Bankruptcy Court located at the Donohue Federal Building, 595 Main Street, Room 211, Worcester, Massachusetts 01608-2076 on or before **August 26, 2016 at 5:00 p.m.** prevailing Eastern Time (the "General Objection Deadline"). A copy of any General Sales Objection also shall be served upon the (a) proposed counsel to the Debtors, K&L Gates LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111 (Attn: Charles A. Dale III and Mackenzie L. Shea) (b) the Office of the United States Trustee for the District of Massachusetts 446 Main Street, 14th Floor, Worcester, MA 01608 (Attn: Lisa Tingue); (c) proposed counsel for the Committee, Mintz Levin Cohn Ferris Glovsky and Popeo, PC, One Financial Center, Boston MA 02111 (Attn: Adrienne K. Walker); and (d) counsel to General Motors, Pillsbury Winthrop and Shaw Pittman LLP, 1540 Broadway, New York, NY 10036-4039 (Attn: Andrew M. Troop) and Honigman Miller Schwartz and Cohn LLP, 600 Woodward Avenue #2290, First National Building, Detroit, MI 48226 (Attn: Joseph R. Sgroi). Any General Sales Objection must state with particularity the grounds for the objection and why the intended transactions should not be authorized. Any General Sales Objection shall be governed by Fed. R. Bankr. P. 9014. Any party asserting an lien, claim, encumbrance, or interest in the Debtors' assets that does not object to the sale by the General Objection Deadline shall be deemed to consent to the sale free and clear of such lien, claim, encumbrance, or interest pursuant to 11 U.S.C. § 363(f).

### *Auction*

PLEASE TAKE FURTHER NOTICE that, to the extent multiple Qualified Bids are received, the Debtors may conduct an Auction on **August 31, 2016 at 10:00 a.m.** at the offices of the Debtors' proposed counsel. Any party in interest wishing to attend the Auction should contact the undersigned in advance.

### *Winning Bid Specific Deadline*

### *Specific Objections*

PLEASE TAKE FURTHER NOTICE that any objections to the sale based on the conduct of the auction or the selection of the Winning Bid(s) and Winning Bidder(s) (a "Specific Sales Objection") must be filed in writing with the Clerk, U.S. Bankruptcy Court located at the Donohue Federal Building, 595 Main Street, Room 211, Worcester, Massachusetts 01608-2076 on or before **September ⓐ 2016 at 5:00 p.m.** prevailing Eastern Time (the "Specific Objection Deadline"). A copy of any Specific Sales Objection also shall be served upon the (a) proposed counsel to the Debtors, K&L Gates LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111 (Attn: Charles A. Dale III and Mackenzie L. Shea) (b) the Office of the United States Trustee for the District of Massachusetts 446 Main Street, 14th Floor, Worcester, MA 01608 (Attn: Lisa Tingue); (c) proposed counsel for the Committee, Mintz Levin Cohn Ferris Glovsky and Popeo, PC, One Financial Center, Boston MA 02111 (Attn: Adrienne K. Walker); and (d) counsel to General Motors, Pillsbury Winthrop and Shaw Pittman LLP, 1540 Broadway, New York, NY 10036-4039 (Attn: Andrew M. Troop) and Honigman Miller Schwartz and Cohn LLP, 600 Woodward Avenue #2290, First National Building, Detroit, MI 48226 (Attn: Joseph R. Sgroi). Any Specific Sales Objection must state with particularity the grounds for the objection and why the intended transactions should not be authorized. Any Specific Sales Objection shall be governed by Fed. R. Bankr. P. 9014.

### *Hearing*

PLEASE TAKE FURTHER NOTICE that a hearing on the Sale Motion is scheduled to take place on **September 𝟪 , 2016 at 1:30 p.m.** prevailing Eastern Time before the Honorable Christopher J. Panos, United States Bankruptcy Judge, Donohue Federal Building, 595 Main Street, Courtroom 3, Worcester, Massachusetts 01608-2076. At the hearing, the Court may determine further terms and conditions of the sale and the assumption and assignment of Contracts. Any party that filed an objection is expected to be present at the hearing, failing which the objection may be overruled. The Court may take evidence at the hearing to resolve issues of fact. If no objection to the Sale Motion is timely filed, the Court, in its discretion, may cancel the scheduled hearing and approve the sale and the assumption and assignment of the Contracts without a hearing.

- 3 -

Dated: Boston, Massachusetts
     August ___, 2016

Respectfully submitted,

CLARK-CUTLER-MCDERMOTT COMPANY

By its proposed counsel,

/s/ _____
Charles A. Dale III (BBO No. 558839)
Mackenzie L. Shea (BBO No. 666241)
David A. Mawhinney (BBO No. 681737)
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Tel: (617) 261-3100
Fax: (617) 261-3175

E-mail:
        chad.dale@klgates.com
        mackenzie.shea@klgates.com
        david.mawhinney@klgates.com

BOS-4153481 v13

## **EXHIBIT 3**

**Contract Notice**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| **In re** | **Chapter 11** |
| **CLARK-CUTLER-MCDERMOTT COMPANY, et al.,**[1] | **Case No. 16-41188 (CJP)** |
| **Debtors.** | **(Jointly Administered)** |

## NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND PROPOSED CURE AMOUNTS

TO ALL CONTACT COUNTERPARTIES

PLEASE TAKE NOTICE that on July 12, 2016, the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed a *Motion for (I) Order Establishing Bidding Procedures and Granting Related Relief and (II) Order Approving Sale of Substantially all Assets Free and Clear of all Liens, Claims, Encumbrances, and Interests and Granting Related Relief* [Docket No. 50] (the "Sale Motion").[2]

PLEASE TAKE FURTHER NOTICE that on August 2, 2016, the Bankruptcy Court entered the Bidding Procedures Order. Copies of the Sale Motion and Bidding Procedures Order are available at no charge upon request from the undersigned attorney or on the Court's Website: www.mab.uscouts.gov. A login and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information on the Court's Internet Website and may be obtained through the PACER service center at (800) 676-6856 (from the U.S.), or (210) 301-6440 (from outside the US) or at pacer.psc.uscourts.gov.

PLEASE TAKE FURTHER NOTICE that in connection with the proposed sale of assets contemplated by the Sale Motion and Bidding Procedures Order, the Debtors are hereby providing notice of the possible assumption and assignment of the executory contracts and unexpired leases listed on the **Schedule attached hereto** (collectively the "Contracts") to the Winning Bidder for the Debtors' assets to the extent the Winning Bidder seeks to acquire any of the Contracts.

---

[1] The Debtors in these chapter 11 cases are Clark-Cutler-McDermott Company and CCM Automotive Lafayette LLC. CCM's corporate headquarters are located at 5 Fisher Street, Franklin, Massachusetts, 02038. Lafayette, a wholly owned subsidiary of CCM Automotive LLC, has its principal place of business at 1465 Shattuck Industrial Boulevard, Lafayette, Georgia 30728.

[2] Capitalized terms not otherwise defined herein shall have the meanings provided in the Sale Motion.

PLEASE TAKE FURTHER NOTICE that the Schedule attached hereto sets forth the corresponding amount related to each Contract necessary to cure any defaults through the closing of the Sale.

PLEASE TAKE FURTHER NOTICE that any objections to the sale, including the assumption and assignment of the Contracts (except objections on the grounds of adequate assurance of future performance by the Winning Bidder which are discussed below), must be filed in writing with the Clerk, U.S. Bankruptcy Court located at the Donohue Federal Building, 595 Main Street, Room 211, Worcester, Massachusetts 01608-2076 on or before **August 26, 2016 at 5:00 p.m.** Eastern time (the "Sale & Cure Objection Deadline"). A copy of any objection also shall be served upon (a) proposed counsel to the Debtors, K&L Gates LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111 (Attn: Charles A. Dale III and Mackenzie L. Shea) (b) the Office of the United States Trustee for the District of Massachusetts 446 Main Street, 14th Floor, Worcester, MA 01608 (Attn: Lisa Tingue); (c) proposed counsel for the Committee, Mintz Levin Cohn Ferris Glovsky and Popeo, PC, One Financial Center, Boston MA 02111 (Attn: Adrienne K. Walker); and (d) counsel to General Motors, Pillsbury Winthrop and Shaw Pittman LLP, 1540 Broadway, New York, NY 10036-4039 (Attn: Andrew M. Troop) and Honigman Miller Schwartz and Cohn LLP, 600 Woodward Avenue #2290, First National Building, Detroit, MI 48226 (Attn: Joseph R. Sgroi). Any objections shall be governed by Fed. R. Bankr. P. 9014.

PLEASE TAKE FURTHER NOTICE that an Auction for the Debtors' assets may be held on **August 31, 2016 at 10:00 a.m.** at the offices of the Debtors' proposed counsel. Any party in interest wishing to attend the Auction should contact the undersigned. As soon as reasonably practicable after the conclusion of the Auction, the Debtors shall file a notice of the Winning Bidder and such notice shall be served upon all Contract counterparties.

PLEASE TAKE FURTHER NOTICE that any objections to adequate assurance of future performance by the Winning Bidder must be filed in writing with the Clerk, U.S. Bankruptcy located at the Donohue Federal Building, 595 Main Street, Room 211, Worcester, Massachusetts 01608-2076 on or before **September 6, 2016 at 5:00 p.m.** Eastern time (the "Adequate Assurance Objection Deadline"). A copy of any objection also shall be served upon (a) proposed counsel to the Debtors, K&L Gates LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111 (Attn: Charles A. Dale III and Mackenzie L. Shea) (b) the Office of the United States Trustee for the District of Massachusetts 446 Main Street, 14th Floor, Worcester, MA 01608 (Attn: Lisa Tingue); (c) proposed counsel for the Committee, Mintz Levin Cohn Ferris Glovsky and Popeo, PC, One Financial Center, Boston MA 02111 (Attn: Adrienne K. Walker); and (d) counsel to General Motors, Pillsbury Winthrop and Shaw Pittman LLP, 1540 Broadway, New York, NY 10036-4039 (Attn: Andrew M. Troop) and Honigman Miller Schwartz and Cohn LLP, 600 Woodward Avenue #2290, First National Building, Detroit, MI 48226 (Attn: Joseph R. Sgroi). Any objections shall be governed by Fed. R. Bankr. P. 9014.

PLEASE TAKE FURTHER NOTICE that, unless the non-debtor party to a Contract or any other party in interest files an objection on or before the applicable objection deadline, such parties shall (i) be forever barred from objecting to the proposed cure amount or the ability of any Winning Bidder to provide adequate assurance of future performance and from asserting any additional cure or other amounts with respect to such Contract and the Debtors shall be entitled to rely solely upon the proposed cure amount, provided, such cure amount is not modified as

- 2 -

provided for below; (ii) be deemed to have consented to the assumption and assignment of such Contract and shall be forever barred and estopped from asserting or claiming against the Debtors, the Winning Bidder, or any other assignee of the relevant Contract that any additional amounts are due or defaults exist, or conditions to assumption must be satisfied under such Contract; and (iii) to the extent the assumption of the Contract may constitute a default under any related documents, such default shall be deemed to have been irrevocably waived.

PLEASE TAKE FURTHER NOTICE that if you agree with the proposed cure amounts and are satisfied with the adequate assurance of future performance by the Winning Bidder, you need not take any further action by filing an objection.

PLEASE TAKE FURTHER NOTICE  that a hearing on the Sale Motion is scheduled to take place on **September 8, 2016 at 1 :30 p.m.** Eastern time before the Honorable Christopher J. Panos, United States Bankruptcy Judge, Donohue Federal Building, 595 Main Street, Courtroom 3, Worcester, Massachusetts 01608-2076.  At the hearing, the Court may determine further terms and conditions of the sale and the assumption and assignment of Contracts.  Any party that filed an objection is expected to be present at the hearing, failing which the objection may be overruled.  The Court may take evidence at the hearing to resolve issues of fact.  If no objection to the Sale Motion is timely filed, the Court, in its discretion, may cancel the scheduled hearing and approve the sale and the assumption and assignment of the Contracts without a hearing.

PLEASE TAKE FURTHER NOTICE that the Debtors reserve the right to modify the Schedule attached hereto, including changing the proposed cure amounts or including additional agreements.  The Debtors shall provide notice to the affected parties of any modifications.

PLEASE TAKE FURTHER NOTICE that the Debtors reserve the right to remove any Contract from the Schedule attached hereto and the relief requested in the Sale Motion if an objection related thereto is sustained by the Court.

**PLEASE TAKE FURTHER NOTICE THAT, BY LISTING A CONTRACT ON THE SCHEDULE ATTACHED HERETO, (I) THE DEBTORS ARE NOT MAKING A REPRESENTATION THAT ANY SUCH AGREEMENT OR OTHER DOCUMENT IS ACTUALLY AN EXECUTORY CONTRACT OR LEASE, AND (II) NO PARTY IS ASSURED THAT ANY CONTRACT WILL ULTIMATELY BE ASSUMED AND ASSIGNED.**

- 3 -

Dated: Boston, Massachusetts
      August \_\_\_, 2016

Respectfully submitted,

CLARK-CUTLER-MCDERMOTT COMPANY

By its proposed counsel,

_/s/_____

Charles A. Dale III (BBO No. 558839)
Mackenzie L. Shea (BBO No. 666241)
David A. Mawhinney (BBO No. 681737)
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Tel:  (617) 261-3100
Fax: (617) 261-3175

E-mail:
      chad.dale@klgates.com
      mackenzie.shea@klgates.com
      david.mawhinney@klgates.com

## **EXHIBIT 4**

**Winning Bidder Notice**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| **In re** | **Chapter 11** |
| **CLARK-CUTLER-MCDERMOTT COMPANY, *et al.*,[1]** | **Case No. 16-41188 (CJP)** |
| **Debtors.** | **(Jointly Administered)** |

## NOTICE OF WINNING BIDDER

TO ALL CONTRACT COUNTERPARTIES AND OBJECTORS

PLEASE TAKE NOTICE that on July 12, 2016, the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed a *Motion for (I) Order Establishing Bidding Procedures and Granting Related Relief and (II) Order Approving Sale of Substantially All Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests and Granting Related Relief* [Docket No. 50] (the "Sale Motion").[2]

PLEASE TAKE FURTHER NOTICE that on August 2, 2016, the Bankruptcy Court entered the Bidding Procedures Order. Copies of the Sale Motion and Bidding Procedures Order are available at no charge upon request from the undersigned attorney or on the Court's Website: www.mab.uscouts.gov. A login and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information on the Court's Internet Website and may be obtained through the PACER service center at (800) 676-6856 (from the U.S.), or (210) 301-6440 (from outside the US) or at pacer.psc.uscourts.gov.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Bidding Procedures Order, an Auction for the Debtors' assets was held and _____ was/were selected as the Winning Bidder(s). A copy of the Purchase Agreement executed by the Debtors and the Winning Bidder has been filed on the Court's docket and is available through PACER. Interested parties may also request a copy of the Purchase Agreement by emailing David A. Mawhinney, Esq. at david.mawhinney@klgates.com. For each Winning Bidder, there is attached a corresponding schedule identifying (a) the assets subject to that Winning Bidder's Winning Bid, (b) the purchase price to be paid of the assets to be acquires and all executory contracts and unexpired leases (if any) to be assumed and assigned to the Winning Bidder (the "Assumed Contracts"). The Debtors are satisfied that the Winning Bidder demonstrates adequate assurance of future

---

[1] The Debtors in these chapter 11 cases are Clark-Cutler-McDermott Company and CCM Automotive Lafayette LLC. CCM's corporate headquarters are located at 5 Fisher Street, Franklin, Massachusetts, 02038. Lafayette, a wholly owned subsidiary of CCM Automotive LLC, has its principal place of business at 1465 Shattuck Industrial Boulevard, Lafayette, Georgia 30728.

[2] Capitalized terms not otherwise defined herein shall have the meanings provided in the Sale Motion.

performance under the Assumed Contracts.] [The Winning Bidder does not seek an assignment of any executory contracts and unexpired leases in connection with its bid.]

PLEASE TAKE FURTHER NOTICE that any objections to (a) the conduct of the auction or the selection of the Winning Bid(s) or Winning Bidder(s) or (b) adequate assurance of future performance by the Winning Bidder must be filed in writing with the Clerk, U.S. Bankruptcy Court located at the Donohue Federal Building, 595 Main Street, Room 211, Worcester, Massachusetts 01608-2076 on or before **September 6, 2016 at 5:00 p.m.** Eastern time (the "Adequate Assurance Objection Deadline"). A copy of any objection also shall be served upon (a) proposed counsel to the Debtors, K&L Gates LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111 (Attn: Charles A. Dale III and Mackenzie L. Shea) (b) the Office of the United States Trustee for the District of Massachusetts 446 Main Street, 14th Floor, Worcester, MA 01608 (Attn: Lisa Tingue); (c) proposed counsel for the Committee, Mintz Levin Cohn Ferris Glovsky and Popeo, PC, One Financial Center, Boston MA 02111 (Attn: Adrienne K. Walker); and (d) counsel to General Motors, Pillsbury Winthrop and Shaw Pittman LLP, 1540 Broadway, New York, NY 10036-4039 (Attn: Andrew M. Troop) and Honigman Miller Schwartz and Cohn LLP, 600 Woodward Avenue #2290, First National Building, Detroit, MI 48226 (Attn: Joseph R. Sgroi). Any objections shall be governed by Fed. R. Bankr. P. 9014.

PLEASE TAKE FURTHER NOTICE that, unless the non-debtor party to a Contract or any other party in interest files an objection on or before the Adequate Assurance Objection Deadline, such parties shall be forever barred from objecting to the ability of the Winning Bidder to provide adequate assurance of future performance.

PLEASE TAKE FURTHER NOTICE that if you are satisfied with the adequate assurance of future performance by the Winning Bidder, you need not take any further action by filing an objection.

PLEASE TAKE FURTHER NOTICE that a hearing on any objections and the Sale Motion is scheduled to take place on **September 8, 2016 at 1:30 p.m.** Eastern time before the Honorable Christopher J. Panos, United States Bankruptcy Judge, Donohue Federal Building, 595 Main Street, Courtroom 3, Worcester, Massachusetts 01608-2076. At the hearing, the Court may determine further terms and conditions of the sale and the assumption and assignment of Assumed Contracts. Any party that filed an objection is expected to be present at the hearing, failing which the objection may be overruled. The Court may take evidence at the hearing to resolve issues of fact. If no objection to the Sale Motion is timely filed, the Court, in its discretion, may cancel the scheduled hearing and approve the sale and the assumption and assignment of the Assumed Contracts without a hearing.

PLEASE TAKE FURTHER NOTICE that the Debtors, in consultation with the Winning Bidder, reserve the right to remove any Assumed Contract from the Schedule attached hereto at or prior to the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE THAT, BY LISTING A CONTRACT ON THE SCHEDULE ATTACHED HERETO, (I) THE DEBTORS ARE NOT MAKING A REPRESENTATION THAT ANY SUCH AGREEMENT OR OTHER DOCUMENT IS ACTUALLY AN EXECUTORY CONTRACT OR LEASE, AND (II) NO PARTY IS**

**ASSURED THAT ANY CONTRACT WILL ULTIMATELY BE ASSUMED AND ASSIGNED.**

Dated: Boston, Massachusetts
      August \_\_\_, 2016

Respectfully submitted,

CLARK-CUTLER-MCDERMOTT COMPANY

By its proposed counsel,


/s/ _____
Charles A. Dale III (BBO No. 558839)
Mackenzie L. Shea (BBO No. 666241)
David A. Mawhinney (BBO No. 681737)
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Tel:  (617) 261-3100
Fax: (617) 261-3175

E-mail:
    chad.dale@klgates.com
    mackenzie.shea@klgates.com
    david.mawhinney@klgates.com

BOS-4153481 v13