**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>**CLARK-CUTLER-MCDERMOTT COMPANY,** *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-41188 (CJP)<br><br>**(Jointly Administered)** |

**ORDER ALLOWING THE EXPEDITED MOTION DIRECTING
PRODUCTION OF DOCUMENTS AND EXAMINATION PURSUANT TO RULE 2004
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Upon the *Motion for an Order Directing Production of Documents and Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (Request For Expedited Determination Pursuant To MLBR 9013-1(g))* (the "Rule 2004 Motion") of the Official Committee of Unsecured Creditors (the "Committee") along with Clark-Cutler McDermott Company ("CCM") and CCM Automotive Lafayette LLC ("Lafayette" and, together with CCM, the "Debtors") in the above captioned case (the "Debtor"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court having considered the Rule 2004 Motion, the record in this bankruptcy case, and any filed responses or arguments at any hearing on the Rule 2004 Motion; that proper notice has been provided to parties in interest; the Court determining that the relief requested in the Rule 2004 Motion is appropriate and, it is hereby **ORDERED**:

1. The Rule 2004 Motion is granted;

---

[1] The Debtors in these chapter 11 cases are Clark-Cutler-McDermott Company and CCM Automotive Lafayette LLC. CCM's corporate headquarters are located at 5 Fisher Street, Franklin, Massachusetts, 02038. Lafayette, a wholly owned subsidiary of CCM Automotive LLC, has its principal place of business at 1465 Shattuck Industrial Boulevard, Lafayette, Georgia 30728.

55066910v.1

2. The Committee and the Debtor are authorized, but not directed, to conduct examinations of persons listed at **Exhibit A** hereto, and to request the production of documents set forth at **Exhibit B** hereto from such persons, pursuant to Bankruptcy Rule 2004;

3. The Committee and the Debtor may serve subpoenas compelling any person listed at Exhibit A to attend an examination and to produce the documents at Exhibit B in the manner provided in Bankruptcy Rule 9016; <u>provided</u>, <u>however</u>, that notwithstanding any notice requirements contained in the Bankruptcy Rules, the Committee and the Debtor have established just cause to shorten any notice requirements for attendance at any such examination and production of documents to ten (10) days from service of a subpoena, or as may be agreed to by the parties or otherwise ordered by the Court;

4. Should any dispute arise as to the ability of any party to comply with the expedited schedule contemplated by this order and any deadlines required by any subpoena after good faith efforts or should any other discovery disputes arise, prior to filing any discovery motion, the parties shall confer and if unable to resolve all issues shall file a request for a discovery conference with the Court. Any such request shall be limited to two pages, shall not contain argument, and shall set forth a list of topics for discussion. No responsive pleading shall be filed without leave of court;and

5. This Court shall retain jurisdiction to resolve any issues with respect to this Order.

DATED: August 4, 2016        _____
                            Christopher J. Panos
                            United States Bankruptcy Judge

2

# EXHIBIT A
### (Persons Subject to Rule 2004 Examination and Document Requests)

**General Motors, LLC and the following employees (subject to separate order)**

1. Mark Fischer, Director, Supply Risk Management, General Motors, LLC
2. Tom McMillan
3. Debbie Murphy, Director of Purchasing
4. Jeanine Novack
5. Chris Naegeli
6. Rod McIntyre
7. Jeff Buckner, Tactical Operations

**KPMG LLP and the following employees**

1. Philip M. Goy
   Director
   KPMG LLP
   150 West Jefferson Avenue, Suite 1900
   Detroit, MI 48226

2. William J. Byrne
   Manager
   KPMG LLP
   150 West Jefferson Avenue, Suite 1900
   Detroit, MI 48226


**Allegiant International and the following employees**

1. Gary Berndt
   Allegiant International
   450 E. 96th Street, Suite 500
   Indianapolis, IN 46240

**Alternative Supply Chain Providers**

Autoneum
38555 Hills Tech Drive
Farmington Hills, MI 48331

Conform Automotive [Detroit Technologies, Inc.]
32500 Telegraph Road, Suite 207
Bingham Farms, MI

HP Pelzer
1175 Crooks Road
Troy, MI 48084

IAC
28333 Telegraph Road
Southfield, MI 48034

Jason Industries [Janesville Accoustics]
221 Fabritek Drive
Columbus, MS 39702

Unique Fabricating
800 Standard Parkway
Auburn, MI 48326

# EXHIBIT B
## Documents Requested

### DEFINITIONS

1. "You" or "Your" shall mean [Schedule 1 Person], and where applicable, [Schedule 1 Person], and any of the [Schedule 1 Person] predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on the [Schedule 1 Person] behalf.

2. "Assets" shall mean the Debtors' assets as and when filed in their schedules on the docket maintained by the United States Bankruptcy Court for the District of Massachusetts, at Case No. 16-41188 (CJP).

3. "Communication(s)" shall mean every manner of disclosure, exchange, or transmittal, and every disclosure, exchange, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by document, or whether face-to-face, by telephone, mail, personal delivery, electronically, or otherwise, whether directly or indirectly, in any nature whatsoever, including but not limited to, correspondence, conversations, dialogues, interviews, consultations, agreements, and other understandings, among two or more persons. This definition includes, but is not limited to, letters, notes of conversations, contracts, email (in electronic or hard copy form), telegraph, telex, telecopier, facsimile, Internet, on-line service, and/or phone mail (in electronically recorded or transcribed form).

4. "Document(s)" shall be given the broadest interpretation and shall include, without limitation, all writings of every kind, source, and authorship, both originals and non-identical copies thereof, whether in draft or final form in your possession, custody, or control. The term "document(s)" also includes handwritten, typewritten, printed, photocopied, photographic, recorded or electronic stored or generated materials, including email. The term "document(s)"

5

also includes Communications in words, symbols, pictures, sound recordings, film, tapes, microfiche, microfilms, foils, slides, videos and information stored in, or accessible through computer, electronic, magnetic, magneto-optical, and optical means, including disks and/or or other information storage or retrieval systems, together with codes, and/or programming instructions and other material necessary to understand and use such systems.

5. "Debtors" shall mean Clark-Cutler-McDermott Company and/or CCM Automotive Lafayette LLC and their parents, predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf.

6. "Petition Date" shall mean July 7, 2016.

7. "Related to" shall mean analyzing, considering, constituting, defining, evidencing, containing, describing, concerning, commenting, discussing, embodying, explaining, reflecting, detailing, identifying, mentioning, demonstrating, alluding to, referencing, comprising, setting forth, proposing, showing, edifying, stating, supporting, summarizing, referring to, dealing with or in any way pertaining to, in whole or in part, the subject.

8. "Specified Alternative Suppliers" shall mean the following entities and their parents, predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf: Autoneum, Conform Automotive [Detroit Technologies, Inc.], HP Pelzer, IAC, Jason Industries [Janesville Accoustics], and Unique Fabricating.

**INSTRUCTIONS**

1. The documents requested herein are to be produced for inspection and copying at the offices of Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., One Financial Center, Boston,

MA 02111, or other mutually acceptable location.

2. Unless otherwise stated, this Request includes all documents that were written or generated, or came into or were in [Schedule 1 Person] possession, custody or control from January 1, 2016 through the present date, including all documents which are or were in the custody of your employees, servants, attorneys, consultants, staff members, accountants or agents, regardless of the location of such documents.

3. You shall produce all documents or you shall organize and label the documents to correspond with the categories in this request.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.  Documents attached to each other should not be separated.

3. This Request is continuing, requiring supplemental response by [Schedule 1 Person] if any additional responsive documents are discovered, located, identified or obtained after the [Schedule 1 Person] completes his initial production of responsive documents.

4. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

5. If [Schedule 1 Person] contends that the contents of a document called for by this Request are protected from disclosure by a privilege, describe each such document, including without limitation as part of such description:

7

(a) Each privilege that [Schedule 1 Person] contends protects the document from discovery and the basis, in detail, for claiming that privilege;

(b) The document's type (e.g., letter, memorandum, fax, notes, etc.); date; author(s), originator(s) and any person(s) involved in creating the document, and their titles and duties; recipients and all persons who came into possession of the document; the number of pages of the document; and the subject matter of the document.

6. If any document called for by this Request was at one time, but no longer is in [Schedule 1 Person] possession, custody or control, please identify the document, and, in each instance, please explain in detail the circumstances surrounding any such disposition. For instance, if [Schedule 1 Person] has destroyed such a document, specify the date and manner of destruction, the reason for destruction, the name, address and telephone number of the person who destroyed the document, if applicable, and the name, address and telephone number of the custodian of the document on the date and at the time of destruction.

## DOCUMENT REQUESTS

1. All documents related to the Debtors' contracts with GM.

2. All documents related to communications by or between any and/or all of the following entities (including their predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on the entities' behalf, including counsel) regarding the Debtors or the Debtors' business operations: GM, KPMG, Allegiant, Debtors, and the Specified Alternative Suppliers.

3. All documents related to any accounting, financial and/or business operations analysis of the Debtors.

  4. All documents related to any budgets prepared for the Debtors' business operations.

  5. All documents related to alternative supply sources for the parts that Debtors were under contract to manufacture for GM, including, but not limited to, the Specified Alternative Suppliers.

55191813v.1