# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MASSACHUSETTS

## CENTRAL DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **CLARK-CUTLER-MCDERMOTT COMPANY**, *et al.*,[1] | Case No. 16-41188 (CJP) |
| Debtors. | (Jointly Administered) |

### NOTICE OF SERVICE REGARDING NOTICES OF TAKING DEPOSTIONS AND PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that on August 3, 2016 we caused to be served the following

Notices of Taking Deposition and Subpoenas:

| PARTY | SERVED UPON | DATE AND LOCATION DEPOSTION AND/OR PRODUCTION OF DOCUMENTS |
|---|---|---|
| General Motors, LLC | Andrew M. Troop, Esq.<br>Pillsbury Winthrop Shaw Pittman LLP<br>15400 Broadway<br>New York, NY 10036<br><br>and<br><br>Joseph R. Sgroi,  Esq.<br>Honigman Miller Schwartz and Cohn LLP<br>660 Woodward Avenue<br>Detroit, MI 48226 | August 15, 2016 at 9:00 a.m.<br><br>Documents only delivered to:<br><br>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.<br>One Financial Center<br>Boston, MA 02111 |

---

[1]     The Debtors in these chapter 11 cases are Clark-Cutler-McDermott Company and CCM Automotive Lafayette LLC.  CCM's corporate headquarters are located at 5 Fisher Street, Franklin, Massachusetts, 02038. Lafayette, a wholly owned subsidiary of CCM Automotive LLC, has its principal place of business at 1465 Shattuck Industrial Boulevard, Lafayette, Georgia 30728.

| PARTY | SERVED UPON | DATE AND LOCATION DEPOSTION AND/OR PRODUCTION OF DOCUMENTS |
|---|---|---|
| Debbie Murphy | Andrew M. Troop, Esq.<br>Pillsbury Winthrop Shaw Pittman LLP<br>15400 Broadway<br>New York, NY 10036<br><br>and<br><br>Joseph R. Sgroi,  Esq.<br>Honigman Miller Schwartz and Cohn LLP<br>660 Woodward Avenue<br>Detroit, MI 48226 | August 18, 2016 at 9:00 a.m. (Deposition)<br><br>Honigman Miller Schwartz and Cohn LLP<br>660 Woodward Avenue<br>Detroit, MI 48226 |
| Jeff Buckner | Andrew M. Troop, Esq.<br>Pillsbury Winthrop Shaw Pittman LLP<br>15400 Broadway<br>New York, NY 10036<br><br>and<br><br>Joseph R. Sgroi,  Esq.<br>Honigman Miller Schwartz and Cohn LLP<br>660 Woodward Avenue<br>Detroit, MI 48226 | August 18, 2016 at 2:00 p.m. (Deposition)<br><br>Honigman Miller Schwartz and Cohn LLP<br>660 Woodward Avenue<br>Detroit, MI 48226 |
| Jeanine Novak | Andrew M. Troop, Esq.<br>Pillsbury Winthrop Shaw Pittman LLP<br>15400 Broadway<br>New York, NY 10036<br><br>and<br><br>Joseph R. Sgroi,  Esq.<br>Honigman Miller Schwartz and Cohn LLP<br>660 Woodward Avenue<br>Detroit, MI 48226 | August 19, 2016 at 9:00 a.m. (Deposition)<br><br>Honigman Miller Schwartz and Cohn LLP<br>660 Woodward Avenue<br>Detroit, MI 48226 |

On August 4, 2016 we caused to be served the following Subpoenas:

| PARTY | SERVED UPON | DATE AND LOCATION OF DEPOSITION AND/OR PRODUCTION OF DOCUMENTS |
|---|---|---|
| Gary Berndt | Allegiant International<br>450 E. 96th Street, Suite 500<br>Indianapolis, IN 46240<br><br>and<br><br>Lucy Dollens<br>Quarles & Brady<br>135 N. Pennsylvania Street, Suite 2400<br>Indianapolis, IN 46204 | August 16, 2016 (Documents to be produced)<br>August 19, 2016 at 1:00 p.m. (Deposition)<br><br>StewartRichardson Court Reporting/U.S. Legal Support<br>One Indiana Square<br>211 North Pennsylvania<br>Suite 2425<br>Indianapolis, IN  46204 |
| IAC | IAC<br>28333 Telegraph Road<br>Southfield, MI 48034<br><br>and<br><br>REGISTERED AGENT<br>101 W. Big Beaver Road, 10th Fl.<br>Troy, MI 48084 | August 16, 2016 (Documents to be produced)<br>August 22, 2016 at 10:00 a.m. Deposition)<br><br>Honigman Miller Schwartz and Cohn LLP<br>660 Woodward Avenue<br>Detroit, MI 48226 |
| Conform Automotive | 32500 Telegraph Road, Suite 207<br>Bingham Farms, MI 48025<br><br>And<br><br>Gary Stanis<br>32500 Telegraph Road, Suite 207<br>Bingham Farms, MI 48025 | August 16, 2016 (Documents to be produced)<br>August 22, 2016 at 2:00 p.m. (Deposition)<br><br>Honigman Miller Schwartz and Cohn LLP<br>660 Woodward Avenue<br>Detroit, MI 48226 |
| Autoneum | Autoneum<br>38555 Hills Tech Drive<br>Farmington Hills, MI 48331<br><br>and<br><br>The Corporation Company<br>30600 Telegraph Road, Suite 2345<br>Bingham Farms, MI 48025 | August 16, 2016 (Documents to be produced)<br>August 23, 2016 at 10:00 a.m. (Deposition)<br><br>Honigman Miller Schwartz and Cohn LLP<br>660 Woodward Avenue<br>Detroit, MI 48226 |

| PARTY | SERVED UPON | DATE AND LOCATION OF DEPOSITION AND/OR PRODUCTION OF DOCUMENTS |
|---|---|---|
| HP Pelzer | HP Pelzer<br>1175 Crooks Road<br>Troy, MI 48084<br><br>and<br><br>Matthew Buschbacher<br>1175 Crooks Road<br>Troy, MI 48084 | August 16, 2016 (Documents to be produced)<br>August 23, 2016 at 1:00 p.m. (Deposition)<br><br>Honigman Miller Schwartz and Cohn LLP<br>660 Woodward Avenue<br>Detroit, MI 48226 |
| Unique Fabricating | Unique Fabricating<br>800 Standard Parkway<br>Auburn, MI 48326<br><br>and<br><br>Thomas Tekiele<br>800 Standard Parkway<br>Auburn, MI 48326 | August 16, 2016 (Documents to be produced)<br>August 23, 2016 at 3:00 p.m. (Deposition)<br><br>Honigman Miller Schwartz and Cohn LLP<br>660 Woodward Avenue<br>Detroit, MI 48226 |
| Keeper of Records | KPMG LLP<br>150 West Jefferson Avenue, Suite 1900<br>Detroit, MI 48226<br><br>and<br><br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 | August 16, 2016 (Documents only)<br><br>Delivered to:<br>Honigman Miller Schwartz and Cohn LLP<br>660 Woodward Avenue<br>Detroit, MI 48226 |

| PARTY | SERVED UPON | DATE AND LOCATION OF DEPOSITION AND/OR PRODUCTION OF DOCUMENTS |
|-------|-------------|--------------------------------------------------------------|
| Keeper of Records | Jason Industries<br>221 Fabritek Drive<br>Columbus, MS 39702<br><br>and<br><br>CT Corporation System<br>645 Lakeland East Drive, Suite 101<br>Flowood, MS 39232 | August 16, 2016 (Documents only)<br><br>Delivered to:<br><br>Honigman Miller Schwartz and Cohn LLP<br>660 Woodward Avenue<br>Detroit, MI 48226 |

Dated: August 9, 2016

/S/  *Adrienne K. Walker*
Adrienne K. Walker (BBO #641490)
Scott C. Ford (BBO # 629280)
Keith P. Carroll (BBO #666039)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO P.C.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 542-6000
Email: awalker@mintz.com

*Proposed counsel to Official Committee of Unsecured Creditors of Clark-Cutler-McDermott Company et al.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>CLARK-CUTLER-MCDERMOTT<br>COMPANY, *et al*.,[1]<br><br>          Debtors. | Chapter 11<br><br>Case No. 16-41188 (CJP)<br><br>(Jointly Administered) |

## NOTICE OF TAKING DEPOSITION

To:      **General Motors, LLC**
          **c/o Andrew M. Troop, Esq.**
          **PILLSBURY, WINTHROP SHAW PITTMAN LLP**
          **1540 Broadway**
          **New York, NY 10036**

          **and**

          **c/o Joseph R. Sgroi, Esq.**
          **HONIGMAN MILLER SCHWARTZ AND COHN LLP**
          **2290 First National Building**
          **660 Woodward Avenue**
          **Detroit, MI 48226**

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, as made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure, at **9:00 a.m.** on **Monday, August 15, 2016,** at the offices of Honigman, Miller, Schawartz and Cohn LLP, 2290 first National Building, 660 Woodward Avenue, Detroit, MI 48226-3506, the Official Committee of Unsecured Creditors of Clark-Cutler-McDermott Company (the "Debtor"), by his attorney, Scott C. Ford, will take the deposition upon oral examination of the **Keeper of Records of General Motors, LLC** before a Notary Public or some other officer duly authorized to administer oaths in and for the State of Michigan.

---

[1]      The Debtors in these chapter 11 cases are Clark-Cutler-McDermott Company and CCM Automotive Lafayette LLC. CCM's corporate headquarters are located at 5 Fisher Street, Franklin, Massachusetts, 02038. Lafayette, a wholly owned subsidiary of CCM Automotive LLC, has its principal place of business at 1465 Shattuck Industrial Boulevard, Lafayette, Georgia 30728.

The deponent is further requested to bring with him/her all of the documents described in the attached Schedule A. This deposition will continue from day to day until completed, unless the witness elects to produce the requested documents in lieu of appearing on or before Monday, August 15, 2016. All counsel are invited to attend and cross-examine.

Dated:   August 3, 2016

/s/ *Scott C. Ford*
Adrienne K. Walker (BBO #641490)
Scott C. Ford (BBO # 629280)
Keith P. Carroll (BBO #666039)
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY AND POPEO P.C.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 542-6000
Email: awalker@mintz.com
        sford@mintz.com
        kcarroll@mintz.com

## SCHEDULE A
### Documents Requested

## DEFINITIONS

1.      "<u>You</u>" or "<u>Your</u>" shall mean [Schedule 1 Person], and where applicable, [Schedule 1 Person], and any of the [Schedule 1 Person] predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on the [Schedule 1 Person] behalf.

2.      "<u>Assets</u>" shall mean the Debtors' assets as and when  filed in their schedules on the docket maintained by the United States Bankruptcy Court for the District of Massachusetts, at Case No. 16-41188 (CJP).

3.      "<u>Communication(s)</u>" shall mean every manner of disclosure, exchange, or transmittal, and every disclosure, exchange, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by document, or whether face-to-face, by telephone, mail, personal delivery, electronically, or otherwise, whether directly or indirectly, in any nature whatsoever, including but not limited to, correspondence, conversations, dialogues, interviews, consultations, agreements, and other understandings, among two or more persons. This definition includes, but is not limited to, letters, notes of conversations, contracts, email (in electronic or hard copy form), telegraph, telex, telecopier, facsimile, Internet, on-line service, and/or phone mail (in electronically recorded or transcribed form).

4.      "<u>Document(s)</u>" shall be given the broadest interpretation and shall include, without limitation, all writings of every kind, source, and authorship, both originals and non-identical copies thereof, whether in draft or final form in your possession, custody, or control. The term "<u>document(s)</u>" also includes handwritten, typewritten, printed, photocopied, photographic, recorded or electronic stored or generated materials, including email.  The term

"document(s)" also includes Communications in words, symbols, pictures, sound recordings, film, tapes, microfiche, microfilms, foils, slides, videos and information stored in, or accessible through computer, electronic, magnetic, magneto-optical, and optical means, including disks and/or or other information storage or retrieval systems, together with codes, and/or programming instructions and other material necessary to understand and use such systems.

5.      "Debtors" shall mean Clark-Cutler-McDermott Company and/or CCM Automotive Lafayette LLC and their parents, predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf.

6.      "Petition Date" shall mean July 7, 2016.

7.      "Related to" shall mean analyzing, considering, constituting, defining, evidencing, containing, describing, concerning, commenting, discussing, embodying, explaining, reflecting, detailing, identifying, mentioning, demonstrating, alluding to, referencing, comprising, setting forth, proposing, showing, edifying, stating, supporting, summarizing, referring to, dealing with or in any way pertaining to, in whole or in part, the subject.

8.      "Specified Alternative Suppliers" shall mean the following entities and their parents, predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf: Autoneum, Conform Automotive [Detroit Technologies, Inc.], HP Pelzer, IAC, Jason Industries [Janesville Accoustics], and Unique Fabricating.

## INSTRUCTIONS

1.      The documents requested herein are to be produced for inspection and copying at the offices of Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., One Financial Center, Boston,

MA 02111, or other mutually acceptable location.

2.      Unless otherwise stated, this Request includes all documents that were written or generated, or came into or were in [Schedule 1 Person] possession, custody or control from January 1, 2016 through the present date, including all documents which are or were in the custody of your employees, servants, attorneys, consultants, staff members, accountants or agents, regardless of the location of such documents.

3.      You shall produce all documents or you shall organize and label the documents to correspond with the categories in this request. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself. Documents attached to each other should not be separated.

3.      This Request is continuing, requiring supplemental response by [Schedule 1 Person] if any additional responsive documents are discovered, located, identified or obtained after the [Schedule 1 Person] completes his initial production of responsive documents.

4.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

5.      If [Schedule 1 Person] contends that the contents of a document called for by this Request are protected from disclosure by a privilege, describe each such document, including without limitation as part of such description:

(a)     Each privilege that [Schedule 1 Person] contends protects the document from discovery and the basis, in detail, for claiming that privilege;

(b)     The document's type (e.g., letter, memorandum, fax, notes, etc.); date; author(s), originator(s) and any person(s) involved in creating the document, and their titles and duties; recipients and all persons who came into possession of the document; the number of pages of the document; and the subject matter of the document.

6.      If any document called for by this Request was at one time, but no longer is in [Schedule 1 Person] possession, custody or control, please identify the document, and, in each instance, please explain in detail the circumstances surrounding any such disposition.  For instance, if [Schedule 1 Person] has destroyed such a document, specify the date and manner of destruction, the reason for destruction, the name, address and telephone number of the person who destroyed the document, if applicable, and the name, address and telephone number of the custodian of the document on the date and at the time of destruction.

## DOCUMENT REQUESTS

1.      All documents related to the Debtors' contracts with GM.

2.      All documents related to communications by or between any and/or all of the following entities (including their predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on the entities' behalf, including counsel) regarding the Debtors or the Debtors' business operations:  GM, KPMG, Allegiant, Debtors, and the Specified Alternative Suppliers.

3.      All documents related to any accounting, financial and/or business operations analysis of the Debtors.

4.      All documents related to any budgets prepared for the Debtors' business

operations.

5.      All documents related to alternative supply sources for the parts that Debtors were

under contract to manufacture for GM, including, but not limited to, the Specified Alternative

Suppliers.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 3, 2016, 2016, I served a copy of the within Notice of Taking Deposition  to be served by first class mail, postage prepaid upon counsel to General Motors, LLC.

<u>/s/ Scott C. Ford</u>
Scott C. Ford

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| CLARK-CUTLER-MCDERMOTT COMPANY, *et al.*,[1] | Case No. 16-41188 (CJP) |
|  | (Jointly Administered) |
| Debtors. |  |

## NOTICE OF TAKING DEPOSITION

To:     **Debbie Murphy**
 **c/o Andrew M. Troop, Esq.**
**PILLSBURY, WINTHROP SHAW PITTMAN LLP**
**1540 Broadway**
**New York, NY 10036**

**and**

**c/o Joseph R. Sgroi, Esq.**
**HONIGMAN MILLER SCHWARTZ AND COHN LLP**
**2290 First National Building**
**660 Woodward Avenue**
**Detroit, MI 48226**

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, as made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure, at **9:00 a.m.** on **Thursday, August 18, 2016,** at the offices of Honigman, Miller, Schawartz and Cohn LLP, 2290 first National Building, 660 Woodward Avenue, Detroit, MI 48226-3506, the Official Committee of Unsecured Creditors of Clark-Cutler-McDermott Company (the "Debtor"), by his attorney, Scott C. Ford, will take the deposition upon oral examination of **Debbie Murphy, a General Motors, LLC employee** before a Notary Public or some other officer duly authorized to administer oaths in and for the State of Michigan.

---

[1]     The Debtors in these chapter 11 cases are Clark-Cutler-McDermott Company and CCM Automotive Lafayette LLC.  CCM's corporate headquarters are located at 5 Fisher Street, Franklin, Massachusetts, 02038. Lafayette, a wholly owned subsidiary of CCM Automotive LLC, has its principal place of business at 1465 Shattuck Industrial Boulevard, Lafayette, Georgia 30728.

This deposition will continue from day to day until completed.  All counsel are invited to attend and cross-examine.

Dated:      August 3, 2016                        /s/  *Scott C. Ford*
                                                  Adrienne K. Walker (BBO #641490)
                                                  Scott C. Ford (BBO # 629280)
                                                  Keith P. Carroll (BBO #666039)
                                                  MINTZ, LEVIN, COHN, FERRIS,
                                                   GLOVSKY AND POPEO P.C.
                                                  One Financial Center
                                                  Boston, Massachusetts 02111
                                                  Telephone: (617) 542-6000
                                                  Email: awalker@mintz.com
                                                          sford@mintz.com
                                                          kcarroll@mintz.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 3, 2016, 2016, I served a copy of the within Notice of Taking Deposition  to be served by first class mail, postage prepaid to counsel to General Motors, LLC.

<u>/s/ Scott C. Ford</u>
Scott C. Ford

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CLARK-CUTLER-MCDERMOTT COMPANY, *et al.*,[1] | Case No. 16-41188 (CJP) |
| | (Jointly Administered) |
| Debtors. | |

## NOTICE OF TAKING DEPOSITION

To:      **Jeff Buckner**
          **c/o Andrew M. Troop, Esq.**
          **PILLSBURY, WINTHROP SHAW PITTMAN LLP**
          **1540 Broadway**
          **New York, NY 10036**

          **and**

          **c/o Joseph R. Sgroi, Esq.**
          **HONIGMAN MILLER SCHWARTZ AND COHN LLP**
          **2290 First National Building**
          **660 Woodward Avenue**
          **Detroit, MI 48226**

PLEASE TAKE NOTICE that, pursuant TO Rule 30 of the Federal Rules of Civil Procedure, as made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure, at **2:00 p.m.** on **Thursday, August 18, 2016,** at the offices of Honigman, Miller, Schawartz and Cohn LLP, 2290 first National Building, 660 Woodward Avenue, Detroit, MI 48226-3506, the Official Committee of Unsecured Creditors of Clark-Cutler-McDermott Company (the "Debtor"), by his attorney, Scott C. Ford, will take the deposition upon oral examination of **Jeff Buckner, a General Motors employee** before a Notary Public or some other officer duly authorized to administer oaths in and for the State of Michigan.

---

[1]      The Debtors in these chapter 11 cases are Clark-Cutler-McDermott Company and CCM Automotive Lafayette LLC.  CCM's corporate headquarters are located at 5 Fisher Street, Franklin, Massachusetts, 02038.  Lafayette, a wholly owned subsidiary of CCM Automotive LLC, has its principal place of business at 1465 Shattuck Industrial Boulevard, Lafayette, Georgia 30728.

This deposition will continue from day to day until completed.  All counsel are invited to attend and cross-examine.

Dated:     August 3, 2016

/s/  *Scott C. Ford*
Adrienne K. Walker (BBO #641490)
Scott C. Ford (BBO # 629280)
Keith P. Carroll (BBO #666039)
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY AND POPEO P.C.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 542-6000
Email: awalker@mintz.com
         sford@mintz.com
         kcarroll@mintz.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 3, 2016, 2016, I served a copy of the within Notice of Taking Deposition  to be served by first class mail, postage prepaid to counsel for General Motors, LLC.

            /s/ Scott C. Ford
            Scott C. Ford

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>CLARK-CUTLER-MCDERMOTT<br>COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-41188 (CJP)<br><br>(Jointly Administered) |

## NOTICE OF TAKING DEPOSITION

To:      **Jeanine Novak**
          **c/o Andrew M. Troop, Esq.**
          **PILLSBURY, WINTHROP SHAW PITTMAN LLP**
          **1540 Broadway**
          **New York, NY 10036**

          **and**

          **c/o Joseph R. Sgroi, Esq.**
          **HONIGMAN MILLER SCHWARTZ AND COHN LLP**
          **2290 First National Building**
          **660 Woodward Avenue**
          **Detroit, MI 48226**

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, as made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure, at **9:00 a.m.** on **Friday, August 19, 2016,** at the offices of Honigman, Miller, Schawartz and Cohn LLP, 2290 first National Building, 660 Woodward Avenue, Detroit, MI 48226-3506, the Official Committee of Unsecured Creditors of Clark-Cutler-McDermott Company (the "Debtor"), by his attorney, Scott C. Ford, will take the deposition upon oral examination of **Jeanine Novak, a General Motors employee** before a Notary Public or some other officer duly authorized to administer oaths in and for the State of Michigan.

---

[1]      The Debtors in these chapter 11 cases are Clark-Cutler-McDermott Company and CCM Automotive Lafayette LLC.  CCM's corporate headquarters are located at 5 Fisher Street, Franklin, Massachusetts, 02038. Lafayette, a wholly owned subsidiary of CCM Automotive LLC, has its principal place of business at 1465 Shattuck Industrial Boulevard, Lafayette, Georgia 30728.

This deposition will continue from day to day until completed.  All counsel are invited to attend and cross-examine.

Dated:    August 3, 2016

/S/  *Scott C. Ford*
Adrienne K. Walker (BBO #641490)
Scott C. Ford (BBO # 629280)
Keith P. Carroll (BBO #666039)
Mintz, Levin, Cohn, Ferris,
 Glovsky and Popeo P.C.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 542-6000
Email: awalker@mintz.com
           sford@mintz.com
           kcarroll@mintz.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 3, 2016, 2016, I served a copy of the within Notice of Taking Deposition  to be served by first class mail, postage prepaid to counsel for General Motors, LLC

<u>/s/ Scott C. Ford</u>
Scott C. Ford

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of    Massachusetts

In re    CLARK-CUTLER-MCDERMOTT COMPANY, et al.,
_____
                        Debtor

*(Complete if issued in an adversary proceeding)*

Case No.   16-41188-CJP

Chapter    11

_____
                        Plaintiff

v.

_____
                        Defendant

Adv. Proc. No.   _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    Gary Berndt
_____
*(Name of person to whom the subpoena is directed)*

[x]  *Testimony*:  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE Stewart Richardson Court Reporting / U.S. Legal Support<br>One Indiana Square<br>211 North Pennsylvania St., Suite 2425<br>Indianapolis, IN 46204 | DATE AND TIME<br>August 19, 2016 at 1:00 p.m. |
|---|---|

The deposition will be recorded by this method:        Court Reporter

[ ]  *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    8/4/2016
_____

CLERK OF COURT

OR

_____          s/ Scott C. Ford
*Signature of Clerk or Deputy Clerk*          _____
                                          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Official Committee of Unsecured Creditors who issues or requests this subpoena, are:
Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., c/o Scott Ford, One Financial Center, Boston, MA 02111, (617) 348-1744 sford@mintz.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows:   FEDERAL EXPRESS
_____

_____ on *(date)*   AUGUST 4, 2016   _____ ; or

☐ I returned the subpoena unexecuted because:   _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____   AUGUST 4, 2016


/s/ Scott C. Ford
_____
*Server's signature*

Scott C. Ford
_____
*Printed name and title*

Mintz Levin
One Financial Center
Boston, M 02111
_____
*Server's address*


Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

|  |  |
|---|---|
| **In re:** | **Chapter 11** |
| **CLARK-CUTLER-MCDERMOTT COMPANY, et al.,**[1/] | **Case No. 16-41188 (CJP)** |
| **Debtors.** | **(Jointly Administered)** |

## ORDER ALLOWING THE EXPEDITED MOTION DIRECTING PRODUCTION OF DOCUMENTS AND EXAMINATION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Upon the *Motion for an Order Directing Production of Documents and Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (Request For Expedited Determination Pursuant To MLBR 9013-1(g))* (the "Rule 2004 Motion") of the Official Committee of Unsecured Creditors (the "Committee") along with Clark-Cutler McDermott Company ("CCM") and CCM Automotive Lafayette LLC ("Lafayette" and, together with CCM, the "Debtors") in the above captioned case (the "Debtor"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court having considered the Rule 2004 Motion, the record in this bankruptcy case, and any filed responses or arguments at any hearing on the Rule 2004 Motion; that proper notice has been provided to parties in interest; the Court determining that the relief requested in the Rule 2004 Motion is appropriate and, it is hereby

**ORDERED**:

1.    The Rule 2004 Motion is granted;

---

[1/]    The Debtors in these chapter 11 cases are Clark-Cutler-McDermott Company and CCM Automotive Lafayette LLC. CCM's corporate headquarters are located at 5 Fisher Street, Franklin, Massachusetts, 02038. Lafayette, a wholly owned subsidiary of CCM Automotive LLC, has its principal place of business at 1465 Shattuck Industrial Boulevard, Lafayette, Georgia 30728.

2.      The Committee and the Debtor are authorized, but not directed, to conduct examinations of persons listed at **Exhibit A** hereto, and to request the production of documents set forth at **Exhibit B** hereto from such persons, pursuant to Bankruptcy Rule 2004;

3.      The Committee and the Debtor may serve subpoenas compelling any person listed at Exhibit A to attend an examination and to produce the documents at Exhibit B in the manner provided in Bankruptcy Rule 9016; provided, however, that notwithstanding any notice requirements contained in the Bankruptcy Rules, the Committee and the Debtor have established just cause to shorten any notice requirements for attendance at any such examination and production of documents to ten (10) days from service of a subpoena, or as may be agreed to by the parties or otherwise ordered by the Court;

4.      Should any dispute arise as to the ability of any party to comply with the expedited schedule contemplated by this order and any deadlines required by any subpoena after good faith efforts or should any other discovery disputes arise, prior to filing any discovery motion, the parties shall confer and if unable to resolve all issues shall file a request for a discovery conference with the Court.  Any such request shall be limited to two pages, shall not contain argument, and shall set forth a list of topics for discussion.  No responsive pleading shall be filed without leave of court; and

5.      This Court shall retain jurisdiction to resolve any issues with respect to this Order.

DATED: August 4, 2016

_____
Christopher J. Panos
United States Bankruptcy Judge

2

**EXHIBIT A**
**(Persons Subject to Rule 2004 Examination and Document Requests)**

<u>**General Motors, LLC and the following employees (subject to separate order)**</u>

1. Mark Fischer, Director, Supply Risk Management, General Motors, LLC
2. Tom McMillan
3. Debbie Murphy, Director of Purchasing
4. Jeanine Novack
5. Chris Naegeli
6. Rod McIntyre
7. Jeff Buckner, Tactical Operations

<u>**KPMG LLP and the following employees**</u>

1. Philip M. Goy
   Director
   KPMG LLP
   150 West Jefferson Avenue, Suite 1900
   Detroit, MI 48226

2. William J. Byrne
   Manager
   KPMG LLP
   150 West Jefferson Avenue, Suite 1900
   Detroit, MI 48226

<u>**Allegiant International and the following employees**</u>

1. Gary Berndt
   Allegiant International
   450 E. 96th Street, Suite 500
   Indianapolis, IN 46240

<u>**Alternative Supply Chain Providers**</u>

Autoneum
38555 Hills Tech Drive
Farmington Hills, MI 48331

Conform Automotive [Detroit Technologies, Inc.]
32500 Telegraph Road, Suite 207
Bingham Farms, MI

HP Pelzer
1175 Crooks Road
Troy, MI 48084

IAC
28333 Telegraph Road
Southfield, MI 48034

Jason Industries [Janesville Accoustics]
221 Fabritek Drive
Columbus, MS 39702

Unique Fabricating
800 Standard Parkway
Auburn, MI 48326

## EXHIBIT B
### Documents Requested

### DEFINITIONS

1.      "You" or "Your" shall mean [Schedule 1 Person], and where applicable, [Schedule 1 Person], and any of the [Schedule 1 Person] predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on the [Schedule 1 Person] behalf.

2.      "Assets" shall mean the Debtors' assets as and when filed in their schedules on the docket maintained by the United States Bankruptcy Court for the District of Massachusetts, at Case No. 16-41188 (CJP).

3.      "Communication(s)" shall mean every manner of disclosure, exchange, or transmittal, and every disclosure, exchange, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by document, or whether face-to-face, by telephone, mail, personal delivery, electronically, or otherwise, whether directly or indirectly, in any nature whatsoever, including but not limited to, correspondence, conversations, dialogues, interviews, consultations, agreements, and other understandings, among two or more persons. This definition includes, but is not limited to, letters, notes of conversations, contracts, email (in electronic or hard copy form), telegraph, telex, telecopier, facsimile, Internet, on-line service, and/or phone mail (in electronically recorded or transcribed form).

4.      "Document(s)" shall be given the broadest interpretation and shall include, without limitation, all writings of every kind, source, and authorship, both originals and non-identical copies thereof, whether in draft or final form in your possession, custody, or control. The term "document(s)" also includes handwritten, typewritten, printed, photocopied, photographic, recorded or electronic stored or generated materials, including email. The term "document(s)"

also includes Communications in words, symbols, pictures, sound recordings, film, tapes, microfiche, microfilms, foils, slides, videos and information stored in, or accessible through computer, electronic, magnetic, magneto-optical, and optical means, including disks and/or other information storage or retrieval systems, together with codes, and/or programming instructions and other material necessary to understand and use such systems.

5.     "Debtors" shall mean Clark-Cutler-McDermott Company and/or CCM Automotive Lafayette LLC and their parents, predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf.

6.     "Petition Date" shall mean July 7, 2016.

7.     "Related to" shall mean analyzing, considering, constituting, defining, evidencing, containing, describing, concerning, commenting, discussing, embodying, explaining, reflecting, detailing, identifying, mentioning, demonstrating, alluding to, referencing, comprising, setting forth, proposing, showing, edifying, stating, supporting, summarizing, referring to, dealing with or in any way pertaining to, in whole or in part, the subject.

8.     "Specified Alternative Suppliers" shall mean the following entities and their parents, predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf: Autoneum, Conform Automotive [Detroit Technologies, Inc.], HP Pelzer, IAC, Jason Industries [Janesville Accoustics], and Unique Fabricating.

## **INSTRUCTIONS**

1.     The documents requested herein are to be produced for inspection and copying at the offices of Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., One Financial Center, Boston,

6

MA 02111, or other mutually acceptable location.

2.      Unless otherwise stated, this Request includes all documents that were written or generated, or came into or were in [Schedule 1 Person] possession, custody or control from January 1, 2016 through the present date, including all documents which are or were in the custody of your employees, servants, attorneys, consultants, staff members, accountants or agents, regardless of the location of such documents.

3.      You shall produce all documents or you shall organize and label the documents to correspond with the categories in this request.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.  Documents attached to each other should not be separated.

3.      This Request is continuing, requiring supplemental response by [Schedule 1 Person] if any additional responsive documents are discovered, located, identified or obtained after the [Schedule 1 Person] completes his initial production of responsive documents.

4.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

5.      If [Schedule 1 Person] contends that the contents of a document called for by this Request are protected from disclosure by a privilege, describe each such document, including without limitation as part of such description:

(a)    Each privilege that [Schedule 1 Person] contends protects the document from

discovery and the basis, in detail, for claiming that privilege;

(b)    The document's type (e.g., letter, memorandum, fax, notes, etc.); date; author(s);

originator(s) and any person(s) involved in creating the document, and their titles and

duties; recipients and all persons who came into possession of the document; the number

of pages of the document; and the subject matter of the document.

6.    If any document called for by this Request was at one time, but no longer is in

[Schedule 1 Person] possession, custody or control, please identify the document, and, in each

instance, please explain in detail the circumstances surrounding any such disposition.  For instance,

if [Schedule 1 Person] has destroyed such a document, specify the date and manner of destruction,

the reason for destruction, the name, address and telephone number of the person who destroyed

the document, if applicable, and the name, address and telephone number of the custodian of the

document on the date and at the time of destruction.

## DOCUMENT REQUESTS

1.    All documents related to the Debtors' contracts with GM.

2.    All documents related to communications by or between any and/or all of the

following entities (including their predecessors, subsidiaries, affiliates, present and former

directors and officers, present and former employees, representatives, investors, agents and all

others acting or purporting to act on the entities' behalf, including counsel) regarding the Debtors

or the Debtors' business operations:  GM, KPMG, Allegiant, Debtors, and the Specified

Alternative Suppliers.

3.    All documents related to any accounting, financial and/or business operations

analysis of the Debtors.

4.     All documents related to any budgets prepared for the Debtors' business

operations.

5.     All documents related to alternative supply sources for the parts that Debtors were

under contract to manufacture for GM, including, but not limited to, the Specified Alternative

Suppliers.

9

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____MASSACHUSETTS_____

In re   ___CLARK-CUTLER-MCDERMOTT COMPANY, et al.,___          Case No. _____16-41188-CJP_____

Debtor                                                         Chapter _____11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ___GARY BERNDT - ALLEGIANT INTERNATIONAL___

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| STEWARTRICHARDSON COURT REPORTING<br>ONE INDIANA SQUARE<br>211 NORTH PENNSYLVANIA, SUITE 2425<br>INDIANAPOLIS, IN 46204 | AUGUST 19, 2016 AT 1:00 P.M. |

The examination will be recorded by this method: _____Court Reporter_____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

DOCUMENTS TO BE PRODUCED UPON COUNSEL LISTED BELOW BY AUGUST 16, 2016.
SEE ATTACHED EXHIBIT A

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   _August 4, 2016_

                CLERK OF COURT

                                        OR     /s/ Scott C. Ford

        _____          _____
        *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___Scott C. Ford_____, who issues or requests this subpoena, are:
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
ONE FINANCIAL CENTER, BOSTON, MA 02111
(617) 348-1744  sford@mintz.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____ FEDERAL EXPRESS

_____

_____ on *(date)* _____ AUGUST 4, 2016 ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____ AUGUST 4, 2016

/s/ Scott C. Ford

_____
Scott C. Ford             *Server's signature*


_____
*Printed name and title*

Mintz Levin
One Financial Center
Boston, MA 02111
_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of ___MASSACHUSETTS_____

In re ___CLARK-CUTLER-MCDERMOTT COMPANY, et al.,___    Case No. _____16-41188-CJP_____

         Debtor

                                                    Chapter ____11____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ___Internal Automotive Components (IAC)_____

*(Name of person to whom the subpoena is directed)*

[x] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Honigman Miller Schwartz and Cohn LLP<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226-3506 | August 22, 2016 at 10:00 a.m. |

The examination will be recorded by this method: Court Reporter
If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters set forth in Exhibit A.

[ ] *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   _August 4, 2016_

         CLERK OF COURT

                                    OR    /s/ Scott C. Ford

         _____         _____
         *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___Scott C. Ford_____ , who issues or requests this subpoena, are:
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
ONE FINANCIAL CENTER, BOSTON, MA 02111
(617) 348-1744  sford@mintz.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: FEDERAL EXPRESS _____

_____

_____ on *(date)* AUGUST 4, 2016 _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

AUGUST 4, 2016

Date: _____

/s/ Scott C. Ford

_____
Scott C. Ford               *Server's signature*

_____
*Printed name and title*

Mintz Levin
One Financial Center
Boston, MA 02111
_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## DEFINITIONS

1.      "You" or "Your" shall mean International Automotive Components (IAC), and any of its predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on IAC's behalf.

2.      "GM" shall refer to General Motors, LLC and any of its predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on General Motors, LLC's behalf.

3.      "KPMG" shall mean KPMG, LLP, and any of its predecessors, subsidiaries, affiliates present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on KPMG, LLP's behalf.

4.      "Debtors" shall mean Clark-Cutler-McDermott Company and/or CCM Automotive Lafayette LLC and any of their parents, predecessors, subsidiaries affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf.

5.      "Allegiant" shall mean Allegiant International, LLC, and any of its predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on Allegiant International, LLC's behalf.

6.      "Specified Alternative Suppliers" shall mean You, Autoneum North America, Inc., Conform Automotive [Detroit Technologies, Inc.], HP Pelzer Automotive Systems, Jason Inc. [Janesville Acoustics], and Unique Fabricating, Inc. and any of their predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf.

## INSTRUCTIONS

1.      The relevant time period for the Topics listed below is January 1, 2016 to present.

## TOPICS FOR EXAMINATION

1.      Your knowledge of the Debtors' contracts with GM.

2.      Communications by or between any and/or all of the following regarding the Debtors or the Debtors' business operations: You, GM, KPMG, Allegiant, Debtors, and the Alternative Supply Chain Providers.

3.      Your knowledge of any accounting, financial, and/or business operations analysis of the Debtors.

4.      Your knowledge of any budgets prepared for the Debtors' business operations.

5.      Your knowledge of the parts that Debtors were under contract to manufacture for GM, and any alternative supply sources for those parts, including, without limitation, the Specified Alternative Suppliers.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of ___MASSACHUSETTS___

In re ___CLARK-CUTLER-MCDERMOTT COMPANY, et al.,___         Case No. _____16-41188-CJP_____

Debtor                                                       Chapter ____11____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ___Conform Automotive [Detroit Technologies, Inc.]_____

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Honigman Miller Schwartz and Cohn LLP<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226-3506 | August 22, 2016 at 2:00 p.m. |

The examination will be recorded by this method: ___Court Reporter___
If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters set forth in Exhibit A.

☐ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  ___August 4, 2016___

                    CLERK OF COURT

                                              OR       /s/ Scott C. Ford

    _____              _____
    *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___Scott C. Ford_____ , who issues or requests this subpoena, are:
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
ONE FINANCIAL CENTER, BOSTON, MA 02111
(617) 348-1744  sford@mintz.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: FEDERAL EXPRESS
_____
_____ on *(date)* _____ ; or
AUGUST 4, 2016

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.
AUGUST 4, 2016

Date: _____

/s/ Scott C. Ford
_____
Scott C. Ford            *Server's signature*

_____
*Printed name and title*

Mintz Levin
One Financial Center
Boston, MA 02111
_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## DEFINITIONS

1. "You" or "Your" shall mean Conform Automotive [Detroit Technologies, Inc.], and any of its predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on Conform Automotive's behalf.

2. "GM" shall refer to General Motors, LLC and any of its predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on General Motors, LLC's behalf.

3. "KPMG" shall mean KPMG, LLP, and any of its predecessors, subsidiaries, affiliates present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on KPMG, LLP's behalf.

4. "Debtors" shall mean Clark-Cutler-McDermott Company and/or CCM Automotive Lafayette LLC and any of their parents, predecessors, subsidiaries affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf.

5. "Allegiant" shall mean Allegiant International, LLC, and any of its predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on Allegiant International, LLC's behalf.

6.      "Specified Alternative Suppliers" shall mean You, Autoneum North America,

Inc., HP Pelzer Automotive Systems, International Automotive Components (IAC), Jason Inc.

[Janesville Acoustics], and Unique Fabricating, Inc. and any of their predecessors, subsidiaries,

affiliates, present and former directors and officers, present and former employees,

representatives, investors, agents and all others acting or purporting to act on their behalf.

## INSTRUCTIONS

1.      The relevant time period for the Topics listed below is January 1, 2016 to present.

## TOPICS FOR EXAMINATION

1.      Your knowledge of the Debtors' contracts with GM.

2.      Communications by or between any and/or all of the following regarding the

Debtors or the Debtors' business operations: You, GM, KPMG, Allegiant, Debtors, and the

Alternative Supply Chain Providers.

3.      Your knowledge of any accounting, financial, and/or business operations analysis

of the Debtors.

4.      Your knowledge of any budgets prepared for the Debtors' business operations.

5.      Your knowledge of the parts that Debtors were under contract to manufacture for

GM, and any alternative supply sources for those parts, including, without limitation, the

Specified Alternative Suppliers.

# UNITED STATES BANKRUPTCY COURT

District of ___MASSACHUSETTS___

In re ___CLARK-CUTLER-MCDERMOTT COMPANY, et al.,___       Case No. ___16-41188-CJP___

Debtor

Chapter ___11___

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ___Autoneum North America, Inc.___

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Honigman Miller Schwartz and Cohn LLP<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226-3506 | August 23, 2016 at 10:00 a.m. |

The examination will be recorded by this method:  Court Reporter
If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters set forth in Exhibit A.

☐ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  ___August 4, 2016___

CLERK OF COURT

OR      /s/ Scott C. Ford

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___Scott C. Ford___, who issues or requests this subpoena, are:
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
ONE FINANCIAL CENTER, BOSTON, MA 02111
(617) 348-1744  sford@mintz.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: FEDERAL EXPRESS _____

_____

_____ on *(date)* AUGUST 4, 2016 _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

 I declare under penalty of perjury that this information is true and correct.

Date: _____ AUGUST 4, 2016

/s/ Scott C. Ford
_____
Scott C. Ford                          *Server's signature*

_____
*Printed name and title*

Mintz Levin
One Financial Center
Boston, MA 02111
_____
*Server's address*

Additional information concerning attempted service, etc.: _____

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## DEFINITIONS

1.      "You" or "Your" shall mean Autoneum North America, Inc., and any of its predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on Autoneum North America, Inc.'s behalf.

2.      "GM" shall refer to General Motors, LLC and any of its predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on General Motors, LLC's behalf.

3.      "KPMG" shall mean KPMG, LLP, and any of its predecessors, subsidiaries, affiliates present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on KPMG, LLP's behalf.

4.      "Debtors" shall mean Clark-Cutler-McDermott Company and/or CCM Automotive Lafayette LLC and any of their parents, predecessors, subsidiaries affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf.

5.      "Allegiant" shall mean Allegiant International, LLC, and any of its predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on Allegiant International, LLC's behalf.

6.      "Specified Alternative Suppliers" shall mean You, Conform Automotive [Detroit

Technologies, Inc.], HP Pelzer Automotive Systems, International Automotive Components

(IAC), Jason Inc. [Janesville Acoustics], and Unique Fabricating, Inc. and any of their

predecessors, subsidiaries, affiliates, present and former directors and officers, present and

former employees, representatives, investors, agents and all others acting or purporting to act on

their behalf.

## INSTRUCTIONS

1.      The relevant time period for the Topics listed below is January 1, 2016 to present.

## TOPICS FOR EXAMINATION

1.      Your knowledge of the Debtors' contracts with GM.

2.      Communications by or between any and/or all of the following regarding the

Debtors or the Debtors' business operations: You, GM, KPMG, Allegiant, Debtors, and the

Alternative Supply Chain Providers.

3.      Your knowledge of any accounting, financial, and/or business operations analysis

of the Debtors.

4.      Your knowledge of any budgets prepared for the Debtors' business operations.

5.      Your knowledge of the parts that Debtors were under contract to manufacture for

GM, and any alternative supply sources for those parts, including, without limitation, the

Specified Alternative Suppliers.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of ___MASSACHUSETTS_____

In re ___CLARK-CUTLER-MCDERMOTT COMPANY, et al.,___     Case No. _____16-41188-CJP_____

Debtor

Chapter _____11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ___KEEPER OF RECORDS - HP PELZER_____

*(Name of person to whom the subpoena is directed)*

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE  HONIGMAN MILLER SCHWARTZ AND COHN LLP<br>2290 FIRST NATIONAL BUILDING<br>660 WOODWARD AVENUE<br>DETROIT, MI 48226 | DATE AND TIME<br>AUGUST 16, 2016 AT 10:00 A.M. |
|---|---|

Court Reporter
The examination will be recorded by this method: _____

[X] *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

IN LIEU OF APPEARING ABOVE FOR TESTIMONY DOCUMENTS MAY BE PRODUCED TO UNDERSIGNED COUNSEL BY AUGUST 16, 2016, AS PROVIDED IN ATTACHED EXHIBIT A.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _August 4, 2016_

CLERK OF COURT

OR     /s/ Scott C. Ford

_____          _____
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Scott C. Ford
_____ , who issues or requests this subpoena, are:
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
ONE FINANCIAL CENTER, BOSTON, MA 02111
(617) 348-1744  sford@mintz.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: ____FEDERAL EXPRESS_____

_____

_____ on *(date)* ____AUGUST 4, 2016_____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: __AUGUST 4, 2016_____

_____
/s/ Scott C. Ford
*Server's signature*

Scott C. Ford
_____
*Printed name and title*

Mintz Levin
One Financial Center
Boston, MA 02111
_____
*Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**
**Documents Requested**

**<u>DEFINITIONS</u>**

1.      "<u>You</u>" or "<u>Your</u>" shall mean HP Pelzer, and where applicable, HP Pelzer, and any of the HP Pelzer predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on the HP Pelzer's behalf.

2.      "<u>Assets</u>" shall mean the Debtors' assets as and when filed in their schedules on the docket maintained by the United States Bankruptcy Court for the District of Massachusetts, at Case No. 16-41188 (CJP).

3.      "<u>Communication(s)</u>" shall mean every manner of disclosure, exchange, or transmittal, and every disclosure, exchange, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by document, or whether face-to-face, by telephone, mail, personal delivery, electronically, or otherwise, whether directly or indirectly, in any nature whatsoever, including but not limited to, correspondence, conversations, dialogues, interviews, consultations, agreements, and other understandings, among two or more persons. This definition includes, but is not limited to, letters, notes of conversations, contracts, email (in electronic or hard copy form), telegraph, telex, telecopier, facsimile, Internet, on-line service, and/or phone mail (in electronically recorded or transcribed form).

4.      "<u>Document(s)</u>" shall be given the broadest interpretation and shall include, without limitation, all writings of every kind, source, and authorship, both originals and non-identical copies thereof, whether in draft or final form in your possession, custody, or control. The term "<u>document(s)</u>" also includes handwritten, typewritten, printed, photocopied,

photographic, recorded or electronic stored or generated materials, including email.  The term "<u>document(s)</u>" also includes Communications in words, symbols, pictures, sound recordings, film, tapes, microfiche, microfilms, foils, slides, videos and information stored in, or accessible through computer, electronic, magnetic, magneto-optical, and optical means, including disks and/or or other information storage or retrieval systems, together with codes, and/or programming instructions and other material necessary to understand and use such systems.

5.      "<u>Debtors</u>" shall mean Clark-Cutler-McDermott Company and/or CCM Automotive Lafayette LLC and their parents, predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf.

6.      "<u>Petition Date</u>" shall mean July 7, 2016.

7.      "<u>Related to</u>" shall mean analyzing, considering, constituting, defining, evidencing, containing, describing, concerning, commenting, discussing, embodying, explaining, reflecting, detailing, identifying, mentioning, demonstrating, alluding to, referencing, comprising, setting forth, proposing, showing, edifying, stating, supporting, summarizing, referring to, dealing with or in any way pertaining to, in whole or in part, the subject.

8.      "<u>Specified Alternative Suppliers</u>" shall mean the following entities and their parents, predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf: Autoneum, Conform Automotive [Detroit Technologies, Inc.], HP Pelzer, IAC, Jason Industries [Janesville Acoustics], and Unique Fabricating.

## <u>INSTRUCTIONS</u>

1.      The documents requested herein are to be produced for inspection and copying at

2

the offices of c/o Scott C. Ford, Esq. and Keith P. Carroll, Esq., Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111, or other mutually acceptable location.

2.      Unless otherwise stated, this Request includes all documents that were written or generated, or came into or were in HP Pelzer's possession, custody or control from January 1, 2016 through the present date, including all documents which are or were in the custody of Your employees, servants, attorneys, consultants, staff members, accountants or agents, regardless of the location of such documents.

3.      You shall produce all documents or You shall organize and label the documents to correspond with the categories in this request.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.  Documents attached to each other should not be separated.

3.      This Request is continuing, requiring supplemental response by HP Pelzer if any additional responsive documents are discovered, located, identified or obtained after HP Pelzer completes its initial production of responsive documents.

4.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

5.       If HP Pelzer contends that the contents of a document called for by this Request are protected from disclosure by a privilege, describe each such document, including without limitation as part of such description:

(a)   Each privilege that HP Pelzer contends protects the document from discovery and the basis, in detail, for claiming that privilege;

(b)   The document's type (e.g., letter, memorandum, fax, notes, etc.); date; author(s), originator(s) and any person(s) involved in creating the document, and their titles and duties; recipients and all persons who came into possession of the document; the number of pages of the document; and the subject matter of the document.

6.       If any document called for by this Request was at one time, but no longer is in HP Pelzer's possession, custody or control, please identify the document, and, in each instance, please explain in detail the circumstances surrounding any such disposition.  For instance, if HP Pelzer has destroyed such a document, specify the date and manner of destruction, the reason for destruction, the name, address and telephone number of the person who destroyed the document, if applicable, and the name, address and telephone number of the custodian of the document on the date and at the time of destruction.

## **DOCUMENT REQUESTS**

1.       All documents related to the Debtors' contracts with GM.

2.       All documents related to communications by or between any and/or all of the following entities (including their predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on the entities' behalf, including counsel) regarding the Debtors or the Debtors' business operations:  GM, KPMG, Allegiant, Debtors, and the Specified

4

Alternative Suppliers.

3.      All documents related to any accounting, financial and/or business operations

analysis of the Debtors.

4.      All documents related to any budgets prepared for the Debtors' business

operations.

5.      All documents related to alternative supply sources for the parts that Debtors were

under contract to manufacture for GM, including, but not limited to, the Specified Alternative

Suppliers.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

|  |  |
|---|---|
| **In re:** | **Chapter 11** |
| **CLARK-CUTLER-MCDERMOTT COMPANY,** *et al.*,[1/] | **Case No. 16-41188 (CJP)** |
| **Debtors.** | **(Jointly Administered)** |

**ORDER ALLOWING THE EXPEDITED MOTION DIRECTING**
**PRODUCTION OF DOCUMENTS AND EXAMINATION PURSUANT TO RULE 2004**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Upon the *Motion for an Order Directing Production of Documents and Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (Request For Expedited Determination Pursuant To MLBR 9013-1(g))* (the "Rule 2004 Motion") of the Official Committee of Unsecured Creditors (the "Committee") along with Clark-Cutler McDermott Company ("CCM") and CCM Automotive Lafayette LLC ("Lafayette" and, together with CCM, the "Debtors") in the above captioned case (the "Debtor"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court having considered the Rule 2004 Motion, the record in this bankruptcy case, and any filed responses or arguments at any hearing on the Rule 2004 Motion; that proper notice has been provided to parties in interest; the Court determining that the relief requested in the Rule 2004 Motion is appropriate and, it is hereby

**ORDERED**:

1.      The Rule 2004 Motion is granted;

---

[1/]      The Debtors in these chapter 11 cases are Clark-Cutler-McDermott Company and CCM Automotive Lafayette LLC.  CCM's corporate headquarters are located at 5 Fisher Street, Franklin, Massachusetts, 02038. Lafayette, a wholly owned subsidiary of CCM Automotive LLC, has its principal place of business at 1465 Shattuck Industrial Boulevard, Lafayette, Georgia 30728.

2.      The Committee and the Debtor are authorized, but not directed, to conduct examinations of persons listed at **Exhibit A** hereto, and to request the production of documents set forth at **Exhibit B** hereto from such persons, pursuant to Bankruptcy Rule 2004;

3.      The Committee and the Debtor may serve subpoenas compelling any person listed at Exhibit A to attend an examination and to produce the documents at Exhibit B in the manner provided in Bankruptcy Rule 9016; provided, however, that notwithstanding any notice requirements contained in the Bankruptcy Rules, the Committee and the Debtor have established just cause to shorten any notice requirements for attendance at any such examination and production of documents to ten (10) days from service of a subpoena, or as may be agreed to by the parties or otherwise ordered by the Court;

4.      Should any dispute arise as to the ability of any party to comply with the expedited schedule contemplated by this order and any deadlines required by any subpoena after good faith efforts or should any other discovery disputes arise, prior to filing any discovery motion, the parties shall confer and if unable to resolve all issues shall file a request for a discovery conference with the Court.  Any such request shall be limited to two pages, shall not contain argument, and shall set forth a list of topics for discussion.  No responsive pleading shall be filed without leave of court;and

5.      This Court shall retain jurisdiction to resolve any issues with respect to this Order.

DATED: August 4, 2016

_____

Christopher J. Panos
United States Bankruptcy Judge

**EXHIBIT A**
**(Persons Subject to Rule 2004 Examination and Document Requests)**

<u>**General Motors, LLC and the following employees (subject to separate order)**</u>

1. Mark Fischer, Director, Supply Risk Management, General Motors, LLC
2. Tom McMillan
3. Debbie Murphy, Director of Purchasing
4. Jeanine Novack
5. Chris Naegeli
6. Rod McIntyre
7. Jeff Buckner, Tactical Operations

<u>**KPMG LLP and the following employees**</u>

1. Philip M. Goy
   Director
   KPMG LLP
   150 West Jefferson Avenue, Suite 1900
   Detroit, MI 48226

2. William J. Byrne
   Manager
   KPMG LLP
   150 West Jefferson Avenue, Suite 1900
   Detroit, MI 48226

<u>**Allegiant International and the following employees**</u>

1. Gary Berndt
   Allegiant International
   450 E. 96th Street, Suite 500
   Indianapolis, IN 46240

<u>**Alternative Supply Chain Providers**</u>

Autoneum
38555 Hills Tech Drive
Farmington Hills, MI 48331

Conform Automotive [Detroit Technologies, Inc.]
32500 Telegraph Road, Suite 207
Bingham Farms, MI

HP Pelzer
1175 Crooks Road
Troy, MI 48084

IAC
28333 Telegraph Road
Southfield, MI 48034

Jason Industries [Janesville Accoustics]
221 Fabritek Drive
Columbus, MS 39702

Unique Fabricating
800 Standard Parkway
Auburn, MI 48326

## EXHIBIT B
### Documents Requested

### <u>DEFINITIONS</u>

1.      "<u>You</u>" or "<u>Your</u>" shall mean [Schedule 1 Person], and where applicable, [Schedule 1 Person], and any of the [Schedule 1 Person] predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on the [Schedule 1 Person] behalf.

2.      "<u>Assets</u>" shall mean the Debtors' assets as and when  filed in their schedules on the docket maintained by the United States Bankruptcy Court for the District of Massachusetts, at Case No. 16-41188 (CJP).

3.      "<u>Communication(s)</u>" shall mean every manner of disclosure, exchange, or transmittal, and every disclosure, exchange, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by document, or whether face-to-face, by telephone, mail, personal delivery, electronically, or otherwise, whether directly or indirectly, in any nature whatsoever, including but not limited to, correspondence, conversations, dialogues, interviews, consultations, agreements, and other understandings, among two or more persons.  This definition includes, but is not limited to, letters, notes of conversations, contracts, email (in electronic or hard copy form), telegraph, telex, telecopier, facsimile, Internet, on-line service, and/or phone mail (in electronically recorded or transcribed form).

4.      "<u>Document(s)</u>" shall be given the broadest interpretation and shall include, without limitation, all writings of every kind, source, and authorship, both originals and non-identical copies thereof, whether in draft or final form in your possession, custody, or control.  The term "<u>document(s)</u>" also includes handwritten, typewritten, printed, photocopied, photographic, recorded or electronic stored or generated materials, including email.  The term "<u>document(s)</u>"

also includes Communications in words, symbols, pictures, sound recordings, film, tapes, microfiche, microfilms, foils, slides, videos and information stored in, or accessible through computer, electronic, magnetic, magneto-optical, and optical means, including disks and/or other information storage or retrieval systems, together with codes, and/or programming instructions and other material necessary to understand and use such systems.

5.      "Debtors" shall mean Clark-Cutler-McDermott Company and/or CCM Automotive Lafayette LLC and their parents, predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf.

6.      "Petition Date" shall mean July 7, 2016.

7.      "Related to" shall mean analyzing, considering, constituting, defining, evidencing, containing, describing, concerning, commenting, discussing, embodying, explaining, reflecting, detailing, identifying, mentioning, demonstrating, alluding to, referencing, comprising, setting forth, proposing, showing, edifying, stating, supporting, summarizing, referring to, dealing with or in any way pertaining to, in whole or in part, the subject.

8.      "Specified Alternative Suppliers" shall mean the following entities and their parents, predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf: Autoneum, Conform Automotive [Detroit Technologies, Inc.], HP Pelzer, IAC, Jason Industries [Janesville Accoustics], and Unique Fabricating.

## INSTRUCTIONS

1.      The documents requested herein are to be produced for inspection and copying at the offices of Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., One Financial Center, Boston,

MA 02111, or other mutually acceptable location.

2.    Unless otherwise stated, this Request includes all documents that were written or generated, or came into or were in [Schedule 1 Person] possession, custody or control from January 1, 2016 through the present date, including all documents which are or were in the custody of your employees, servants, attorneys, consultants, staff members, accountants or agents, regardless of the location of such documents.

3.    You shall produce all documents or you shall organize and label the documents to correspond with the categories in this request.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.  Documents attached to each other should not be separated.

3.    This Request is continuing, requiring supplemental response by [Schedule 1 Person] if any additional responsive documents are discovered, located, identified or obtained after the [Schedule 1 Person] completes his initial production of responsive documents.

4.    The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

5.    If [Schedule 1 Person] contends that the contents of a document called for by this Request are protected from disclosure by a privilege, describe each such document, including without limitation as part of such description:

7

(a)    Each privilege that [Schedule 1 Person] contends protects the document from discovery and the basis, in detail, for claiming that privilege;

(b)    The document's type (e.g., letter, memorandum, fax, notes, etc.); date; author(s), originator(s) and any person(s) involved in creating the document, and their titles and duties; recipients and all persons who came into possession of the document; the number of pages of the document; and the subject matter of the document.

6.    If any document called for by this Request was at one time, but no longer is in [Schedule 1 Person] possession, custody or control, please identify the document, and, in each instance, please explain in detail the circumstances surrounding any such disposition.  For instance, if [Schedule 1 Person] has destroyed such a document, specify the date and manner of destruction, the reason for destruction, the name, address and telephone number of the person who destroyed the document, if applicable, and the name, address and telephone number of the custodian of the document on the date and at the time of destruction.

## **DOCUMENT REQUESTS**

1.    All documents related to the Debtors' contracts with GM.

2.    All documents related to communications by or between any and/or all of the following entities (including their predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on the entities' behalf, including counsel) regarding the Debtors or the Debtors' business operations:  GM, KPMG, Allegiant, Debtors, and the Specified Alternative Suppliers.

3.    All documents related to any accounting, financial and/or business operations analysis of the Debtors.

4.      All documents related to any budgets prepared for the Debtors' business

operations.

5.      All documents related to alternative supply sources for the parts that Debtors were

under contract to manufacture for GM, including, but not limited to, the Specified Alternative

Suppliers.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of ___MASSACHUSETTS_____

In re ___CLARK-CUTLER-MCDERMOTT COMPANY, et al.,___          Case No. _____16-41188-CJP_____
                        Debtor

                                          Chapter _____11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ___KEEPER OF RECORDS - UNIQUE FABRICATING_____
                            *(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE    HONIGMAN MILLER SCHWARTZ AND COHN LLP<br>           2290 FIRST NATIONAL BUILDING<br>           660 WOODWARD AVENUE<br>           DETROIT, MI 48226 | DATE AND TIME<br>    AUGUST 16, 2016 AT 10:00 A.M. |
|---|---|

                                     Court Reporter
The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

         IN LIEU OF APPEARING ABOVE FOR TESTIMONY DOCUMENTS MAY BE PRODUCED TO UNDERSIGNED COUNSEL BY AUGUST 16, 2016, AS PROVIDED IN ATTACHED EXHIBIT A.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___August 4, 2016___

              CLERK OF COURT

                                   OR     /s/ Scott C. Ford

       _____      _____
         *Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
      Scott C. Ford
_____ , who issues or requests this subpoena, are:
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
ONE FINANCIAL CENTER, BOSTON, MA 02111
(617) 348-1744  sford@mintz.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: ___FEDERAL EXPRESS___

_____

_____ on *(date)* ___AUGUST 4, 2016___ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: ___AUGUST 4, 2016___

                                            /s/ Scott C. Ford
                                    _____
                                                *Server's signature*

                                            Scott C. Ford
                                    _____
                                                *Printed name and title*

                                            Mintz Levin
                                            One Financial Center
                                            Boston, MA 02111
                                    _____
                                                *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**
**Documents Requested**

**DEFINITIONS**

1.      "You" or "Your" shall mean Unique Fabricating, and where applicable, Unique Fabricating, and any of the Unique Fabricating predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on the Unique Fabricating's behalf.

2.      "Assets" shall mean the Debtors' assets as and when filed in their schedules on the docket maintained by the United States Bankruptcy Court for the District of Massachusetts, at Case No. 16-41188 (CJP).

3.      "Communication(s)" shall mean every manner of disclosure, exchange, or transmittal, and every disclosure, exchange, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by document, or whether face-to-face, by telephone, mail, personal delivery, electronically, or otherwise, whether directly or indirectly, in any nature whatsoever, including but not limited to, correspondence, conversations, dialogues, interviews, consultations, agreements, and other understandings, among two or more persons. This definition includes, but is not limited to, letters, notes of conversations, contracts, email (in electronic or hard copy form), telegraph, telex, telecopier, facsimile, Internet, on-line service, and/or phone mail (in electronically recorded or transcribed form).

4.      "Document(s)" shall be given the broadest interpretation and shall include, without limitation, all writings of every kind, source, and authorship, both originals and non-identical copies thereof, whether in draft or final form in your possession, custody, or control. The term "document(s)" also includes handwritten, typewritten, printed, photocopied,

photographic, recorded or electronic stored or generated materials, including email.  The term "document(s)" also includes Communications in words, symbols, pictures, sound recordings, film, tapes, microfiche, microfilms, foils, slides, videos and information stored in, or accessible through computer, electronic, magnetic, magneto-optical, and optical means, including disks and/or or other information storage or retrieval systems, together with codes, and/or programming instructions and other material necessary to understand and use such systems.

5.    "Debtors" shall mean Clark-Cutler-McDermott Company and/or CCM Automotive Lafayette LLC and their parents, predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf.

6.    "Petition Date" shall mean July 7, 2016.

7.    "Related to" shall mean analyzing, considering, constituting, defining, evidencing, containing, describing, concerning, commenting, discussing, embodying, explaining, reflecting, detailing, identifying, mentioning, demonstrating, alluding to, referencing, comprising, setting forth, proposing, showing, edifying, stating, supporting, summarizing, referring to, dealing with or in any way pertaining to, in whole or in part, the subject.

8.    "Specified Alternative Suppliers" shall mean the following entities and their parents, predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf: Autoneum, Conform Automotive [Detroit Technologies, Inc.],  HP Pelzer, IAC, Jason Industries [Janesville Acoustics], and Unique Fabricating.

## INSTRUCTIONS

1.    The documents requested herein are to be produced for inspection and copying at

the offices of c/o Scott C. Ford, Esq. and Keith P. Carroll, Esq., Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111, or other mutually acceptable location.

2.     Unless otherwise stated, this Request includes all documents that were written or generated, or came into or were in Unique Fabricating's possession, custody or control from January 1, 2016 through the present date, including all documents which are or were in the custody of Your employees, servants, attorneys, consultants, staff members, accountants or agents, regardless of the location of such documents.

3.     You shall produce all documents or You shall organize and label the documents to correspond with the categories in this request.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.  Documents attached to each other should not be separated.

3.     This Request is continuing, requiring supplemental response by Unique Fabricating if any additional responsive documents are discovered, located, identified or obtained after Unique Fabricating completes its initial production of responsive documents.

4.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

5.      If Unique Fabricating contends that the contents of a document called for by this Request are protected from disclosure by a privilege, describe each such document, including without limitation as part of such description:

(a)      Each privilege that Unique Fabricating contends protects the document from discovery and the basis, in detail, for claiming that privilege;

(b)      The document's type (e.g., letter, memorandum, fax, notes, etc.); date; author(s), originator(s) and any person(s) involved in creating the document, and their titles and duties; recipients and all persons who came into possession of the document; the number of pages of the document; and the subject matter of the document.

6.      If any document called for by this Request was at one time, but no longer is in Unique Fabricating's possession, custody or control, please identify the document, and, in each instance, please explain in detail the circumstances surrounding any such disposition.   For instance, if Unique Fabricating has destroyed such a document, specify the date and manner of destruction, the reason for destruction, the name, address and telephone number of the person who destroyed the document, if applicable, and the name, address and telephone number of the custodian of the document on the date and at the time of destruction.

## DOCUMENT REQUESTS

1.      All documents related to the Debtors' contracts with GM.

2.      All documents related to communications by or between any and/or all of the following entities (including their predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on the entities' behalf, including counsel) regarding the Debtors or the Debtors' business operations:  GM, KPMG, Allegiant, Debtors, and the Specified

4

Alternative Suppliers.

3.      All documents related to any accounting, financial and/or business operations

analysis of the Debtors.

4.      All documents related to any budgets prepared for the Debtors' business

operations.

5.      All documents related to alternative supply sources for the parts that Debtors were

under contract to manufacture for GM, including, but not limited to, the Specified Alternative

Suppliers.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **CLARK-CUTLER-MCDERMOTT COMPANY,** *et al.*,[1/] | **Case No. 16-41188 (CJP)** |
| **Debtors.** | **(Jointly Administered)** |

ORDER ALLOWING THE EXPEDITED MOTION DIRECTING
PRODUCTION OF DOCUMENTS AND EXAMINATION PURSUANT TO RULE 2004
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Upon the *Motion for an Order Directing Production of Documents and Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (Request For Expedited Determination Pursuant To MLBR 9013-1(g))* (the "Rule 2004 Motion") of the Official Committee of Unsecured Creditors (the "Committee") along with Clark-Cutler McDermott Company ("CCM") and CCM Automotive Lafayette LLC ("Lafayette" and, together with CCM, the "Debtors") in the above captioned case (the "Debtor"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court having considered the Rule 2004 Motion, the record in this bankruptcy case, and any filed responses or arguments at any hearing on the Rule 2004 Motion; that proper notice has been provided to parties in interest; the Court determining that the relief requested in the Rule 2004 Motion is appropriate and, it is hereby

**ORDERED**:

1.    The Rule 2004 Motion is granted;

---

[1/]    The Debtors in these chapter 11 cases are Clark-Cutler-McDermott Company and CCM Automotive Lafayette LLC.  CCM's corporate headquarters are located at 5 Fisher Street, Franklin, Massachusetts, 02038. Lafayette, a wholly owned subsidiary of CCM Automotive LLC, has its principal place of business at 1465 Shattuck Industrial Boulevard, Lafayette, Georgia 30728.

2.    The Committee and the Debtor are authorized, but not directed, to conduct examinations of persons listed at **Exhibit A** hereto, and to request the production of documents set forth at **Exhibit B** hereto from such persons, pursuant to Bankruptcy Rule 2004;

3.    The Committee and the Debtor may serve subpoenas compelling any person listed at Exhibit A to attend an examination and to produce the documents at Exhibit B in the manner provided in Bankruptcy Rule 9016; provided, however, that notwithstanding any notice requirements contained in the Bankruptcy Rules, the Committee and the Debtor have established just cause to shorten any notice requirements for attendance at any such examination and production of documents to ten (10) days from service of a subpoena, or as may be agreed to by the parties or otherwise ordered by the Court;

4.    Should any dispute arise as to the ability of any party to comply with the expedited schedule contemplated by this order and any deadlines required by any subpoena after good faith efforts or should any other discovery disputes arise, prior to filing any discovery motion, the parties shall confer and if unable to resolve all issues shall file a request for a discovery conference with the Court.  Any such request shall be limited to two pages, shall not contain argument, and shall set forth a list of topics for discussion.  No responsive pleading shall be filed without leave of court;and

5.    This Court shall retain jurisdiction to resolve any issues with respect to this Order.

DATED: August 4, 2016

_____
Christopher J. Panos
United States Bankruptcy Judge

**EXHIBIT A**
**(Persons Subject to Rule 2004 Examination and Document Requests)**

<u>**General Motors, LLC and the following employees (subject to separate order)**</u>

1. Mark Fischer, Director, Supply Risk Management, General Motors, LLC
2. Tom McMillan
3. Debbie Murphy, Director of Purchasing
4. Jeanine Novack
5. Chris Naegeli
6. Rod McIntyre
7. Jeff Buckner, Tactical Operations

<u>**KPMG LLP and the following employees**</u>

1. Philip M. Goy
   Director
   KPMG LLP
   150 West Jefferson Avenue, Suite 1900
   Detroit, MI 48226

2. William J. Byrne
   Manager
   KPMG LLP
   150 West Jefferson Avenue, Suite 1900
   Detroit, MI 48226

<u>**Allegiant International and the following employees**</u>

1. Gary Berndt
   Allegiant International
   450 E. 96th Street, Suite 500
   Indianapolis, IN 46240

<u>**Alternative Supply Chain Providers**</u>

Autoneum
38555 Hills Tech Drive
Farmington Hills, MI 48331

Conform Automotive [Detroit Technologies, Inc.]
32500 Telegraph Road, Suite 207
Bingham Farms, MI

HP Pelzer
1175 Crooks Road
Troy, MI 48084

IAC
28333 Telegraph Road
Southfield, MI 48034

Jason Industries [Janesville Accoustics]
221 Fabritek Drive
Columbus, MS 39702

Unique Fabricating
800 Standard Parkway
Auburn, MI 48326

**EXHIBIT B**
**Documents Requested**

## DEFINITIONS

1.        "You" or "Your" shall mean [Schedule 1 Person], and where applicable, [Schedule 1 Person], and any of the [Schedule 1 Person] predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on the [Schedule 1 Person] behalf.

2.        "Assets" shall mean the Debtors' assets as and when  filed in their schedules on the docket maintained by the United States Bankruptcy Court for the District of Massachusetts, at Case No. 16-41188 (CJP).

3.        "Communication(s)" shall mean every manner of disclosure, exchange, or transmittal, and every disclosure, exchange, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by document, or whether face-to-face, by telephone, mail, personal delivery, electronically, or otherwise, whether directly or indirectly, in any nature whatsoever, including but not limited to, correspondence, conversations, dialogues, interviews, consultations, agreements, and other understandings, among two or more persons.  This definition includes, but is not limited to, letters, notes of conversations, contracts, email (in electronic or hard copy form), telegraph, telex, telecopier, facsimile, Internet, on-line service, and/or phone mail (in electronically recorded or transcribed form).

4.        "Document(s)" shall be given the broadest interpretation and shall include, without limitation, all writings of every kind, source, and authorship, both originals and non-identical copies thereof, whether in draft or final form in your possession, custody, or control.  The term "document(s)" also includes handwritten, typewritten, printed, photocopied, photographic, recorded or electronic stored or generated materials, including email.  The term "document(s)"

also includes Communications in words, symbols, pictures, sound recordings, film, tapes, microfiche, microfilms, foils, slides, videos and information stored in, or accessible through computer, electronic, magnetic, magneto-optical, and optical means, including disks and/or other information storage or retrieval systems, together with codes, and/or programming instructions and other material necessary to understand and use such systems.

5.        "Debtors" shall mean Clark-Cutler-McDermott Company and/or CCM Automotive Lafayette LLC and their parents, predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf.

6.        "Petition Date" shall mean July 7, 2016.

7.        "Related to" shall mean analyzing, considering, constituting, defining, evidencing, containing, describing, concerning, commenting, discussing, embodying, explaining, reflecting, detailing, identifying, mentioning, demonstrating, alluding to, referencing, comprising, setting forth, proposing, showing, edifying, stating, supporting, summarizing, referring to, dealing with or in any way pertaining to, in whole or in part, the subject.

8.        "Specified Alternative Suppliers" shall mean the following entities and their parents, predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf: Autoneum, Conform Automotive [Detroit Technologies, Inc.], HP Pelzer, IAC, Jason Industries [Janesville Accoustics], and Unique Fabricating.

## INSTRUCTIONS

1.        The documents requested herein are to be produced for inspection and copying at the offices of Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., One Financial Center, Boston,

6

MA 02111, or other mutually acceptable location.

2.     Unless otherwise stated, this Request includes all documents that were written or generated, or came into or were in [Schedule 1 Person] possession, custody or control from January 1, 2016 through the present date, including all documents which are or were in the custody of your employees, servants, attorneys, consultants, staff members, accountants or agents, regardless of the location of such documents.

3.     You shall produce all documents or you shall organize and label the documents to correspond with the categories in this request.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.  Documents attached to each other should not be separated.

3.     This Request is continuing, requiring supplemental response by [Schedule 1 Person] if any additional responsive documents are discovered, located, identified or obtained after the [Schedule 1 Person] completes his initial production of responsive documents.

4.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

5.     If [Schedule 1 Person] contends that the contents of a document called for by this Request are protected from disclosure by a privilege, describe each such document, including without limitation as part of such description:

7

(a)    Each privilege that [Schedule 1 Person] contends protects the document from

discovery and the basis, in detail, for claiming that privilege;

(b)    The document's type (e.g., letter, memorandum, fax, notes, etc.); date; author(s),

originator(s) and any person(s) involved in creating the document, and their titles and

duties; recipients and all persons who came into possession of the document; the number

of pages of the document; and the subject matter of the document.

6.    If any document called for by this Request was at one time, but no longer is in

[Schedule 1 Person] possession, custody or control, please identify the document, and, in each

instance, please explain in detail the circumstances surrounding any such disposition.  For instance,

if [Schedule 1 Person] has destroyed such a document, specify the date and manner of destruction,

the reason for destruction, the name, address and telephone number of the person who destroyed

the document, if applicable, and the name, address and telephone number of the custodian of the

document on the date and at the time of destruction.

## **DOCUMENT REQUESTS**

1.    All documents related to the Debtors' contracts with GM.

2.    All documents related to communications by or between any and/or all of the

following entities (including their predecessors, subsidiaries, affiliates, present and former

directors and officers, present and former employees, representatives, investors, agents and all

others acting or purporting to act on the entities' behalf, including counsel) regarding the Debtors

or the Debtors' business operations:  GM, KPMG, Allegiant, Debtors, and the Specified

Alternative Suppliers.

3.    All documents related to any accounting, financial and/or business operations

analysis of the Debtors.

4.      All documents related to any budgets prepared for the Debtors' business

operations.

5.      All documents related to alternative supply sources for the parts that Debtors were

under contract to manufacture for GM, including, but not limited to, the Specified Alternative

Suppliers.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of ___MASSACHUSETTS_____

In re ___CLARK-CUTLER-MCDERMOTT COMPANY, et al.,___        Case No. _____16-41188-CJP_____
         Debtor

         Chapter ____11____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ___KEEPER OF RECORDS - KPMG LLP_____
                    *(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Honigman Miller Schwartz and Cohn LLP<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226 | AUGUST 16, 2016  AT 10:00 A.M. |

The examination will be recorded by this method: ___COURT REPORTER_____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

     IN LIEU OF APPEARING ABOVE FOR TESTIMONY DOCUMENTS MAY BE PRODUCED TO UNDERSIGNED COUNSEL BY AUGUST 16, 2016, AS PROVIDED IN ATTACHED EXHIBIT A.

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  ___August 4, 2016___

            CLERK OF COURT
                                            OR      /s/ Scott C. Ford

            _____            _____
            *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ , who issues or requests this subpoena, are:
    Scott C. Ford
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
ONE FINANCIAL CENTER, BOSTON, MA 02111
(617) 348-1744  sford@mintz.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: _FEDERAL EXPRESS_____

_____

_____ on *(date)* _AUGUST 4, 2016_____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _AUGUST 4, 2016_
_____

/s/ Scott C. Ford
_____
*Server's signature*

Scott C. Ford
_____
*Printed name and title*

Mintz Levin
One Financial Center
Boston, MA 02111
_____
*Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**
**Documents Requested**

**DEFINITIONS**

1.      "<u>You</u>" or "<u>Your</u>" shall mean KPMG LLP, and where applicable, KPMG LLP, and any of the KPMG LLP predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on the KPMG LLP's behalf.

2.      "<u>Assets</u>" shall mean the Debtors' assets as and when filed in their schedules on the docket maintained by the United States Bankruptcy Court for the District of Massachusetts, at Case No. 16-41188 (CJP).

3.      "<u>Communication(s)</u>" shall mean every manner of disclosure, exchange, or transmittal, and every disclosure, exchange, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by document, or whether face-to-face, by telephone, mail, personal delivery, electronically, or otherwise, whether directly or indirectly, in any nature whatsoever, including but not limited to, correspondence, conversations, dialogues, interviews, consultations, agreements, and other understandings, among two or more persons. This definition includes, but is not limited to, letters, notes of conversations, contracts, email (in electronic or hard copy form), telegraph, telex, telecopier, facsimile, Internet, on-line service, and/or phone mail (in electronically recorded or transcribed form).

4.      "<u>Document(s)</u>" shall be given the broadest interpretation and shall include, without limitation, all writings of every kind, source, and authorship, both originals and non-identical copies thereof, whether in draft or final form in your possession, custody, or control. The term "<u>document(s)</u>" also includes handwritten, typewritten, printed, photocopied,

photographic, recorded or electronic stored or generated materials, including email.  The term

"document(s)" also includes Communications in words, symbols, pictures, sound recordings,

film, tapes, microfiche, microfilms, foils, slides, videos and information stored in, or accessible

through computer, electronic, magnetic, magneto-optical, and optical means, including disks

and/or or other information storage or retrieval systems, together with codes, and/or

programming instructions and other material necessary to understand and use such systems.

5.      "Debtors" shall mean Clark-Cutler-McDermott Company and/or CCM

Automotive Lafayette LLC and their parents, predecessors, subsidiaries, affiliates, present and

former directors and officers, present and former employees, representatives, investors, agents

and all others acting or purporting to act on their behalf.

6.      "Petition Date" shall mean July 7, 2016.

7.      "Related to" shall mean analyzing, considering, constituting, defining,

evidencing, containing, describing, concerning, commenting, discussing, embodying, explaining,

reflecting, detailing, identifying, mentioning, demonstrating, alluding to, referencing,

comprising, setting forth, proposing, showing, edifying, stating, supporting, summarizing,

referring to, dealing with or in any way pertaining to, in whole or in part, the subject.

8.      "Specified Alternative Suppliers" shall mean the following entities and their

parents, predecessors, subsidiaries, affiliates, present and former directors and officers, present

and former employees, representatives, investors, agents and all others acting or purporting to act

on their behalf: Autoneum, Conform Automotive [Detroit Technologies, Inc.], HP Pelzer, IAC,

Jason Industries [Janesville Acoustics], and Unique Fabricating.

## INSTRUCTIONS

1.      The documents requested herein are to be produced for inspection and copying at

2

the offices of c/o Scott C. Ford, Esq. and Keith P. Carroll, Esq., Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111, or other mutually acceptable location.

2.      Unless otherwise stated, this Request includes all documents that were written or generated, or came into or were in KPMG LLP's possession, custody or control from January 1, 2016 through the present date, including all documents which are or were in the custody of Your employees, servants, attorneys, consultants, staff members, accountants or agents, regardless of the location of such documents.

3.      You shall produce all documents or You shall organize and label the documents to correspond with the categories in this request.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.  Documents attached to each other should not be separated.

3.      This Request is continuing, requiring supplemental response by KPMG LLP if any additional responsive documents are discovered, located, identified or obtained after KPMG LLP completes its initial production of responsive documents.

4.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

5.      If KPMG LLP contends that the contents of a document called for by this Request are protected from disclosure by a privilege, describe each such document, including without limitation as part of such description:

(a)   Each privilege that KPMG LLP contends protects the document from discovery and the basis, in detail, for claiming that privilege;

(b)   The document's type (e.g., letter, memorandum, fax, notes, etc.); date; author(s), originator(s) and any person(s) involved in creating the document, and their titles and duties; recipients and all persons who came into possession of the document; the number of pages of the document; and the subject matter of the document.

6.      If any document called for by this Request was at one time, but no longer is in KPMG LLP's possession, custody or control, please identify the document, and, in each instance, please explain in detail the circumstances surrounding any such disposition.  For instance, if KPMG LLP has destroyed such a document, specify the date and manner of destruction, the reason for destruction, the name, address and telephone number of the person who destroyed the document, if applicable, and the name, address and telephone number of the custodian of the document on the date and at the time of destruction.

## DOCUMENT REQUESTS

1.      All documents related to the Debtors' contracts with GM.

2.      All documents related to communications by or between any and/or all of the following entities (including their predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on the entities' behalf, including counsel) regarding the Debtors or the Debtors' business operations:  GM, KPMG, Allegiant, Debtors, and the Specified

Alternative Suppliers.

3.      All documents related to any accounting, financial and/or business operations analysis of the Debtors.

4.      All documents related to any budgets prepared for the Debtors' business operations.

5.      All documents related to alternative supply sources for the parts that Debtors were under contract to manufacture for GM, including, but not limited to, the Specified Alternative Suppliers.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **CLARK-CUTLER-MCDERMOTT COMPANY,** *et al.*,[1/] | **Case No. 16-41188 (CJP)** |
| Debtors. | **(Jointly Administered)** |

### ORDER ALLOWING THE EXPEDITED MOTION DIRECTING PRODUCTION OF DOCUMENTS AND EXAMINATION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Upon the *Motion for an Order Directing Production of Documents and Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (Request For Expedited Determination Pursuant To MLBR 9013-1(g))* (the "Rule 2004 Motion") of the Official Committee of Unsecured Creditors (the "Committee") along with Clark-Cutler McDermott Company ("CCM") and CCM Automotive Lafayette LLC ("Lafayette" and, together with CCM, the "Debtors") in the above captioned case (the "Debtor"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court having considered the Rule 2004 Motion, the record in this bankruptcy case, and any filed responses or arguments at any hearing on the Rule 2004 Motion; that proper notice has been provided to parties in interest; the Court determining that the relief requested in the Rule 2004 Motion is appropriate and, it is hereby

**ORDERED**:

1.    The Rule 2004 Motion is granted;

---

[1/]    The Debtors in these chapter 11 cases are Clark-Cutler-McDermott Company and CCM Automotive Lafayette LLC. CCM's corporate headquarters are located at 5 Fisher Street, Franklin, Massachusetts, 02038. Lafayette, a wholly owned subsidiary of CCM Automotive LLC, has its principal place of business at 1465 Shattuck Industrial Boulevard, Lafayette, Georgia 30728.

2.      The Committee and the Debtor are authorized, but not directed, to conduct examinations of persons listed at **Exhibit A** hereto, and to request the production of documents set forth at **Exhibit B** hereto from such persons, pursuant to Bankruptcy Rule 2004;

3.      The Committee and the Debtor may serve subpoenas compelling any person listed at Exhibit A to attend an examination and to produce the documents at Exhibit B in the manner provided in Bankruptcy Rule 9016; provided, however, that notwithstanding any notice requirements contained in the Bankruptcy Rules, the Committee and the Debtor have established just cause to shorten any notice requirements for attendance at any such examination and production of documents to ten (10) days from service of a subpoena, or as may be agreed to by the parties or otherwise ordered by the Court;

4.      Should any dispute arise as to the ability of any party to comply with the expedited schedule contemplated by this order and any deadlines required by any subpoena after good faith efforts or should any other discovery disputes arise, prior to filing any discovery motion, the parties shall confer and if unable to resolve all issues shall file a request for a discovery conference with the Court.  Any such request shall be limited to two pages, shall not contain argument, and shall set forth a list of topics for discussion.  No responsive pleading shall be filed without leave of court;and

5.      This Court shall retain jurisdiction to resolve any issues with respect to this Order.

DATED: August 4, 2016

_____
Christopher J. Panos
United States Bankruptcy Judge

**EXHIBIT A**
**(Persons Subject to Rule 2004 Examination and Document Requests)**

<u>**General Motors, LLC and the following employees (subject to separate order)**</u>

1. Mark Fischer, Director, Supply Risk Management, General Motors, LLC
2. Tom McMillan
3. Debbie Murphy, Director of Purchasing
4. Jeanine Novack
5. Chris Naegeli
6. Rod McIntyre
7. Jeff Buckner, Tactical Operations

<u>**KPMG LLP and the following employees**</u>

1. Philip M. Goy
   Director
   KPMG LLP
   150 West Jefferson Avenue, Suite 1900
   Detroit, MI 48226

2. William J. Byrne
   Manager
   KPMG LLP
   150 West Jefferson Avenue, Suite 1900
   Detroit, MI 48226

<u>**Allegiant International and the following employees**</u>

1. Gary Berndt
   Allegiant International
   450 E. 96th Street, Suite 500
   Indianapolis, IN 46240

<u>**Alternative Supply Chain Providers**</u>

Autoneum
38555 Hills Tech Drive
Farmington Hills, MI 48331

Conform Automotive [Detroit Technologies, Inc.]
32500 Telegraph Road, Suite 207
Bingham Farms, MI

HP Pelzer
1175 Crooks Road
Troy, MI 48084

IAC
28333 Telegraph Road
Southfield, MI 48034

Jason Industries [Janesville Accoustics]
221 Fabritek Drive
Columbus, MS 39702

Unique Fabricating
800 Standard Parkway
Auburn, MI 48326

**EXHIBIT B**
**Documents Requested**

**DEFINITIONS**

1. "You" or "Your" shall mean [Schedule 1 Person], and where applicable, [Schedule 1 Person], and any of the [Schedule 1 Person] predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on the [Schedule 1 Person] behalf.

2. "Assets" shall mean the Debtors' assets as and when filed in their schedules on the docket maintained by the United States Bankruptcy Court for the District of Massachusetts, at Case No. 16-41188 (CJP).

3. "Communication(s)" shall mean every manner of disclosure, exchange, or transmittal, and every disclosure, exchange, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by document, or whether face-to-face, by telephone, mail, personal delivery, electronically, or otherwise, whether directly or indirectly, in any nature whatsoever, including but not limited to, correspondence, conversations, dialogues, interviews, consultations, agreements, and other understandings, among two or more persons. This definition includes, but is not limited to, letters, notes of conversations, contracts, email (in electronic or hard copy form), telegraph, telex, telecopier, facsimile, Internet, on-line service, and/or phone mail (in electronically recorded or transcribed form).

4. "Document(s)" shall be given the broadest interpretation and shall include, without limitation, all writings of every kind, source, and authorship, both originals and non-identical copies thereof, whether in draft or final form in your possession, custody, or control. The term "document(s)" also includes handwritten, typewritten, printed, photocopied, photographic, recorded or electronic stored or generated materials, including email. The term "document(s)"

also includes Communications in words, symbols, pictures, sound recordings, film, tapes, microfiche, microfilms, foils, slides, videos and information stored in, or accessible through computer, electronic, magnetic, magneto-optical, and optical means, including disks and/or other information storage or retrieval systems, together with codes, and/or programming instructions and other material necessary to understand and use such systems.

5.        "Debtors" shall mean Clark-Cutler-McDermott Company and/or CCM Automotive Lafayette LLC and their parents, predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf.

6.        "Petition Date" shall mean July 7, 2016.

7.        "Related to" shall mean analyzing, considering, constituting, defining, evidencing, containing, describing, concerning, commenting, discussing, embodying, explaining, reflecting, detailing, identifying, mentioning, demonstrating, alluding to, referencing, comprising, setting forth, proposing, showing, edifying, stating, supporting, summarizing, referring to, dealing with or in any way pertaining to, in whole or in part, the subject.

8.        "Specified Alternative Suppliers" shall mean the following entities and their parents, predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf: Autoneum, Conform Automotive [Detroit Technologies, Inc.], HP Pelzer, IAC, Jason Industries [Janesville Accoustics], and Unique Fabricating.

## INSTRUCTIONS

1.        The documents requested herein are to be produced for inspection and copying at the offices of Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., One Financial Center, Boston,

MA 02111, or other mutually acceptable location.

2.      Unless otherwise stated, this Request includes all documents that were written or generated, or came into or were in [Schedule 1 Person] possession, custody or control from January 1, 2016 through the present date, including all documents which are or were in the custody of your employees, servants, attorneys, consultants, staff members, accountants or agents, regardless of the location of such documents.

3.      You shall produce all documents or you shall organize and label the documents to correspond with the categories in this request.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.  Documents attached to each other should not be separated.

3.      This Request is continuing, requiring supplemental response by [Schedule 1 Person] if any additional responsive documents are discovered, located, identified or obtained after the [Schedule 1 Person] completes his initial production of responsive documents.

4.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

5.      If [Schedule 1 Person] contends that the contents of a document called for by this Request are protected from disclosure by a privilege, describe each such document, including without limitation as part of such description:

7

(a)     Each privilege that [Schedule 1 Person] contends protects the document from

discovery and the basis, in detail, for claiming that privilege;

(b)     The document's type (e.g., letter, memorandum, fax, notes, etc.); date; author(s);

originator(s) and any person(s) involved in creating the document, and their titles and

duties; recipients and all persons who came into possession of the document; the number

of pages of the document; and the subject matter of the document.

6.      If any document called for by this Request was at one time, but no longer is in

[Schedule 1 Person] possession, custody or control, please identify the document, and, in each

instance, please explain in detail the circumstances surrounding any such disposition.  For instance,

if [Schedule 1 Person] has destroyed such a document, specify the date and manner of destruction,

the reason for destruction, the name, address and telephone number of the person who destroyed

the document, if applicable, and the name, address and telephone number of the custodian of the

document on the date and at the time of destruction.

### DOCUMENT REQUESTS

1.      All documents related to the Debtors' contracts with GM.

2.      All documents related to communications by or between any and/or all of the

following entities (including their predecessors, subsidiaries, affiliates, present and former

directors and officers, present and former employees, representatives, investors, agents and all

others acting or purporting to act on the entities' behalf, including counsel) regarding the Debtors

or the Debtors' business operations:  GM, KPMG, Allegiant, Debtors, and the Specified

Alternative Suppliers.

3.      All documents related to any accounting, financial and/or business operations

analysis of the Debtors.

8

4.      All documents related to any budgets prepared for the Debtors' business
operations.

5.      All documents related to alternative supply sources for the parts that Debtors were
under contract to manufacture for GM, including, but not limited to, the Specified Alternative
Suppliers.

9

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of ___MASSACHUSETTS_____

In re ___CLARK-CUTLER-MCDERMOTT COMPANY, et al.,___        Case No. _____16-41188-CJP_____
                    Debtor

                                                          Chapter _____11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ___KEEPER OF RECORDS - JASON INDUSTRIES_____
                    *(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| HONIGMAN MILLER SCHWARTZ AND COHN LLP<br>2290 FIRST NATIONAL BUILDING<br>660 WOODWARD AVENUE<br>DETROIT, MI 48226 | AUGUST 16, 2016, AT 10:00 A.M. |

COURT REPORTER
The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

IN LIEU OF APPEARING ABOVE FOR TESTIMONY DOCUMENTS MAY BE PRODUCED TO UNDERSIGNED COUNSEL BY AUGUST 16, 2016, AS PROVIDED IN ATTACHED EXHIBIT A.

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _August 4, 2016_

                CLERK OF COURT

                                        OR      /s/ Scott C. Ford

        _____            _____
        *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___Scott C. Ford_____ , who issues or requests this subpoena, are:
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
ONE FINANCIAL CENTER, BOSTON, MA 02111
(617) 348-1744  sford@mintz.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

                                                                FEDERAL EXPRESS
☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____

_____ on *(date)* ___AUGUST 4, 2016___ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.
            AUGUST 4, 2016
Date: _____

                                            /s/ Scott C. Ford
                                            _____
                                                        *Server's signature*

                                            Scott C. Ford
                                            _____
                                                        *Printed name and title*

                                            Mintz Levin
                                            One Financial Center
                                            Boston, MA 02111
                                            _____
                                                        *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**
**Documents Requested**

## <u>DEFINITIONS</u>

1.      "<u>You</u>" or "<u>Your</u>" shall mean Jason Industries, and where applicable, Jason Industries, and any of the Jason Industries predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on the Jason Industries's behalf.

2.      "<u>Assets</u>" shall mean the Debtors' assets as and when filed in their schedules on the docket maintained by the United States Bankruptcy Court for the District of Massachusetts, at Case No. 16-41188 (CJP).

3.      "<u>Communication(s)</u>" shall mean every manner of disclosure, exchange, or transmittal, and every disclosure, exchange, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by document, or whether face-to-face, by telephone, mail, personal delivery, electronically, or otherwise, whether directly or indirectly, in any nature whatsoever, including but not limited to, correspondence, conversations, dialogues, interviews, consultations, agreements, and other understandings, among two or more persons. This definition includes, but is not limited to, letters, notes of conversations, contracts, email (in electronic or hard copy form), telegraph, telex, telecopier, facsimile, Internet, on-line service, and/or phone mail (in electronically recorded or transcribed form).

4.      "<u>Document(s)</u>" shall be given the broadest interpretation and shall include, without limitation, all writings of every kind, source, and authorship, both originals and non-identical copies thereof, whether in draft or final form in your possession, custody, or control. The term "<u>document(s)</u>" also includes handwritten, typewritten, printed, photocopied,

photographic, recorded or electronic stored or generated materials, including email.  The term

"document(s)" also includes Communications in words, symbols, pictures, sound recordings,

film, tapes, microfiche, microfilms, foils, slides, videos and information stored in, or accessible

through computer, electronic, magnetic, magneto-optical, and optical means, including disks

and/or or other information storage or retrieval systems, together with codes, and/or

programming instructions and other material necessary to understand and use such systems.

5.      "Debtors" shall mean Clark-Cutler-McDermott Company and/or CCM

Automotive Lafayette LLC and their parents, predecessors, subsidiaries, affiliates, present and

former directors and officers, present and former employees, representatives, investors, agents

and all others acting or purporting to act on their behalf.

6.      "Petition Date" shall mean July 7, 2016.

7.      "Related to" shall mean analyzing, considering, constituting, defining,

evidencing, containing, describing, concerning, commenting, discussing, embodying, explaining,

reflecting, detailing, identifying, mentioning, demonstrating, alluding to, referencing,

comprising, setting forth, proposing, showing, edifying, stating, supporting, summarizing,

referring to, dealing with or in any way pertaining to, in whole or in part, the subject.

8.      "Specified Alternative Suppliers" shall mean the following entities and their

parents, predecessors, subsidiaries, affiliates, present and former directors and officers, present

and former employees, representatives, investors, agents and all others acting or purporting to act

on their behalf: Autoneum, Conform Automotive [Detroit Technologies, Inc.],  HP Pelzer, IAC,

Jason Industries [Janesville Acoustics], and Unique Fabricating.

## **INSTRUCTIONS**

1.      The documents requested herein are to be produced for inspection and copying at

2

the offices of c/o Scott C. Ford, Esq. and Keith P. Carroll, Esq., Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111, or other mutually acceptable location.

2.      Unless otherwise stated, this Request includes all documents that were written or generated, or came into or were in Jason Industries's possession, custody or control from January 1, 2016 through the present date, including all documents which are or were in the custody of Your employees, servants, attorneys, consultants, staff members, accountants or agents, regardless of the location of such documents.

3.      You shall produce all documents or You shall organize and label the documents to correspond with the categories in this request.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.  Documents attached to each other should not be separated.

3.      This Request is continuing, requiring supplemental response by Jason Industries if any additional responsive documents are discovered, located, identified or obtained after Jason Industries completes its initial production of responsive documents.

4.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

3

5.     If Jason Industries contends that the contents of a document called for by this Request are protected from disclosure by a privilege, describe each such document, including without limitation as part of such description:

(a)   Each privilege that Jason Industries contends protects the document from discovery and the basis, in detail, for claiming that privilege;

(b)   The document's type (e.g., letter, memorandum, fax, notes, etc.); date; author(s), originator(s) and any person(s) involved in creating the document, and their titles and duties; recipients and all persons who came into possession of the document; the number of pages of the document; and the subject matter of the document.

6.     If any document called for by this Request was at one time, but no longer is in Jason Industries's possession, custody or control, please identify the document, and, in each instance, please explain in detail the circumstances surrounding any such disposition.   For instance, if Jason Industries has destroyed such a document, specify the date and manner of destruction, the reason for destruction, the name, address and telephone number of the person who destroyed the document, if applicable, and the name, address and telephone number of the custodian of the document on the date and at the time of destruction.

## DOCUMENT REQUESTS

1.     All documents related to the Debtors' contracts with GM.

2.     All documents related to communications by or between any and/or all of the following entities (including their predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on the entities' behalf, including counsel) regarding the Debtors or the Debtors' business operations:  GM, KPMG, Allegiant, Debtors, and the Specified

Alternative Suppliers.

3.      All documents related to any accounting, financial and/or business operations

analysis of the Debtors.

4.      All documents related to any budgets prepared for the Debtors' business

operations.

5.      All documents related to alternative supply sources for the parts that Debtors were

under contract to manufacture for GM, including, but not limited to, the Specified Alternative

Suppliers.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### CENTRAL DIVISION

|  |  |
|---|---|
| In re: | **Chapter 11** |
| **CLARK-CUTLER-MCDERMOTT COMPANY,** *et al.*,[1/] | **Case No. 16-41188 (CJP)** |
| **Debtors.** | **(Jointly Administered)** |

## ORDER ALLOWING THE EXPEDITED MOTION DIRECTING PRODUCTION OF DOCUMENTS AND EXAMINATION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Upon the *Motion for an Order Directing Production of Documents and Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (Request For Expedited Determination Pursuant To MLBR 9013-1(g))* (the "Rule 2004 Motion") of the Official Committee of Unsecured Creditors (the "Committee") along with Clark-Cutler McDermott Company ("CCM") and CCM Automotive Lafayette LLC ("Lafayette" and, together with CCM, the "Debtors") in the above captioned case (the "Debtor"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court having considered the Rule 2004 Motion, the record in this bankruptcy case, and any filed responses or arguments at any hearing on the Rule 2004 Motion; that proper notice has been provided to parties in interest; the Court determining that the relief requested in the Rule 2004 Motion is appropriate and, it is hereby

**ORDERED**:

1.      The Rule 2004 Motion is granted;

---

[1/]      The Debtors in these chapter 11 cases are Clark-Cutler-McDermott Company and CCM Automotive Lafayette LLC.  CCM's corporate headquarters are located at 5 Fisher Street, Franklin, Massachusetts, 02038. Lafayette, a wholly owned subsidiary of CCM Automotive LLC, has its principal place of business at 1465 Shattuck Industrial Boulevard, Lafayette, Georgia 30728.

2.      The Committee and the Debtor are authorized, but not directed, to conduct examinations of persons listed at **Exhibit A** hereto, and to request the production of documents set forth at **Exhibit B** hereto from such persons, pursuant to Bankruptcy Rule 2004;

3.      The Committee and the Debtor may serve subpoenas compelling any person listed at Exhibit A to attend an examination and to produce the documents at Exhibit B in the manner provided in Bankruptcy Rule 9016; provided, however, that notwithstanding any notice requirements contained in the Bankruptcy Rules, the Committee and the Debtor have established just cause to shorten any notice requirements for attendance at any such examination and production of documents to ten (10) days from service of a subpoena, or as may be agreed to by the parties or otherwise ordered by the Court;

4.      Should any dispute arise as to the ability of any party to comply with the expedited schedule contemplated by this order and any deadlines required by any subpoena after good faith efforts or should any other discovery disputes arise, prior to filing any discovery motion, the parties shall confer and if unable to resolve all issues shall file a request for a discovery conference with the Court.  Any such request shall be limited to two pages, shall not contain argument, and shall set forth a list of topics for discussion.  No responsive pleading shall be filed without leave of court;and

5.      This Court shall retain jurisdiction to resolve any issues with respect to this Order.

DATED: August 4, 2016

_____
Christopher J. Panos
United States Bankruptcy Judge

**EXHIBIT A**
**(Persons Subject to Rule 2004 Examination and Document Requests)**


<u>**General Motors, LLC and the following employees (subject to separate order)**</u>

1.  Mark Fischer, Director, Supply Risk Management, General Motors, LLC
2.  Tom McMillan
3.  Debbie Murphy, Director of Purchasing
4.  Jeanine Novack
5.  Chris Naegeli
6.  Rod McIntyre
7.  Jeff Buckner, Tactical Operations


<u>**KPMG LLP and the following employees**</u>

1.  Philip M. Goy
    Director
    KPMG LLP
    150 West Jefferson Avenue, Suite 1900
    Detroit, MI 48226

2.  William J. Byrne
    Manager
    KPMG LLP
    150 West Jefferson Avenue, Suite 1900
    Detroit, MI 48226


<u>**Allegiant International and the following employees**</u>

1.  Gary Berndt
    Allegiant International
    450 E. 96th Street, Suite 500
    Indianapolis, IN 46240

<u>**Alternative Supply Chain Providers**</u>

Autoneum
38555 Hills Tech Drive
Farmington Hills, MI 48331

Conform Automotive [Detroit Technologies, Inc.]
32500 Telegraph Road, Suite 207
Bingham Farms, MI

HP Pelzer
1175 Crooks Road
Troy, MI 48084

IAC
28333 Telegraph Road
Southfield, MI 48034

Jason Industries [Janesville Accoustics]
221 Fabritek Drive
Columbus, MS 39702

Unique Fabricating
800 Standard Parkway
Auburn, MI 48326

**EXHIBIT B**
**Documents Requested**

## DEFINITIONS

1.      "You" or "Your" shall mean [Schedule 1 Person], and where applicable, [Schedule 1 Person], and any of the [Schedule 1 Person] predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on the [Schedule 1 Person] behalf.

2.      "Assets" shall mean the Debtors' assets as and when  filed in their schedules on the docket maintained by the United States Bankruptcy Court for the District of Massachusetts, at Case No. 16-41188 (CJP).

3.      "Communication(s)" shall mean every manner of disclosure, exchange, or transmittal, and every disclosure, exchange, or transmittal of information, in the form of facts, ideas, inquiries, or otherwise, whether orally or by document, or whether face-to-face, by telephone, mail, personal delivery, electronically, or otherwise, whether directly or indirectly, in any nature whatsoever, including but not limited to, correspondence, conversations, dialogues, interviews, consultations, agreements, and other understandings, among two or more persons.  This definition includes, but is not limited to, letters, notes of conversations, contracts, email (in electronic or hard copy form), telegraph, telex, telecopier, facsimile, Internet, on-line service, and/or phone mail (in electronically recorded or transcribed form).

4.      "Document(s)" shall be given the broadest interpretation and shall include, without limitation, all writings of every kind, source, and authorship, both originals and non-identical copies thereof, whether in draft or final form in your possession, custody, or control.  The term "document(s)" also includes handwritten, typewritten, printed, photocopied, photographic, recorded or electronic stored or generated materials, including email.  The term "document(s)"

also includes Communications in words, symbols, pictures, sound recordings, film, tapes, microfiche, microfilms, foils, slides, videos and information stored in, or accessible through computer, electronic, magnetic, magneto-optical, and optical means, including disks and/or other information storage or retrieval systems, together with codes, and/or programming instructions and other material necessary to understand and use such systems.

5.      "Debtors" shall mean Clark-Cutler-McDermott Company and/or CCM Automotive Lafayette LLC and their parents, predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf.

6.      "Petition Date" shall mean July 7, 2016.

7.      "Related to" shall mean analyzing, considering, constituting, defining, evidencing, containing, describing, concerning, commenting, discussing, embodying, explaining, reflecting, detailing, identifying, mentioning, demonstrating, alluding to, referencing, comprising, setting forth, proposing, showing, edifying, stating, supporting, summarizing, referring to, dealing with or in any way pertaining to, in whole or in part, the subject.

8.      "Specified Alternative Suppliers" shall mean the following entities and their parents, predecessors, subsidiaries, affiliates, present and former directors and officers, present and former employees, representatives, investors, agents and all others acting or purporting to act on their behalf: Autoneum, Conform Automotive [Detroit Technologies, Inc.], HP Pelzer, IAC, Jason Industries [Janesville Accoustics], and Unique Fabricating.

## INSTRUCTIONS

1.      The documents requested herein are to be produced for inspection and copying at the offices of Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., One Financial Center, Boston,

6

MA 02111, or other mutually acceptable location.

  2.  Unless otherwise stated, this Request includes all documents that were written or generated, or came into or were in [Schedule 1 Person] possession, custody or control from January 1, 2016 through the present date, including all documents which are or were in the custody of your employees, servants, attorneys, consultants, staff members, accountants or agents, regardless of the location of such documents.

  3.  You shall produce all documents or you shall organize and label the documents to correspond with the categories in this request.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.  Documents attached to each other should not be separated.

  3.  This Request is continuing, requiring supplemental response by [Schedule 1 Person] if any additional responsive documents are discovered, located, identified or obtained after the [Schedule 1 Person] completes his initial production of responsive documents.

  4.  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

  5.  If [Schedule 1 Person] contends that the contents of a document called for by this Request are protected from disclosure by a privilege, describe each such document, including without limitation as part of such description:

7

(a)    Each privilege that [Schedule 1 Person] contends protects the document from

discovery and the basis, in detail, for claiming that privilege;

(b)    The document's type (e.g., letter, memorandum, fax, notes, etc.); date; author(s);

originator(s) and any person(s) involved in creating the document, and their titles and

duties; recipients and all persons who came into possession of the document; the number

of pages of the document; and the subject matter of the document.

6.    If any document called for by this Request was at one time, but no longer is in

[Schedule 1 Person] possession, custody or control, please identify the document, and, in each

instance, please explain in detail the circumstances surrounding any such disposition.  For instance,

if [Schedule 1 Person] has destroyed such a document, specify the date and manner of destruction,

the reason for destruction, the name, address and telephone number of the person who destroyed

the document, if applicable, and the name, address and telephone number of the custodian of the

document on the date and at the time of destruction.

## **<u>DOCUMENT REQUESTS</u>**

1.    All documents related to the Debtors' contracts with GM.

2.    All documents related to communications by or between any and/or all of the

following entities (including their predecessors, subsidiaries, affiliates, present and former

directors and officers, present and former employees, representatives, investors, agents and all

others acting or purporting to act on the entities' behalf, including counsel) regarding the Debtors

or the Debtors' business operations:  GM, KPMG, Allegiant, Debtors, and the Specified

Alternative Suppliers.

3.    All documents related to any accounting, financial and/or business operations

analysis of the Debtors.

4.      All documents related to any budgets prepared for the Debtors' business

operations.

5.      All documents related to alternative supply sources for the parts that Debtors were

under contract to manufacture for GM, including, but not limited to, the Specified Alternative

Suppliers.

9