**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(CENTRAL DIVISION)**

| | |
|---|---|
| **In re:**<br><br>**CLARK-CUTLER-MCDERMOTT COMPANY., *et al.*,**[1]<br><br>**Debtors.** | **Chapter 11**<br>**Case No. 16-41188-CJP**<br><br>**(Jointly Administered)** |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE DEBTORS' SECOND MODIFIED JOINT CHAPTER 11 PLAN OF LIQUIDATION**

The above-captioned debtors and debtors-in-possession (the "Debtors") having:

a. filed, (i) on September 16, 2016, the *Debtors' Joint Chapter 11 Plan of Liquidation* [Docket No. 252], (ii) on February 10, 2017, the *Debtors' Modified Chapter 11 Plan of Liquidation* [Docket No. 543], and (iii) on February 24, 2017, the *Debtors' Second Modified Chapter 11 Plan of Liquidation* [Docket No. 588] (as further modified, supplemented and amended including all attachments and exhibits thereto, the "Plan");[2]

b. filed, (i) on September 16, 2016, the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Liquidation* [Docket No. 254], and (ii) on February 10, 2017, the *Disclosure Statement for the Debtors' Modified Joint Chapter 11 Plan of Liquidation* [Docket No. 544], and (iii) on February 24, 2017, the *Disclosure Statement for the Debtors Second Modified Joint Chapter 11 Plan of Liquidation* [Docket No. 589] (as further modified, supplemented and amended, the "Disclosure Statement");

c. served the *Notice of (A) the Approval of the Disclosure Statement and the Solicitation and Voting Procedures and (B) the Objection Deadline and Confirmation Hearing with Respect to the Debtors' Second Modified Joint Chapter 11 Plan of Liquidation* (the "Confirmation Hearing Notice") on or about February 27, 2017 in the form approved in that certain *Order Approving: (A) the Disclosure Statement; (B) Certain Dates Related to Confirmation of the Plan; (C) Certain Voting and Tabulation Procedures and (D) the Form of Certain Documents to be*

[1] The Debtors in these Chapter 11 cases are Clark-Cutler-McDermott Company and CCM Automotive Lafayette LLC. CCM's corporate headquarters are located at 5 Fisher Street, Franklin, Massachusetts 02038. Lafayette, a wholly owned subsidiary of CCM Automotive LLC, has its principal place of business at 1465 Shattuck Industrial Boulevard, Lafayette, Georgia 30728.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan. The rules of interpretation set forth in Article I.B of the Plan shall apply to this order (the "Confirmation Order").

*Distributed in Connection with Solicitation of the Plan* (the "Disclosure Statement Order") [Docket No. 591], which Confirmation Hearing Notice set forth the Consensual Third-Party Releases contained in Article VIII of the Plan;

d. distributed solicitation materials and Non-Voting Status Notices, on or about February 27, 2017, including the ballots for voting on the Plan (the "Ballot"), in the form approved in the Disclosure Statement Order, which Ballots contained the Opt Out of Consensual Third Party Releases, on holders of Claims and Interests, contract and lease counterparties, and other parties in interest, in compliance with the procedures contained in Disclosure Statement Order, title 11 of the United States Code (as amended, the "Bankruptcy Code"), and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as set forth in the *Certificate of Service of Notice of Hearing and Mailing of Solicitation Packages* [Docket No. 592] and the *Certificate of Supplemental Service of Notice of Hearing* [Docket No. 593] (the "Certificates of Service");

e. filed, on March 24, 2017, the *Notice of Filing of Plan Supplement* [Docket No. 643] (as amended or modified, the "Plan Supplement");

f. filed, on March 30, 2017 the *Declaration of David A. Mawhinney Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the Debtors' Second Modified Joint Chapter 11 Plan of Liquidation* [Docket No. 652] (the "Voting Report");

g. filed, on March 30, 2017, the *Declaration of James T. McDermott in Support of Confirmation of the Debtors' Second Modified Joint Chapter 11 Plan of Liquidation* [Docket No. 653] (the "Confirmation Declaration");

This Court (the "Bankruptcy Court") having:

a. entered the Disclosure Statement Order on February 25, 2017;

b. established the deadline to object to the Plan as March 28, 2017 at 5:00 p.m. prevailing Eastern Time and the Plan voting deadline as March 28, 2017 at 5:00 p.m. prevailing Eastern Time;

a. reviewed and considered the Plan, the Disclosure Statement, the Plan Supplement, the Confirmation Declaration, the Voting Report, and all other pleadings, exhibits, statements, affidavits, declarations, testimony and other evidence, arguments, statements, and comments made by counsel and parties in interest in support of Confirmation of the Plan; and

b. taken judicial notice of the papers and pleadings filed in these chapter 11 cases (the "Chapter 11 Cases").

NOW, THEREFORE, it appearing to the Bankruptcy Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to Confirmation of the Plan has been

adequate and appropriate as to all known entities affected or to be affected by the Plan and the transactions contemplated thereby, that the legal and factual bases set forth in the documents filed in support of Confirmation and presented at the Confirmation Hearing establish just cause for the relief granted herein, that no objections were filed, and that no party in interest elected to examine any affiant or witness testimony proffered in support of confirmation, after due deliberation thereon and good cause appearing therefore, the Bankruptcy Court hereby makes and issues the following findings of fact, conclusions of law, and orders:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. Findings and Conclusions. The findings and conclusions set forth herein and on the record of the Confirmation Hearing constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014 based on the evidence presented in support of confirmation, certificates of service filed with the Court, and on the full record of this case. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)). The Bankruptcy Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 201 of the Local Rules of the United States District Court for the District of Massachusetts. Approval of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Bankruptcy Court has jurisdiction to enter a final order with respect thereto. Venue of these Chapter 11 Cases before the Bankruptcy Court was proper as of the Petition Date and remains proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. Eligibility for Relief. The Debtors each qualify as a "debtor" under Bankruptcy Code section 109. As such, the Debtors are proper proponents of the Plan.

D. Commencement of these Chapter 11 Cases. On July 7, 2016 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate as debtors-in-possession, pursuant to Bankruptcy Code sections 1107(a) and 1108. As of the date hereof, no trustee or examiner has been appointed in these Chapter 11 Cases.

E. Joint Administration. On July 8, 2016, the Bankruptcy Court entered the *Order Granting Motion of the Debtors for Entry of an Order Directing Joint Administration of Related Chapter 11 Cases* [Docket No. 34] pursuant to which the Debtors' Estates have been jointly administered by the Bankruptcy Court in accordance with Bankruptcy Rule 1015(b).

F. Committee. On July 20, 2016, the Office of the United States Trustee (the "U.S. Trustee") filed a notice appointing an Official Committee of Unsecured Creditors in these Chapter 11 Cases (the "Committee").

G. Judicial Notice. The Bankruptcy Court takes judicial notice of the dockets of the Debtors' Chapter 11 Cases maintained by the Clerk of the Bankruptcy Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of these Chapter 11 Cases.

H. Claims Bar Date. On October 6, 2016, the Bankruptcy Court entered the *Order (A) Establishing Bar Dates for Filing Proofs of Claim (Including Claims Arising Under Section 510(b) of the Bankruptcy Code), (B) Establishing Procedures for Filing Proofs of Claim, and (C) Approving the Form and Manner of Notice Thereof* [Docket No. 323] (the "Bar Date Order"). The

Bar Date Order, among other things, (i) established December 2, 2016 as the general bar date, which included the bar date for filing proofs of claim arising under Bankruptcy Code section 503(b)(9) and claims arising pursuant to the *Order Authorizing and Approving Debtors' Rejection of Certain Contracts and Leases* [Docket No. 275] (the "General Bar Date"), (ii) established January 6, 2017 as the governmental bar date (the "Governmental Bar Date"), (iii) approved the form and manner for filing proofs of claim, and (iv) approved notice of the applicable bar dates.

I. Burden of Proof. The Debtors, as plan proponents, have met the burden of proving the elements of Bankruptcy Code sections 1129(a) and (b) by a preponderance of the evidence as further found and determined herein. The Debtors have met their burden with respect to each applicable element of Bankruptcy Code section 1129. Each witness who testified on behalf of the Debtors at or in connection with the Confirmation Hearing was credible, reliable, and qualified to testify as to the topics addressed in his or her testimony.

**The Solicitation Process**

J. Solicitation. Each of the Plan, the Disclosure Statement, the Ballot, and the Confirmation Hearing Notice were transmitted and served in compliance with the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Massachusetts (the "Local Rules"), and the Disclosure Statement Order. The form of the Ballot adequately addresses the particular needs of these Chapter 11 Cases and is appropriate for the holders of Claims in Class 1 (GM Secured Claim), Class 4 (General Unsecured Claims), and Class 5 (GM Unsecured Claim) – the Classes of Claims entitled to vote to accept or reject the Plan. The period during which the Debtors solicited acceptances to the Plan was a reasonable period of time for holders to make an informed decision to accept or reject the Plan, and was in accordance with the Disclosure Statement Order, and in compliance

with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable non-bankruptcy law, rule, or regulation. The Debtors were not required to solicit votes from the holders of Claims or Interests in Class 2 (Other Secured Claims), Class 3 (Priority Non-Tax Claims), and Class 6 (Interests) as these Claims and Interests are either unimpaired under the Plan, and thus, the holders of such Claims are deemed to have accepted the Plan, or, in the case of Class 6, are extinguished under the Plan, and thus, the holders of such Interests are deemed to have rejected the Plan. As described in and as evidenced by the Certificates of Service and the Voting Report, the transmittal and service of the Plan, the Disclosure Statement, the Ballot (which included the election to opt-out of the Consensual Third Party Releases), and the Confirmation Hearing Notice (the "Solicitation") were timely, adequate and sufficient under the circumstances.

K. Notice. As is evidenced by the Certificates of Service, all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan) were served with the Confirmation Hearing Notice and have been given due, proper, timely, and adequate notice in accordance with the Disclosure Statement Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable non-bankruptcy law, rule, or regulation, and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice or resolicitation is required.

L. Good Faith Solicitation. Based on the record before the Bankruptcy Court in these Chapter 11 Cases, the Debtors, the Committee, and GM, their current members, officers, directors, employees and agents and their respective attorneys, financial advisors, accountants, and other professionals retained by such persons (i) have acted in "good faith" within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable provisions of the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable

non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptances to the Plan, their respective activities relating to providing all Voting Creditors with the opportunity to opt-out of the Consensual Third Party Releases and their participation in the activities described in Bankruptcy Code section 1125, and (ii) shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the offer and issuance of any securities under the Plan (to the extent deemed applicable), and therefore are not, and on account of such offer, issuance, and solicitation will not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Plan, elections to opt-out of the Consensual Third Party Releases or the offer and issuance of the securities under the Plan, if any, and are entitled to the protections afforded by Bankruptcy Code section 1125(e) and, to the extent such parties are listed therein, the exculpation provisions set forth in Article VIII of the Plan.

M. Voting. As evidenced by the Voting Report, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Plan, the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable non-bankruptcy law, rule, or regulation. As set forth in the Voting Report on Exhibit A thereto, each of Classes 1, 4, and 5, the only Classes entitled to vote on the Plan, voted to accept the Plan. Based on the foregoing, and as evidenced by the Voting Report, at least one Impaired Class of Claims has voted to accept the Plan in accordance with the requirements of Bankruptcy Code sections 1124 and 1126.

N. The Plan Settlements. The Plan and the Global Settlement, as discussed in detail in the Disclosure Statement, are the result of good faith arms' length negotiations among the Debtors,

the Committee, and GM. The Global Settlement, as embodied in the Plan, resolves the numerous claims and disputes by and among the Debtors, the Committee, and GM, including, but not limited to, those asserted in or which could have been asserted in Adversary Proceeding No. 16-04083. The Global Settlement has facilitated the creation and implementation of the Plan and the distributions set forth therein to holders of Allowed Claims. The Global Settlement (i) benefits the Substantively Consolidated Estate, (ii) is in the best interests of creditors, and (iii) is fair, equitable and reasonable.

O. Releases, Exculpation and Injunction. Pursuant to Bankruptcy Code section 1123(b)(3) and Bankruptcy Rule 9019(a), the releases, settlements, compromises, exculpations and injunctions set forth in Article VIII of the Plan and implemented by this Confirmation Order, are fair, equitable, reasonable and in the best interests of the Debtors, the Substantively Consolidated Estate, creditors and Interest holders. The Releases by the Substantively Consolidated Estate and the Consensual Third Party Releases are warranted, necessary, and appropriate, and are, in the case of the Consensual Third Party Releases, voluntary, and such releases are supported by the facts and the circumstances of these Chapter 11 Cases and are consistent with Bankruptcy Code sections 105, 1123(b)(6), and 1129 and applicable law in this jurisdiction. The record of the Confirmation Hearing and these Chapter 11 Cases is sufficient to support the settlements, releases, exculpations, and injunctions provided for in Article VIII of the Plan.

P. Plan Supplement. The Debtors have filed the Plan Supplement, which included: (i) the form of the Liquidating Trust Agreement and (ii) the identity of the Liquidating Trustee and his proposed compensation. All documents contained in the Plan Supplement comply with the terms of the Plan, and the filing, notice, and service of such documents were done in accordance

with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable non-bankruptcy law, rule, or regulation and no other or further notice is or shall be required.

**Compliance with the Requirements of Bankruptcy Code Section 1129**

Q. Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)). The Plan complies with the applicable provisions of the Bankruptcy Code, including, without limitation, Bankruptcy Code sections 1122 and 1123, thereby satisfying Bankruptcy Code section 1129(a)(1).

(i) Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)). With the exception of the Administrative Claims and Priority Tax Claims, which need not be classified, Article III of the Plan classifies six (6) Classes of Claims and Interests in the Debtors. The Claims and Interests placed in each Class are substantially similar to the other Claims and Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims and Interests. Accordingly, the Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

(ii) Unimpaired Classes Specified (11 U.S.C. § 1123(a)(2)). Articles III.C and III.D of the Plan specify that Claims in Class 2 (Other Secured Claims) and Class 3 (Priority Non-Tax Claims) are unimpaired under the Plan within the meaning of Bankruptcy Code section 1124, thereby satisfying Bankruptcy Code section 1123(a)(2).

(iii) Specified Treatment of Impaired Class (11 U.S.C. § 1123(a)(3)). Articles III.C and III.D of the Plan designate Claims in Class 1 (GM Secured Claim), Class 4 (General Unsecured Claims), Class 5 (GM Unsecured Claim), and Class 6 (Interests) as impaired within the

meaning of Bankruptcy Code section 1124 and clearly specifies the treatment of such Claims in said Classes, thereby satisfying Bankruptcy Code section 1123(a)(3).

(iv) <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment for each Claim or Interest in each respective Class, thereby satisfying Bankruptcy Code section 1123(a)(4).

(v) <u>Adequate Means for Plan Implementation (11 U.S.C. § 1123(a)(5))</u>. The Plan, the Plan Supplement and the Liquidating Trust Agreement provide adequate and proper means for the implementation of the Plan, including, without limitation, (i) the consolidation of the Non-Debtor CCM Entities and the Debtors' Estates into the Substantively Consolidated Estate, (ii) the implementation of the Global Settlement, (iii) the creation of the Liquidating Trust and vesting of certain assets therein; (iv) the appointment of the Liquidating Trustee; and (v) the procedures for making distributions to holders of Allowed Claims. Accordingly, the Plan satisfies Bankruptcy Code section 1123(a)(5).

(vi) <u>Prohibition of Issuance of Non-Voting Securities (11 U.S.C. § 1123(a)(6))</u>. Bankruptcy Code section 1123(a)(6) does not apply to the Plan because the Debtors do not propose to issue any non-voting equity securities under the Plan, and any charter of the Debtors will, after the Effective Date, no longer be valid and existing, except as otherwise set forth in Article IV.C of the Plan.

(vii) <u>Designation of Officers, Directors or Trustees (11 U.S.C. § 1123(a)(7))</u>. The Plan does not appoint any officers or directors of the Debtors. Bankruptcy Code section 1123(a)(7) is thus inapplicable. In the Plan Supplement, however, the Liquidating Trustee has been fully disclosed and was selected in a manner consistent with the interests of creditors and with public policy.

(viii) Earnings from Personal Services (11 U.S.C. § 1123(a)(8)). Bankruptcy Code section 1123(a)(8) applies only to individual debtors and is not applicable to these Chapter 11 Cases.

(ix) Impairment/Unimpairment of Classes of Claims and Interests (11 U.S.C. § 1123(b)(1)). As permitted by Bankruptcy Code section 1123(b)(1), pursuant to Articles III.C and III.D of the Plan, Claims and Interests in Classes 1, 4, 5, and 6 are impaired and, pursuant to Articles III.C and III.D of the Plan, Claims in Classes 2 and 3 are unimpaired.

(x) Assumption and Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)). As permitted by Bankruptcy Code section 1123(b)(2) and Article VI of the Plan, all executory contracts and unexpired leases, except for Insurance Policies assumed under the Plan, shall be deemed rejected as of the Effective Date, unless such executory contract or unexpired lease: (i) was assumed and assigned previously or rejected previously by the Debtors, (ii) previously expired or terminated pursuant to its own terms; or (iii) is the subject of a motion to assume filed on or before the Effective Date. Rejection of these executory contracts and unexpired leases pursuant to the Plan satisfies the requirements of the Bankruptcy Code and is expressly authorized by Bankruptcy Code section 1123(b)(2). The Debtors have exercised reasonable business judgment in determining to reject the executory contracts and unexpired leases to be rejected under the Plan. With respect to the Collective Bargaining Agreement (the "CBA") between CCM and the New England Joint Board Local 31T of UNITE-HERE (the "Union"), the Plan proposes to reject and terminate the CBA. The Union has cast a Ballot accepting the Plan. The rejection of each executory contract or unexpired lease rejected under the Plan shall be binding on the Debtors and each non-debtor party to each such executory contract or unexpired lease.

(xi) Settlement/Retention of Claims or Interests (11 U.S.C. § 1123(b)(3)). Pursuant to Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided pursuant to the Plan, the provisions of the Plan shall constitute a good faith compromise of all Claims, Interests, and controversies relating to the contractual, legal, and subordination rights that a holder of a Claim or Interest may have with respect to any Allowed Claim or Interest, or any distribution to be made on account of such Allowed Claim or Interest. The entry of this Confirmation Order constitutes the Court's approval of all the compromises and settlements embodied in the Plan, including, but not limited to, the Global Settlement, and the Court's findings shall constitute its determination that each such compromise and settlement, including but not limited to the Global Settlement, is in the best interests of the Debtors, the Substantively Consolidated Estate and all holders of Claims and Interests, and is fair, equitable and well within the range of reasonableness. In concluding that the Global Settlement contained in the Plan is substantively fair, the Court considered the following factors: (i) the probability of success in the litigation and contested matters being compromised; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise. The Court finds that each of these factors weigh in favor of approving the Global Settlement, embodied in the Plan. With respect to retention of claims, as permitted by Bankruptcy Code section 1123(b)(3), Article IV of the Plan provides that, from and after the Effective Date, except as otherwise expressly provided in the Plan, the Liquidating Trustee may pursue (i) objections to, estimation of and settlements of Claims, other than Claims that are Allowed pursuant to the Plan or other order of this Bankruptcy Court and (ii) any Cause of Action of the Substantively Consolidated Estate not otherwise released under the

Plan. Article VII of the Plan provides that any other party in interest, including GM, at such party's sole cost and expense, shall have the authority to file or litigate to judgment objections to Claims, with the exception of any Claims expressly Allowed pursuant to the Plan, this Confirmation Order, or other order of this Bankruptcy Court.

(xii) Additional Plan Provisions (11 U.S.C. § 1123(b)(6)). As permitted by Bankruptcy Code section 1123(b)(6), the Plan includes other appropriate provisions not inconsistent with the applicable provisions of the Bankruptcy Code, including, without limitation, certain release, exculpation, and injunction provisions in Article VIII of the Plan. Based upon the facts and circumstances of these Chapter 11 Cases, the release, exculpation, and injunction provisions in the Plan, including the releases set forth in Article VIII.F of the Plan, are the product of extensive arm's-length negotiations, are fair, equitable, and reasonable, and are supported by sufficient and valuable consideration. In light of the foregoing, the release, exculpation, and injunction provisions in Article VIII of the Plan are appropriate. The failure to implement the release, exculpation, and injunction provisions would unravel the carefully negotiated terms of the Global Settlement and may, therefore, seriously impair the Debtors' ability to confirm and consummate the Plan. In addition, the Debtor releases set forth in Article VIII.F of the Plan are consensual and the exculpations in Article VIII.E of the Plan do not relieve any party of liability for actual fraud, gross negligence, or willful misconduct. Accordingly, based upon the record of these Chapter 11 Cases, the representations of the parties, and/or the evidence proffered or adduced at the Confirmation Hearing, the Bankruptcy Court finds that the release, exculpation, and injunction provisions set forth in Article VIII of the Plan are consistent with the Bankruptcy Code and applicable law and are appropriate under the circumstances.

R. Compliance with Bankruptcy Rule 3016. The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement with this Bankruptcy Court satisfies Bankruptcy Rule 3016(b). The Plan and the Confirmation Hearing Notice describe in specific and conspicuous language all acts to be enjoined under the Plan and identify all entities that are subject to the injunctions set forth in the Plan in accordance with Bankruptcy Rule 3016(c). In addition, the Disclosure Statement, which the Debtors used to solicit votes to accept or reject the Plan, contained extensive material information regarding the Debtors so that parties entitled to vote on the Plan or opt-out of the Consensual Third-Party Releases could make informed decisions about the Plan and the Consensual Third-Party Releases.

S. The Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)). Except as otherwise provided for or permitted by order of the Bankruptcy Court, the Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Disclosure Statement Order in transmitting the Plan, the Plan Supplement, the Disclosure Statement, the Ballots, and related documents and notices and in soliciting and tabulating the votes on the Plan. Accordingly, the requirements of Bankruptcy Code section 1129(a)(2) are satisfied.

T. Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Debtors have proposed the Plan, including all documents necessary to effectuate the Plan, in good faith and not by any means forbidden by law, thereby satisfying the requirements of Bankruptcy Code section 1129(a)(3). The Debtors' good faith is evident from the facts and record of these Chapter 11 Cases, the Disclosure Statement, and the record of the Confirmation Hearing and other proceedings held in these Chapter 11 Cases. The Plan itself and the process leading to its formulation provide

independent evidence of the Debtors' good faith, serve the public interest, and assure fair treatment of holders of Claims and Interests. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Substantively Consolidated Estate and to maximize distributions to all creditors. Further, the Plan's classification, indemnification, exculpation, release, and injunction provisions have been negotiated in good faith and at arm's length, are consistent with Bankruptcy Code sections 105, 1122, 1123(b)(3)(A), 1123(b)(6), 1129, and 1142, and are integral to the Plan and supported by valuable consideration.

U. Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by the Debtors, or by any other person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with these Chapter 11 Cases, or in connection with the Plan and incident to these Chapter 11 Cases, has been approved by, or shall be subject to the approval of, the Bankruptcy Court as reasonable. Accordingly, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(4).

V. Directors, Officers, and Successors (11 U.S.C. § 1129(a)(5)). The Plan does not appoint any officers or directors of the Debtors. Section 1129(a)(5) is thus inapplicable. In the Plan Supplement, however, the Liquidating Trustee has been identified.

W. No Rate Changes (11 U.S.C. § 1129(a)(6)). The Debtors are not subject to the oversight of a governmental regulatory commission with jurisdiction over the Debtors' rates. Thus, Bankruptcy Code section 1129(a)(6) is not applicable in these Chapter 11 Cases.

X. Best Interest of Creditors (11 U.S.C. § 1129(a)(7)). The liquidation analysis (attached as Exhibit B to the Disclosure Statement) and other evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that each holder of a Claim in an Impaired Class either has accepted

the Plan or will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date. The liquidation analysis provided in the Disclosure Statement, including the methodology used, the estimations and assumptions made therein, and the evidence related thereto that was proffered at the Confirmation Hearing (a) is persuasive and credible as of the dates such evidence was prepared, presented, or proffered, (b) either has not been controverted by other persuasive evidence or has not been challenged, (c) is based upon reasonable and sound assumptions, and (d) provides a reasonable estimate of the liquidation value of the Substantively Consolidated Estate upon a conversion to a chapter 7 case. Recoveries under the Plan are equal to or (more likely) in excess of those that would be available if the Debtors were liquidated pursuant to chapter 7 and, therefore, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(7).

Y. Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). Claims in Class 2 (Other Secured Claims) and Class 3 (Priority Non-Tax Claims) are unimpaired under the Plan and are conclusively presumed to have accepted the Plan without the solicitation of acceptances or rejections pursuant to Bankruptcy Code section 1126(f). Holders of Claims in Class 1 (GM Secured Claim), Class 4 (General Unsecured Claims), and Class 5 (GM Unsecured Claim) voted to accept the Plan by at least two-thirds in amount and one-half in number. *See* Voting Report, Exhibit A. The Claims in Class 6 (Interests) are not receiving any distributions under the Plan and Class 6 is conclusively deemed to reject the Plan pursuant to Bankruptcy Code section 1126(g). Because Class 6 is conclusively deemed to have rejected the Plan, the Debtors seek Confirmation under the so-called "cram down" provisions of Bankruptcy Code section 1129(b). Although Bankruptcy Code section 1129(a)(8) has not been satisfied in this respect, the Plan is nevertheless

confirmable because it does not discriminate unfairly and is fair and equitable with respect to Class 6. For the reasons set forth below, the Plan satisfies the requirements of Bankruptcy Code section 1129(b) with respect to such dissenting Class.

Z. Treatment of Administrative Claims, Priority Tax Claims, and Priority Non-Tax Claims (11 U.S.C. § 1129(a)(9)). The treatment of Claims under the Plan of the type specified in Bankruptcy Code sections 507(a)(1) through 507(a)(8), if any, complies with the provisions of Bankruptcy Code section 1129(a)(9) because Article II of the Plan provides that, except to the extent an entity agrees to less favorable treatment: (i) each holder of an Allowed Administrative Claim (except with respect to Fee Claims, which shall be paid upon Final Order of allowance by the Bankruptcy Court and pursuant to the terms of the Global Settlement as set forth in Article IV.B of the Plan and paragraph 5 of this Confirmation Order) shall be paid on the earlier of (a) on or as soon as reasonably practicable after the Effective Date if such Administrative Claim is Allowed as of the Effective Date or (b) on or as soon as reasonably practicable after the date such Administrative Claim is Allowed, if such Administrative Claim is not Allowed as of the Effective Date; (ii) each holder of an Allowed Priority Tax Claim shall either (a) be paid in full in cash on or as soon as reasonably practicable after the Effective Date, (b) be paid in full in cash in installment payments over a period of time not to exceed five (5) years after the Petition Date pursuant to Bankruptcy Code section 1129(a)(9)(c) or (c) receive such other treatment as may be agreed upon by such holder and the Liquidating Trustee or otherwise determined upon an order of the Bankruptcy Court; and (iii) each holder of an Allowed Priority Non-Tax Claim shall either be paid in full in cash on or as soon as reasonably practicable after the the later of (a) the Effective Date, (b) the date on which such Priority Non-Tax Claim becomes Allowed, or (c) such other date

as may be order by the Bankruptcy Court. Accordingly, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

AA. Acceptance by at Least One Impaired Class (11 U.S.C. § 1129(a)(10)). The Impaired Classes under the Plan entitled to vote, Class 1 (GM Secured Claim), Class 4 (General Unsecured Claims), and Class 5 (GM Unsecured Claim), affirmatively accepted the Plan by the requisite majorities. Holders of Claims in Classes 1, 4, and 5 voted to accept the Plan by at least two-thirds in amount and one-half in number determined without regard to votes of insiders. *See* Voting Report, Exhibit A. Accordingly, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(10).

BB. Feasibility (11 U.S.C. § 1129(a)(11)). The Plan satisfies Bankruptcy Code section 1129(a)(11). The information in the Disclosure Statement and the evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that the Plan is feasible and that there is a reasonable prospect of the Debtors being able to meet their financial obligations under the Plan and that confirmation of the Plan is not likely to be followed by the need for further liquidation or financial reorganization of the Debtors, thereby satisfying the requirements of Bankruptcy Code section 1129(a)(11).

CC. Payment of Fees (11 U.S.C. § 1129(a)(12)). Pursuant to Article II.C of the Plan, the Debtors or (following the Confirmation Date) the Liquidating Trustee are required to pay all statutory fees due and owing to the U.S. Trustee at the time of Confirmation on the Effective Date. Accordingly, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(12).

DD. No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)). With respect to Class 6 (Interests), the Plan may be confirmed pursuant to Bankruptcy Code section 1129(b) even though the requirements of Bankruptcy Code section 1129(a)(8) have not been met. The

Debtors have demonstrated by a preponderance of the evidence that the Plan (a) satisfies all of the other requirements of Bankruptcy Code section 1129(a) and (b) does not "discriminate unfairly," and is "fair and equitable" with respect to Class 6. The Plan is "fair and equitable" with respect to the holders of Interests in Class 6 because no holders of any interest junior to Class 6 will receive or retain any property under the Plan on account of such claims or interests. The evidence supporting the Plan proffered or adduced by the Debtors at, or prior to, or in one or more declarations filed in connection with, the Confirmation Hearing regarding the Debtors' classification and treatment of Claims and Interests: (a) is reasonable, persuasive, credible, and accurate; (b) utilizes reasonable and appropriate methodologies and assumptions; and (c) has not been controverted by other credible evidence. The Plan, therefore, satisfies the requirements of Bankruptcy Code section 1129 and may be confirmed despite the fact that Class 6 is deemed to have rejected the Plan.

EE. Only One Plan (11 U.S.C. § 1129(c)). The Plan is the only plan that was solicited and brought to the Bankruptcy Court for confirmation in these Chapter 11 Cases. Accordingly, Bankruptcy Code section 1129(c) is inapplicable in these Chapter 11 Cases.

FF. Principal Purpose of the Plan (11 U.S.C. § 1129(d)). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, and no governmental entity has objected to the confirmation of the Plan on any such grounds. Accordingly, the Plan satisfies the requirements of Bankruptcy Code section 1129(d).

GG. Non-Applicability of Certain Sections (11 U.S.C. §§ 1123(c), 1129(a)(13) - (16), 1129(e)). The Debtors are not individuals and do not owe any domestic support obligations. The Debtors also have no obligation to pay for retiree benefits and are neither a nonprofit corporation

nor a "small business." Accordingly, Bankruptcy Code sections 1123(c), 1129(a)(13) – (16) and 1129(e) do not apply to these Chapter 11 Cases.

HH. Satisfaction of Confirmation Requirements. Based upon the foregoing, all other pleadings, documents, exhibits, statements, declarations and affidavits filed in connection with Confirmation of the Plan, and all evidence and arguments made, proffered or adduced at the Confirmation Hearing, the Plan satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129.

II. Implementation. All documents and agreements necessary to implement the Plan, including, without limitation, the Liquidating Trust Agreement, and all other relevant and necessary documents, have been negotiated in good faith and at arm's length, do not inappropriately conflict with applicable non-bankruptcy law, and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements.

JJ. Good Faith. Based on the record before this Bankruptcy Court in these Chapter 11 Cases, the Debtors will be acting in good faith within the meaning of Bankruptcy Code section 1125(e) if they proceed to (i) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby and (ii) take the actions authorized and directed by this Confirmation Order, and shall not be liable under any applicable law, rule, or regulation governing solicitation of acceptance or rejection of the Plan or the offer, issuance, sale, or purchase of securities.

KK. Preservation of Causes of Action. It is in the best interests of the Debtors, the Substantively Consolidated Estate, and the holders of Claims that the Causes of Action, except those previously waived or released by the Debtors or Non-Debtor CCM Entities or released

pursuant to the Plan, shall be vested in the Liquidating Trust which shall have the sole and exclusive right to litigate (or abandon) any such Causes of Action.

LL. Additional Findings Regarding Releases. The releases provided pursuant to Article VIII of the Plan: (i) represent a sound exercise of the Debtors' business judgment; (ii) were negotiated in good faith and at arm's length; and (iii) are (a) in exchange for good and valuable consideration, (b) a good faith settlement and compromise of the claims released thereby, (c) in the best interest of the Substantively Consolidated Estate and (d) fair, equitable, and reasonable under the circumstances of these Chapter 11 Cases.

MM. Additional Findings Regarding Substantive Consolidation. The implementation of the substantive consolidation of the Debtors' Estates provided for in Article III.B and as authorized in that certain *Order Granting Debtors' Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019 (A) Approving Settlement Agreement with Committee; (B) Approving Transfer of Property; and (C) Substantively Consolidating Non-Debtors into Bankruptcy Estate; and (D) Granting Other Relief* [Docket No. 517] (the "Substantive Consolidation Settlement") (i) represents a sound exercise of the Debtors' business judgment; (ii) was negotiated in good faith and at arm's length; (iii) is a good faith settlement and compromise; (iv) is in the best interest of the Debtors and the Substantively Consolidated Estate; and (v) is fair, equitable, and reasonable under the circumstances of these Chapter 11 Cases.

NN. Retention of Jurisdiction. Pursuant to Bankruptcy Code sections 105(a) and 1142, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Bankruptcy Court, except as otherwise provided in the Plan or herein, shall retain exclusive jurisdiction over all matters arising out of, and related to, these Chapter 11 Cases and the Plan to the fullest extent permitted by law.

## ORDER

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT:

**General Decrees and Implementation**

1. Confirmation of the Plan. The Plan and each of its provisions shall be, and hereby is, CONFIRMED pursuant to Bankruptcy Code section 1129. The Liquidating Trust Agreement is authorized and approved. The terms of the Plan, including the Plan Supplement, are incorporated by reference into and are an integral part of this Confirmation Order. The forms, terms, and provisions of the Liquidating Trust Agreement may be amended or modified by the Debtors through and including the Effective Date, with the consent of GM and the Committee in a manner consistent with, and that does not materially modify, the Plan.

2. Objections. No objections, responses to, or statements and comments in opposition to or inconsistent with the Plan, were presented on the record at the Confirmation Hearing.

3. Plan Classification Controlling. Unless otherwise set forth herein, the classifications of Claims and Interests for purposes of distributions under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballot tendered to or returned by the Debtors' creditors in connection with voting on the Plan (a) were set forth on the Ballot solely for the purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims or Interests under the Plan for distribution purposes, (c) may not be relied upon by any Creditor or Interest holder as representing the actual classification of such Claims or Interests under the Plan for distribution or any other purpose (other than for evidencing the vote of such

party on the Plan), and (d) shall not be binding on the Debtors or holders of Claim or Interests for purposes other than for voting.

4. The Global Settlement. The Global Settlement, and each component thereof, as incorporated into the Plan and this Confirmation Order, is hereby approved pursuant to Bankruptcy Code section 1123 and Bankruptcy Rule 9019 as fair and reasonable and in the best interests of the Debtors, the Substantively Consolidated Estate, creditors and Interest holders. The Global Settlement and the related releases of Claims and Causes of Action and distributions are authorized and approved in all respects, subject to, and in accordance with, the terms and conditions thereof, the Plan and this Confirmation Order, and the terms of the Global Settlement shall be binding upon all Persons, including the Debtors, the Liquidating Trust, any and all holders of Claims or Interests (irrespective of whether such Claims or Interests are Impaired under the Plan or whether the holders of such Claims or Interests accepted, rejected or are deemed to have accepted or rejected the Plan), any and all Persons who are parties to or are subject to the settlements, compromises, releases, waivers, and injunctions described herein or in the Plan, and the respective heirs, executors, administrators, trustees, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, guardians, successors, or assigns, if any, of the foregoing. The releases granted pursuant to the Plan shall preclude Voting Creditors (except those Voting Creditors who timely exercised their right to opt-out of the Consensual Third Party Releases) from asserting, on behalf of the Substantively Consolidated Estate or otherwise, any Claims or Causes of Action against the Released Parties. Further, the Global Settlement is deemed an integrated compromise and settlement and, accordingly, is non-severable from all other terms of the Plan. The compromises and settlements embodied in the Global Settlement are fair, equitable, and within the range of reasonableness. The Debtors and the Liquidating Trust, as applicable, are duly authorized to

execute, deliver, implement and fully perform any and all obligations, instruments, documents, and papers, and to take any and all actions reasonably necessary or appropriate to consummate the Global Settlement.

5. Satisfaction of Unpaid Administrative Expenses and Priority Claims. Notwithstanding anything to the contrary in Article IV.B.4 of the Plan, and consistent with the Term Sheet, on the Effective Date, or as soon as the Liquidating Trust has sufficient Cash to make such distribution in accordance with the "waterfall" set forth in the Plan, $3,600,000 shall be distributed as follows (i) 50% shall be distributed to GM on account of the GM Secured Claim; and (ii) 50% shall be distributed to holders of Allowed Administrative Claims (other than claims Allowed pursuant to section 503(b)(9) of the Bankruptcy Code), Allowed Priority Tax Claims, Allowed Priority Non-Tax Claims, and Allowed Fee Claims until such Claims are paid in full, with any remaining balance paid to GM on account of the GM Secured Claim.

6. Confirmation Hearing Notice. The Debtors provided good and sufficient notice of the Confirmation Hearing and the deadlines for filing and serving objections to the Plan and the procedure for the Voting Creditors to opt-out of the Consensual Third Party Releases, which notices are hereby approved.

7. Implementation of the Plan. In accordance with Bankruptcy Code section 1142 and any other applicable law of any jurisdiction, the Debtors, the Liquidating Trust and the Liquidating Trustee, each to the extent applicable and in accordance with the terms and conditions of the Plan, are authorized to (i) execute, deliver, file, and/or record such documents, contracts, deeds, instruments of conveyance, releases, and other agreements, including, without limitation, those contained in the Plan Supplement and the Substantive Consolidation Settlement, (ii) make any and all distributions and transfers contemplated pursuant to, and as provided for in, the Plan, and (iii)

take such other actions as may be necessary, desirable, or appropriate to effectuate, comply with, implement, and further evidence the terms and conditions of the Plan.

8. No further approval by the Bankruptcy Court shall be required for any action, transaction or agreement that is necessary or appropriate to implement and effectuate or consummate the Plan, whether or not such action, transaction or agreement is specifically contemplated in the Plan or this Confirmation Order. This Confirmation Order shall further constitute all approvals, consents, and directions required for management of the Debtors or the Liquidating Trustee to act consistent with the Plan and any documents, instruments or agreements referred to in or contemplated by the Plan and the Plan Supplement, notwithstanding any laws, rules, and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan.

9. No Corporate Action. To the extent that, under applicable non-bankruptcy law, any action to effectuate the terms of this Plan would otherwise require the consent or approval of the members, managers, directors or officers of the Debtors, this Confirmation Order shall, pursuant to Bankruptcy Code sections 1123(a)(5) and 1142, constitute that consent or approval, and such actions are deemed to have been taken by unanimous action of the members, managers, directors and officers of the appropriate Debtors.

10. Binding Effect. From and after entry of this Confirmation Order, and subject to the occurrence of the Effective Date, except to the extent otherwise provided in the Plan or this Confirmation Order, the provisions of the Plan, as applicable, shall be binding on and shall inure to the benefit of, any heir, executor, administrator, personal representative, successor, or assign of such Person, including, but not limited to, the Liquidating Trustee, the Committee, GM, all holders of Claims and Interests of the Debtors (irrespective of whether such Claims or Interests are

impaired under the Plan or whether the holders of such Claims or Interests accepted, rejected or are deemed to have accepted or rejected the Plan), any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors, and all other parties in interest in these Chapter 11 Cases.

11. Vesting of Assets in the Liquidating Trust. Notwithstanding Bankruptcy Code section 1141(b), the Liquidating Trust Assets shall not vest in the Debtors, but shall vest in the Liquidating Trust, under the exclusive control of the Liquidating Trustee, in accordance with the provisions of the Plan, this Confirmation Order and the Liquidating Trust Agreement.

12. The Liquidating Trust Agreement. Except as otherwise expressly provided in the Plan, this Confirmation Order or the Liquidating Trust Agreement, pursuant to Bankruptcy Code sections 1123(a)(5), 1123(b)(3), 1141(b) and (c) and other applicable provisions of the Bankruptcy Code, on and after the Effective Date, all Liquidating Trust Assets shall vest in the Liquidating Trust free and clear of all Interests, Claims and Liens and contractually imposed restrictions. On and after the Effective Date, the Liquidating Trust may object to any Claim or Interest regardless of whether such Claim or Interest was Disputed on the Effective Date, other than Claims that are Allowed pursuant to the Plan, and compromise or settle any Causes of Action, Claims or Interests regardless of whether such Claim or Interest was Disputed on the Effective Date, in each case without notice to, supervision of or approval by this Bankruptcy Court and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, the Local Rules, and the guidelines and requirements of the United States Trustee, other than restrictions expressly imposed by the Plan, the Liquidating Trust Agreement or this Confirmation Order.

13. The Liquidating Trust. The Liquidating Trust shall be established on the Effective Date and shall be maintained thereafter in accordance with the terms of the Plan and the

Liquidating Trust Agreement. The Liquidating Trust Agreement, in the form substantially similar to the one annexed as Exhibit A to the *Notice of Filing of Plan Supplement* [Docket No. 643], as such Plan Supplement may be amended through the Effective Date, and all provisions therein, are hereby approved by this Confirmation Order. The designation of Craig R. Jalbert of Verdolino & Lowey P.C. as the Liquidating Trustee is approved. Pending the occurrence of the Effective Date, the Debtors are authorized to take all actions as may be necessary to facilitate the creation and implementation of the Liquidating Trust. The Liquidating Trust is authorized and empowered, pursuant to the Plan and the Liquidating Trust Agreement, to liquidate or otherwise administer the Liquidating Trust Assets. Neither the Liquidating Trustee nor any member of the Liquidating Trust Board (as defined in the Liquidating Trust Agreement) shall have any obligations to expend or risk their own funds or otherwise incur personal liability in the exercise of their rights, powers and privileges under the Liquidating Trust Agreement. The Liquidating Trust Board shall not be personally liable for any actions or omissions taken in connection with the Liquidating Trust Agreement, except to the extent determined by Final Order to constitute fraud, gross negligence or willful misconduct. All Persons and Entities are enjoined from asserting or prosecuting any Claims or Causes of Action against the Liquidating Trustee or any member of the Liquidating Trust Board that are inconsistent with the provisions of the Plan, the Liquidation Trust Agreement or this Confirmation Order.

14. Failure to Timely File Proof of Claim. Except as provided in paragraph 21 herein with respect to the rejection of any executory contract or unexpired lease pursuant to the Plan and this Confirmation Order, any person or entity (including, without limitation, an individual, partnership, joint venture, corporation, limited liability company, estate or trust) that was required to file a timely proof of claim in the form and manner specified in the Bar Date Order, and failed

to do so on before the General Bar Date or Government Bar Date, and failed to file a motion seeking to allow such untimely proof of claim prior to the date hereof, shall be, absent further order of this Court, forever barred, estopped, and enjoined from asserting such claim against the Debtors, the Liquidating Trust, or the Liquidating Trustee and shall not receive or be entitled to receive any payment or distribution of property from the Debtors or the Liquidating Trust with respect to such claim. The Liquidating Trustee retains the right, but shall not be required, to object to any untimely filed proof of claim.

15. Cancellation of Outstanding Interests. As of the Effective Date, except for purposes of evidencing a right to a distribution under the Plan or as otherwise provided for in the Plan or herein, (a) all agreements and other documents evidencing the Claims or rights of any holders of such Claims against the Debtors or the Non-Debtor CCM Entities, including, but not limited to, all contracts, notes and guarantees, and (b) all Interests, shall be deemed automatically cancelled.

16. Cancellation of Existing Securities. On the Effective Date, the obligations of the Debtors or Non-Debtor CCM Entities pursuant, relating or pertaining to any agreements, indentures, certificates of designation, bylaws or certificate or articles of incorporation or similar documents governing the shares, certificates, notes, bonds, purchase rights, options, warrants or other instruments or documents evidencing or creating any indebtedness or obligation of the Debtors or a Non-Debtor CCM Entity shall be released and discharged: provided, however, the foregoing shall not be deemed to be a cancellation of any equity securities held by the Debtors or any Non-Debtor CCM Entity in any other entity.

17. Directors, Officers and Board Members of the Debtor. As of the Effective Date, each member of the board of directors, each officer, each manager, and all other similar

management personnel of the Debtors and Non-Debtor CCM Entities shall be deemed to have resigned.

**Treatment of Executory Contracts and Unexpired Leases**

18. The provisions of Article VI of the Plan governing executory contracts and unexpired leases are hereby approved in their entirety.

19. Rejection of Contracts and Leases. On the Effective Date, except for Insurance Policies assumed under the Plan, and except to the extent that the Debtors either previously have assumed, assumed and assigned, or rejected an executory contract or unexpired lease by an order of the Bankruptcy Court or have filed a motion to assume or assume and assign an executory contract or unexpired lease prior to the Effective Date, each executory contract and unexpired lease entered into by the Debtors prior to the Petition Date that has not previously expired or terminated pursuant to its own terms shall be deemed rejected pursuant to Bankruptcy Code section 365. This Confirmation Order shall constitute approval of any such rejections pursuant to Bankruptcy Code sections 365(a) and 1123 effective as of the Effective Date.

20. Rejection and Termination of the Collective Bargain Agreement with the New England Joint Board, Local 31T of UNITE-HERE. On the Effective Date, the CBA between CCM and the New England Joint Board and its Local 31T of UNITE-HERE dated March 19, 2015, shall be deemed rejected pursuant to the Bankruptcy Code. Further, in accordance with the Plan, which has been accepted by the Union, the CBA shall terminate on the Effective Date.

21. Claims Based on Rejection of Contracts or Leases. Claims, if any, created by the rejection of executory contracts and unexpired leases pursuant to the Plan, must be filed with the Bankruptcy Court and served on the Litigation Trustee no later than thirty (30) days after the Effective Date. Any Claims arising from the rejection of an executory contract or unexpired lease

for which proofs of claim are not timely filed within that time period will not be considered Allowed and such person or entity shall not be treated as a creditor for purposes of distributions under the Plan, unless otherwise ordered by the Bankruptcy Court or as otherwise provided herein. Any such Claims that are timely filed as provided herein shall be treated, to the extent Allowed, as General Unsecured Claims under the Plan and shall be subject to the provisions of Article III of the Plan.

22. Distributions. The provisions of the Plan governing distributions and procedures for resolving and treating Disputed Claims are approved and found to be fair and reasonable. Unless otherwise set forth in the Plan, the Liquidating Trustee shall make all distributions under the Plan on account of Allowed Claims against the Debtors; provided, however, that the Debtors shall be authorized to pay any Allowed Administrative, Priority Tax, and Priority Non-Tax Claims, prior to or on the Effective Date to the extent permitted by the Plan.

23. Objections to Claims. Any objections to a proof of Claim, other than Claims that are Allowed pursuant to the Plan, shall be filed on or before the one hundred and eightieth (180th) day after the Effective Date, or such later deadline for objecting to claims as may be fixed by an order of this Bankruptcy Court upon motion filed by the Liquidating Trustee. Absent further order of this Bankruptcy Court, any objection not filed by such deadline shall be deemed waived, and the Claim shall be an Allowed Claim in the amount set forth on the proof of claim filed by the holder of such Claim. With respect to any Claim objection that was filed by the Debtors or the Committee but not yet resolved by entry of a Final Order prior to the Effective Date, the Liquidating Trustee, on behalf of the Liquidating Trust, shall be substituted in the place of the Debtors or the Committee as applicable, as of the Effective Date, and shall have the right to continue to prosecute or to settle such objections in accordance with the terms of the Plan and this

Confirmation Order. Notwithstanding anything to the contrary in the Plan, the U.S. Trustee's rights to object to Claims or Interests after the date hereof are hereby reserved, and the U.S. Trustee shall have sole authority to litigate to judgment the *Objection to Proofs of Claim* filed on September 19, 2016 [Docket No. 271], and authority to litigate such objection shall not transfer to the Liquidating Trust. In addition, any other party in interest, including GM, at such party's sole cost and expense, shall have the authority to file or litigate to judgment objections to Claims, with the exception of any Claims expressly Allowed pursuant to the Plan and this Confirmation Order.

24. Setoffs and Recoupment. Except with respect to Fee Claims or Claims that are Allowed pursuant to the Plan, the Liquidating Trust may, but shall not be required to, setoff against or recoup from any Claims of any nature whatsoever that the Debtor may have against the claimant pursuant to Bankruptcy Code section 558 or otherwise, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtors or the Liquidating Trust of any such Claim it may have against the holder of such Claim.

25. Subordinated Claims. Except as expressly provided herein, the allowance, classification and treatment of all Allowed Claims and the respective distributions and treatments under the Plan take into account and conform to the relative priority and rights of the Claims in each Class in connection with any contractual, legal and equitable subordination rights relating thereto, whether arising under general principles of equitable subordination, Bankruptcy Code section 510(b) or otherwise.

26. Administrative Claim Bar Date. Requests for payment of Administrative Claims (other than Fee Claims or arising under Bankruptcy Code section 503(b)(9)) must be filed on or before the Administrative Claims Bar Date, which is thirty (30) days from the Effective Date. Holders of Administrative Claims that are required to, but do not file and serve a request for

payment of such Administrative Claims by such date shall be entitled to no distribution under the Plan. Objections to any Administrative Claims must be Filed with the Bankruptcy Court and served on the Liquidating Trust and the requesting party no later than twenty-one (21) days from the service of an application for final allowance of an Administrative Claim.

27. Professional Fee Claims. All final requests for Payment of Fee Claims must be filed and served on the Debtors, the Liquidating Trust, and such other Entities who are designated by the Bankruptcy Rules, the Interim Compensation Order or any other applicable order of the Bankruptcy Court, and other necessary parties in interest no later than thirty (30) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. Objections to any Fee Claim must be Filed and served on the Liquidating Trust and the requesting party no later than twenty-one (21) days from the service of an application for final allowance of a Fee Claim. In the event of any conflict between any previously entered order and the Plan and this Confirmation Order with respect to the treatment of Fee Claims, the terms of the Plan and this Confirmation Order shall control.

28. Post-Effective Date Expenses. From and after the Effective Date, the payment of the fees and expenses of professionals retained by the Liquidating Trust shall not be subject to an application and shall be made pursuant to the Liquidating Trust Agreement and without approval of the Bankruptcy Court.

**Releases, Injunction and Exculpation**

29. All release, injunction and exculpation provisions contained in the Plan, including, without limitation, those contained in Article VIII of the Plan, are hereby authorized, approved and shall be effective and binding on all persons and entities, to the extent expressly described in the Plan.

30. Releases by the Debtors. As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, the Non-Debtor CCM Entities, the Liquidating Trustee, and any Person seeking to exercise the rights of the Substantively Consolidated Estate, shall be deemed to forever release, waive, and discharge the Released Parties of all claims, obligations suits, judgments, damages, demands, debts, rights, remedies, Causes of Action and liabilities of any nature whatsoever, whether direct or derivative, including, without limitation, any of the foregoing in connection with or related to the Debtors, the Non-Debtor CCM Entities, the Chapter 11 Cases, that adversary proceeding styled as *The Official Committee of Unsecured Creditors et al. v. General Motors LLC,* Adv. Proc. No. 16-04083, the Sales, the Global Settlement, or the Plan, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or prior to the Effective Date.

31. Consensual Third Party Releases. As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, all Voting Creditors who did not timely and affirmatively exercise their right to opt-out of such release, shall be deemed to have forever released, waived, and discharged the Released Parties of all claims, obligations suits, judgments, damages, demands, debts, rights, remedies, causes of action and liabilities of any nature whatsoever, whether direct or derivative, and which relates directly to (i) such holder's business dealings with the Debtors, the Non-Debtor CCM Entities, AirLoc LLC, or (ii) the Chapter 11 Cases, the Sales, the Global Settlement, or the Plan (collectively the "Released Claims"), whether such Released Claims are liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or hereafter arising, in law, equity, or

otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or prior to the Effective Date. Notwithstanding the foregoing, GM shall not be deemed to release any right of setoff against CCM Acoustics Holdings S.A. de C.V.

32. Injunction. Except as otherwise provided in the Plan or the Confirmation Order, as of the Confirmation Date, all Entities that have held, hold or may hold a Claim or other debt or liability against a Debtor or Interest in a Debtor are permanently enjoined from taking any of the following actions against the Debtors, the Released Parties, or the Liquidating Trust or any of their property on account of such Claims or Interests: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting any right of setoff, subrogation or recoupment of any kind against any debt, liability or obligation including, but not limited to, on account of or in connection with or with respect to any Claims or Interests unless such holder has filed a motion requesting the right to perform such setoff on or before the Confirmation Date; and (v) commencing or continuing in any manner or in any place, any action that does not comply with or is inconsistent with the Plan.

33. Exculpation. None of the Exculpated Persons shall have or incur any liability for any Exculpated Claim, except for actual fraud, willful misconduct or gross negligence, and in all respects, the Exculpated Person shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

**Committee, Payment of Statutory Fees and Tax Issues**

34. Dissolution of the Committee. Upon the Effective Date, the Committee shall dissolve automatically in accordance with Article XII.C of the Plan. The members of the

Committee and the Professionals and agents retained by the Committee shall be deemed released of their duties, responsibilities, and obligations, and shall be without further duties, responsibilities, and authority in connection with the Debtors, the Chapter 11 Cases, the Plan, or its implementation, except with respect to applications for Fee Claims.

35. Payment of Statutory Fees. All quarterly fees payable pursuant to section 1930 of Title 28 of the United States Code prior to the Effective Date shall be paid by the Debtors or the Liquidating Trustee on or before the Effective Date. On and after the Effective Date, the Liquidating Trust shall be responsible for (i) filing post-Confirmation reports and any pre-Confirmation monthly operating reports not filed as of the Effective Date in conformity with the U.S. Trustee guidelines and (ii) all applicable U.S. Trustee fees for these Chapter 11 Cases until the entry of a final decree or until such Chapter 11 Cases are closed or dismissed.

36. Compliance with Tax Requirements. The Liquidating Trust, and the Debtors, to the extent applicable, shall comply with all tax withholding and reporting requirements imposed by any federal, state, provincial, local, or foreign taxing authority, and all distributions made pursuant to the Plan shall be subject to any such withholding and reporting requirements. The Liquidating Trust shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding and reporting requirements including, without limitation, requiring that, as a condition to the receipt of a distribution, the holder of an Allowed Claim complete the appropriate IRS Form W-8 or IRS Form W-9, as applicable to each holder. Notwithstanding any other provision of the Plan, (i) each holder of an Allowed Claim that is to receive a distribution pursuant to the Plan shall have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed on such holder by any governmental unit, including income and other tax obligations, on account of such distribution, and (ii) no distribution

shall be made to or on behalf of such holder pursuant to the Plan unless and until such holder has made arrangements satisfactory to the Liquidating Trust or the Debtors to allow it to comply with its tax withholding and reporting requirements. Any property to be distributed pursuant to the Plan shall, pending the implementation of such arrangements, be treated as Unclaimed Property under the Plan and held by the Liquidating Trust until the later of (i) such time as the Liquidating Trust is satisfied with the holder's arrangements for any withholding tax obligations, or (ii) pursuant to and consistent with the time periods set forth in Article IV.A.6 of the Plan.

37. Exemption from Certain Taxes and Fees. Under the Plan, and specifically in connection with the Global Settlement, real estate owned by (i) CCMcD Real Estate LLC in Franklin, Massachusetts and (ii) CCMcD Real Estate Lafayette LLC in Lafayette, Georgia will, at the election of the Liquidating Trustee, (a) be conveyed to the Liquidating Trust, or (b) held in trust and controlled by the Liquidating Trustee (the "Plan Transfers"). Pursuant to Bankruptcy Code section 1146(a), any transfers under, in contemplation of, or in connection with the Plan including the Plan Transfers shall not be taxed under any law imposing a stamp tax or fee, real estate transfer tax or fee, mortgage recording tax or fee, sales or use tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or government assessment. No state or local governmental official or agent may collect any such tax or governmental assessment and each state and local governmental official and agent is hereby directed to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment. Such exemption specifically applies, without limitation, to all documents necessary to evidence and implement the Plan and to effect distributions under the Plan, including the documents contained in the Plan Supplement and

all documents necessary to evidence and implement any of the transactions and actions described in the Plan or the Plan Supplement.

**Miscellaneous**

38. Immaterial Modifications. Without need for further order or authorization of the Bankruptcy Court, but subject to any limitations set forth in the Plan, the Debtors, with the consent of the Committee and GM are authorized and empowered to make any and all modifications to any and all documents included as part of the Plan Supplement, and any other document that is necessary to effectuate the Plan that does not materially modify the terms of such documents and are consistent with the Plan and this Confirmation Order.

39. Effect of Confirmation on Modifications. Entry of this Confirmation Order means that all modifications or amendments to the Plan since the solicitation thereof are approved pursuant to Bankruptcy Code section 1127(a) and do not require additional disclosure or resolicitation under Bankruptcy Rule 3019.

40. Documents and Instruments. Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized and directed to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Confirmation Order.

41. Conditions to Effective Date. The Plan shall not become effective unless and until the conditions set forth in Article IX of the Plan have been satisfied or waived pursuant to Article IX of the Plan.

42. Vacatur of Order. If this Confirmation Order is vacated or deemed vacated, then the Plan shall be deemed null and void in all respects, and nothing contained in the Plan shall (i) constitute a waiver or release of any Claims against or Interests in the Debtors or the Non-Debtor

CCM Entities, (ii) prejudice in any manner the rights of the holder of any Claim against, or Interest in, the Debtors or any Non-Debtor CCM Entity, (iii) prejudice in any manner any right, remedy or claim of the Debtors or any Non-Debtor CCM Entity, or (iv) be deemed an admission against interest by the Debtors or any other Person or Entity.

43. Insurance Policies. Any and all proceeds of the Debtors' Insurance Policies received by or payable to the Debtors pursuant to the terms of the Insurance Policies shall be deemed assigned to the Liquidating Trust. Coverage for defense and indemnity under any such Insurance Policy shall remain available to all individuals within the definition of "insured" in any such Insurance Policy, including any policy for liability of directors and officers of the Debtors maintained by the Debtors as of the Effective Date. Except to the extent determined by Final Order to be Executory Contracts, the Insurance Policies and any agreements, documents or instruments relating thereto shall not be treated as or deemed to be Executory Contracts. On the Effective Date, the Liquidating Trust retains all such Insurance Policies, and nothing in the Plan, including any releases, shall diminish or impair the enforceability of any Insurance Policies that cover claims against the Debtors or any other Entity. To the extent such Insurance Policies are determined by Final Order to be Executory Contracts subject to assumption pursuant to section 365 of the Bankruptcy Code, such Insurance Policies shall not be assumed unless such relief is sought by the Liquidating Trustee, within sixty (60) days after entry of a Final Order determining that such Insurance Policies constitute Executory Contracts, and is approved by the Court. Notwithstanding anything to the contrary herein, nothing in the Plan or the Liquidating Trust Agreement shall affect any party's rights under any Insurance Policy, and the substantive consolidation of the Debtors and the Non-Debtor CCM Entities shall not affect any Insurance Policies, the proceeds of such policies, or distributions under such policies. Nothing in the Plan nor this Confirmation Order

shall affect the rights or obligations of any party including, but not limited to, the Debtors, the Liquidating Trustee, the Debtors and/or the Non-Debtor CCM Entities' current or former directors and officers, under that certain Insurance Policy issued to CCM under number 106090363 by Travelers Casualty and Surety Company of American (the "D&O Policy"). Nothing in the Plan or this Confirmation Order releases, exculpates, precludes, or enjoins the enforcement of any liability or obligation of any Person or Entity under any Insurance Policy. Notwithstanding anything to the contrary in the Plan or this Confirmation Order, no Insured (as defined in the D&O Policy) shall be required to seek relief from the automatic stay imposed by Bankruptcy Code section 362 or the injunction provisions set forth in the Plan and this Confirmation Order to make or pay a claim under the D&O Policy subject to the terms and conditions thereof; provided, however, that any Insured shall provide the Liquidating Trustee with at least five (5) days' prior written notice of making or paying a claim under the D&O Policy.

44. Retention of Jurisdiction. The Bankruptcy Court shall retain and have exclusive jurisdiction over any matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to Bankruptcy Code sections 105(a) and 1142, including, but not limited to the matters set forth in Article XI of the Plan.

45. Forum for Actions. Without permission of the Bankruptcy Court, no judicial, administrative, arbitral, or other action or proceeding shall be commenced against the Liquidating Trustee in its respective capacity as such, with respect to its status, duties, powers, acts or omissions in such capacity in any other forum than the Bankruptcy Court.

46. Conflicts. To the extent that any provisions of the Disclosure Statement, the Plan Supplement or any other order (other than this Confirmation Order) entered in the Chapter 11 Cases (or any exhibits, schedules, appendices, supplements or amendments to any of the

foregoing), conflict with or are in any way inconsistent with any provision of the Plan, this Confirmation Order shall govern and control except as expressly set forth herein or in the Plan. Notwithstanding the foregoing or anything else contained in this Plan, nothing in the Plan or Confirmation Order shall modify, alter or affect the *Order Approving Sale of Substantially All Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests and Granting Related Relief* [Docket No. 236] (the "Sale Order") and in any conflict between the Plan or Confirmation Order on the one hand and the Sale Order on the other, the Sale Order shall govern and control.

47. Severability of Plan Provisions. Each term and provision of the Plan, as it may have been amended by this Confirmation Order, is: (i) valid and enforceable pursuant to its terms; (ii) integral to the Plan and may not be deleted or modified without the consent of the Debtors, the Committee, and GM; and (iii) non-severable and mutually dependent.

48. Waiver or Estoppel. Each holder of a Claim or an Interest shall be deemed to have waived any right to assert any argument, including the right to argue that its Claim or Interest should be Allowed in a certain amount, in a certain priority, secured or not subordinated by virtue of an agreement made with the Debtors or their counsel, or any other entity, if such agreement was not disclosed in the Plan, the Disclosure Statement, papers filed with this Bankruptcy Court, or stated on the record at the Confirmation Hearing, prior to the Confirmation Date.

49. Governing Law. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the laws of the Commonwealth of Massachusetts, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction and implementation of the Plan, any agreements, documents, instruments or contracts executed or entered into in connection with the

Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control).

50. Applicable Non-Bankruptcy Law. Pursuant to Bankruptcy Code sections 1123(a) and 1142(a), the provisions of this Confirmation Order, the Plan, the Plan Supplement, and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

51. Notice of Order. In accordance with Bankruptcy Rules 2002 and 3020(c), as soon as reasonably practicable after the Effective Date, the Liquidating Trustee shall serve notice of the entry of this Confirmation Order and the occurrence of the Effective Date, substantially in the form annexed hereto as Exhibit A, to all parties in interest. Such notice is hereby approved in all respects and shall be deemed good and sufficient notice of entry of this Confirmation Order.

52. Term of Injunctions or Stays. The injunctions contained in the Plan, including, but not limited to those provided in Article VIII of the Plan, are hereby authorized, approved and binding on all Persons and Entities described therein. Unless otherwise provided in the Plan or this Confirmation Order, all injunctions or stays pursuant to Bankruptcy Code sections 105 or 362 arising under or entered during the Chapter 11 Cases, or otherwise, and in existence on the date hereof, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay and to the extent consistent with the terms and provisions of the Plan or this Confirmation Order, as applicable.

53. Substantial Consummation. On the Effective Date and the transfer of the Liquidating Trust Assets to the Liquidating Trust, the Plan shall be deemed to be substantially consummated under Bankruptcy Code sections 1101 and 1127(b).

54. No Waiver. The failure to specifically include or refer to any particular provision of the Plan in this Confirmation Order will not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Bankruptcy Court that the Plan is confirmed in its entirety and incorporated herein by this reference.

55. Waiver of Stay. The requirement under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of fourteen (14) days after entry of the order is hereby waived. This Confirmation Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(h), 6006(d), or 7062 or other applicable rule.

Dated: March 31, 2017

__________________________________
Christopher J. Panos
United States Bankruptcy Judge

# Exhibit A

## Notice of Effective Date

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(CENTRAL DIVISION)**

| | |
|---|---|
| **In re:**<br><br>**CLARK-CUTLER-MCDERMOTT COMPANY., *et al.*[1]**<br><br>**Debtors.** | **Chapter 11**<br>**Case No. 16-41188-CJP**<br><br>**(Substantively Consolidated)** |

**NOTICE OF (A) ENTRY OF ORDER CONFIRMING DEBTORS' SECOND MODIFIED JOINT CHAPTER 11 PLAN OF LIQUIDATION (B) EFFECTIVE DATE THEREOF; AND (C) CERTAIN DEADLINES**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**1. Confirmation of the Plan**. On [ ______ ], the Honorable Christopher J. Panos, United States Bankruptcy Judge, entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Debtors' Second Modified Joint Chapter 11 Plan of Liquidation* dated March [__], 2017, [Docket No. __], (the "Confirmation Order") and the United States Bankruptcy Court for the District of Massachusetts (the "Court") thereby confirmed the *Debtors' Second Modified Joint Chapter 11 Plan of Liquidation* [Docket No. 588] (the "Plan").[2]

**2. Effective Date of the Plan**. All conditions precedent to occurrence of the Effective Date of the Plan have been satisfied or waived. The Effective Date of the Plan occurred on [______].

**3. Copies of the Plan and the Confirmation Order**. Copies of the Confirmation Order, the Plan, and related documents, are available for a fee at the Bankruptcy Court's website www.mab.uscourts/gov. The Confirmation Order, Plan, and related documents are also available for inspection during regular business hours in the officer of the Clerk of the Bankruptcy Court, Donohue Federal Building, 595 Main Street, Room 211, Worcester, MA 01608.

---

[1] The Debtors in these Chapter 11 cases are Clark-Cutler-McDermott Company and CCM Automotive Lafayette LLC. CCM's corporate headquarters are located at 5 Fisher Street, Franklin, Massachusetts 02038. The Debtors have been substantively consolidated pursuant to the confirmation of the *Debtors' Second Modified Joint Chapter 11 Plan of Liquidation*.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Confirmation Order or Plan, as applicable.

**4. Administrative Claims Bar Date**. Pursuant to paragraphs 26 and 27, of the Confirmation Order, the deadline for filing proofs of claim or requests for payment of Administrative Claims, including applications for Fee Claims under sections 328, 330, and 331 of the Bankruptcy Code, ("Administrative Claim Requests") is [**___] 2017, at 4:30 p.m. (Prevailing Eastern Time)** (the "Administrative Claims Bar Date"). Administrative Claim Requests should be filed via the Court's CM/ECF system on or before the Administrative Claims Bar Date. Alternatively, Administrative Claim Requests may be filed by United States mail or other hand-deliver system, so as to be **actually received** by the Clerk of the Bankruptcy Court on or before the Administrative Claims Bar Date at the following address:

**Clerk's Office**
**United States Bankruptcy Court**
**Donohue Federal Building**
**595 Main Street, Room 211**
**Worcester, MA 01608-2076**

Administrative Claim Requests may **not** be delivered by facsimile, telecopy, or electronic mail transmission. Any Administrative Claim Request must be served upon the Liquidating Trustee at the following:

**Liquidating Trustee, Craig R. Jalbert**
**Verdolino & Lowey P.C.**
**124 Washington Street, Suite 101**
**Foxboro, Massachusetts 02035.**

**If you are required to file an Administrative Claim Request pursuant to the Confirmation Order and fail to do so by the Administrative Claims Bar Date, you will be forever barred, estopped, and enjoined from asserting such Administrative Claim (and from filing an Administrative Claim Request for such Administrative Claim).**

**5. Contract/Lease Rejection Damages Bar Date**. Pursuant to Article VI of the Plan and paragraphs 18 – 21 of the Confirmation Order, except for Insurance Policies, any and all Executory Contracts and Unexpired Leases are deemed rejected as of the Effective Date, unless such Executory Contract or Unexpired Leases (i) previously expired or terminated pursuant to its own terms; or (ii) was rejected by the Debtors pursuant to the *Order Authorizing and Approving Debtors' Rejection of Certain Contracts and Leases* [Docket No. 275]. Any party holding a Claim arising from the rejection of Executory Contracts or Unexpired Leases pursuant to the Plan and Confirmation Order **must** file a proof of claim with the Clerk of the Bankruptcy Court at the above-address on or before [**___] 2017, at 4:30 p.m. (Prevailing Eastern Time)**, or such party shall otherwise be forever barred, estopped, and enjoined from asserting such Claim and such Claim shall be deemed discharged as of the Effective Date.

**6. Procedures for Changing an Address of Record**. The Liquidating Trustee's obligation to make distributions to holders of Allowed Claims is subject to Article V of the Plan, and other

applicable sections of the Plan and Liquidating Trust Agreement. Any notice of change of address shall be sent to the Liquidating Trustee at the above address.

**7. Binding Nature of the Plan**. The Plan and its provisions are binding on the Debtors, the Non-Debtor CCM Entities, the Substantively Consolidated Estate, and any holder of a Claim against or Interest in, the Debtors and Non-Debtor CCM Entities, and such holder's respective successors and assigns, whether or not the Claim or Interest of such holder is impaired by the Plan and whether or not such holder voted to accept the Plan.

Dated: April __, 2017
Boston, Massachusetts

CLARK-CUTLER-MCDERMOTT COMPANY, as representative of the Substantively Consolidated Estate

By its attorneys,

*/s/ DRAFT*

Charles A. Dale III (BBO No. 558839)
Sven T. Nylen (admitted *pro hac vice*)
David A. Mawhinney (BBO No. 681737)
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Tel: (617) 261-3100
Fax: (617) 261-3175
Email: chad.dale@klgates.com
sven.nylen@klgates.com
david.mawhinney@klgates.com